**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| INTELLECTUAL VENTURES II LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 2:17-cv-662-JRG |
| SPRINT SPECTRUM L.P., NEXTEL | § | LEAD |
| OPERATIONS, INC., ERICSSON INC., | § | |
| TELEFONAKTIEBOLAGET LM ERICSSON, | § | **JURY TRIAL DEMANDED** |
| and ALCATEL-LUCENT USA INC., | § | |
| | § | |
| T-MOBILE USA, INC., T-MOBILE US, INC., | § | Civil Action No. 2:17-cv-661-JRG |
| ERICSSON INC., and | § | |
| TELEFONAKTIEBOLAGET LM ERICSSON, | § | **JURY TRIAL DEMANDED** |
| | § | |
| *Defendants*. | § | |

**JOINT DISCOVERY ORDER**

After a review of the pleaded claims and defenses in this action, in furtherance of the

management of the Court's docket under Federal Rule of Civil Procedure 16, and after receiving

the input of the parties to this action, it is ORDERED AS FOLLOWS:

1.     **Initial Disclosures.**  In lieu of the disclosures required by Federal Rule of Civil Procedure

26(a)(1), each party shall disclose to every other party the following information:

(a)     the correct names of the parties to the lawsuit;

(b)     the name, address, and telephone number of any potential parties;

(c)     the legal theories and, in general, the factual bases of the disclosing party's claims

or defenses (the disclosing party need not marshal all evidence that may be offered

at trial);

(d)    the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

(e)    any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

(f)    any settlement agreements relevant to the subject matter of this action; and

(g)    any statement of any party to the litigation.

**2.**    **Disclosure of Expert Testimony.**  A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705, and:

(a)    if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26; and

(b)    for all other such witnesses, provide the disclosure required by Federal Rule of Civil Procedure 26(a)(2)(C).

**3.**    **Additional Disclosures.**  Without awaiting a discovery request,[1] each party will make the following disclosures to every other party:

---

[1] The Court anticipates that this disclosure requirement will obviate the need for requests for production.

(a)    provide the disclosures required by the Patent Rules for the Eastern District of Texas with the following modifications to P.R. 3-1 and P.R. 3-3:

        i.    If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim elements until 30 days after source code for each Accused Instrumentality is produced by the opposing party. Thereafter, the party claiming patent infringement shall identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.

        ii.    If a party claiming patent infringement exercises the provisions of Paragraph 3(a)(i) of this Discovery Order, the party opposing a claim of patent infringement may serve, not later than 30 days after receipt of a Paragraph 3(a)(i) disclosure, supplemental "Invalidity Contentions" that amend only those claim elements identified as software limitations by the party claiming patent infringement.

(b)    produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas; and

(c)    provide a complete computation of any category of damages claimed by any party to the action, and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials

bearing on the nature and extent of injuries suffered, except that the disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.

4.      **Protective Orders.**  The Court will enter the parties' Agreed Protective Order.

5.      **Discovery Limitations.**  The discovery in this case is limited to the disclosures described in Paragraphs 1-3 together with:

(a)     **Interrogatories**:   Plaintiff may serve a maximum of twenty (25) common interrogatories on Defendants, collectively, and ten (10) individual interrogatories on each Defendant Group.   Defendants collectively may serve a maximum of twenty-five (25) common interrogatories on Plaintiff.  Each Defendant Group may serve a maximum of ten (10) additional interrogatories on Plaintiff.

(b)     **Requests for Admission:**  50 requests for admissions per side (excluding requests for admission for the purpose of authenticating a document or establishing its admissibility, which are unlimited);

(c)     **Depositions of party fact witnesses**:  126 hours of depositions per side, across both of the -661 and -662 cases, of up to 7 hours for each witness (excluding expert depositions) and of up to 50 hours per each of the T-Mobile, Sprint, and ALU Defendant Groups, and up to 60 hours for the Ericsson Defendant Group.  These hours limitations apply regardless of whether a party fact witness is deposed in his or her individual capacity, or as a corporate designee under Rule 30(b)(6) of the Federal Rules of Civil Procedure.  Depositions of inventors of any of the patents asserted against any Defendant Group shall be limited to a maximum of fourteen (14) hours per inventor and shall not count toward Defendants' deposition hour

limits.  Further, where an inventor is designated as a 30(b)(6) witness, the inventor deposition does not limit 30(b)(6) deposition hours;

(d)      **Third-party discovery**:   Depositions on written questions of custodians of business records for third parties, and 120 hours of nonparty depositions (excluding depositions of experts and inventors) per side;

(e)      **Experts**:  Each side shall be limited to seven (7) hours of deposition testimony per expert for each expert report disclosed by that expert.  If an expert issues one report addressing both infringement and validity in the same report, that expert may be deposed for fourteen (14) hours;

(f)      **Locations of Depositions**:   The deposition of any individual, including any individual testifying as a Rule 30(b)(6) witness for a corporate entity, will presumptively take place where the witness resides, or at some other mutually agreeable location.  Any individual residing in a foreign country who is produced as a Rule 30(b)(6) witness for a party shall be made available for deposition where the witness resides;

(g)      **Foreign Language Depositions**:  For purposes of the hours limitations in Sections 5(c) and 5(d), above, any deponent who testifies in a language other than English will be considered as having given 0.65 hours of testimony for every one hour of examination.

(h)      **Definitions**.  "Side" means a party or a group of parties with a common interest.  "Defendant Group" means the defendant(s) and related defendant corporate entities in the case, specifically: the "Sprint Defendant Group" (consisting of Defendants Sprint Spectrum L.P., Nextel Operations, Inc.); the "T-Mobile Defendant Group"

(consisting of Defendants T-Mobile USA, Inc., T-Mobile US, Inc.); the "Ericsson Defendant Group" (consisting of Defendants Ericsson Inc. and Telefonaktiebolaget LM Ericsson); and the "ALU Defendant Group" (consisting of Defendant Alcatel-Lucent USA Inc.).  "Plaintiff" means the Plaintiff in the above captioned case, Intellectual Ventures II LLC.

(i)    **Modification**. Any party may later move to modify these limitations for good cause.

6.    **Privileged Information.**   There is no duty to disclose privileged documents or information.  However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference.  By the deadline set in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection.  Any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log.  If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7.  The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection.

7.    **Signature.**  The disclosures required by this Order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time

it is made.  If feasible, counsel shall meet to exchange disclosures required by this Order; otherwise, such disclosures shall be served as provided by Federal Rule of Civil Procedure 5.  The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

8.    **Duty to Supplement.**  After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures **immediately** if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

9.    **Discovery Disputes.**

(a)    Except in cases involving claims of privilege, any party entitled to receive disclosures ("Requesting Party") may, after the deadline for making disclosures, serve upon a party required to make disclosures ("Responding Party") a written statement, in letter form or otherwise, of any reason why the Requesting Party believes that the Responding Party's disclosures are insufficient.  The written statement shall list, by category, the items the Requesting Party contends should be produced.  The parties shall promptly meet and confer.  If the parties are unable to resolve their dispute, then the Responding Party shall, within 14 days after service of the written statement upon it, serve upon the Requesting Party a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed.  The Requesting Party may thereafter file a motion to compel.

(b)    An opposed discovery related motion, or any response thereto, shall not exceed 7 pages. Attachments to a discovery related motion, or a response thereto, shall not

exceed 5 pages. No further briefing is allowed absent a request or order from the Court.

(c)    Prior to filing any discovery related motion, the parties must fully comply with the substantive and procedural conference requirements of Local Rule CV-7(h) and (i). Within 72 hours of the Court setting any discovery motion for a hearing, each party's lead attorney (*see* Local Rule CV-11(a)) and local counsel shall meet and confer in person or by telephone, without the involvement or participation of other attorneys, in an effort to resolve the dispute without Court intervention.

(d)    Counsel shall promptly notify the Court of the results of that meeting by filing a joint report of no more than two pages. Unless excused by the Court, each party's lead attorney shall attend any discovery motion hearing set by the Court (though the lead attorney is not required to argue the motion).

(e)    Any change to a party's lead attorney designation must be accomplished by motion and order.

(f)    Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e).  If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

10.    **No Excuses.**  A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures.  Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

11.    **Filings.**  Only upon request from chambers shall counsel submit to the court courtesy copies of any filings.

12.    **Proposed Stipulations by the Parties Regarding Discovery.**

(a)    Production of "electronically stored information" pursuant to Paragraph 3(b) shall not include email or other forms of electronic correspondence (collectively "email"). To obtain email, the parties must propound specific email production requests pursuant to the e-Discovery Order in this case.

(b)    The parties hereby consent in writing to electronic service under FRCP 5(b)(2)(E).

(c)    The parties agree that privilege logs served pursuant to FRCP 26(b)(5)(A) shall not include communications and documents exchanged between a party and its litigation counsel.  A party is not required to log any privileged and/or work product protected document on a privilege log if such document was created on or after February 16, 2012; provided, however, that nothing in the foregoing shall limit the logging of any communications regarding the acquisition of any patent-in-suit or the grant of a license, release, or covenant not to sue for any patent-in-suit, either individually or as part of a portfolio of patents.  A party is not required to log any privileged and/or work product protected document on a privilege log if such document was logged on a privilege log in the following cases:  *Intellectual Ventures I LLC v. ATT Mobility, LLC, et al.*, 1:12-cv-193 (D. Del.); *Intellectual Ventures I LLC v. T-Mobile USA, Inc.* 1:13-cv-1632 (D. Del.); *Intellectual Ventures II LLC v. T-Mobile USA, Inc.*, 1:13-cv-1633 (D. Del.); *Intellectual Ventures I LLC v. T-Mobile USA Inc.*, 1:13-cv-1671 (D. Del.); *Intellectual Ventures II LLC v. T-Mobile USA Inc.*, 1:14-cv-1232 (D. Del.); *Intellectual Ventures I LLC v. Nextel*

*Operations Inc.*, 1:13-cv-1634 (D. Del.); *Intellectual Ventures II LLC v. Nextel Operations Inc.*, 1:13-cv-1635 (D. Del.); *Intellectual Ventures I LLC v. Nextel Operations Inc.*, 1:13-cv-1670 (D. Del.); *Intellectual Ventures II LLC v. Nextel Operations Inc.*, 1:14-cv-1231 (D. Del.) (collectively, the "Delaware IV Cases"), provided that Plaintiff produces privilege logs produced by Intellectual Ventures I LLC or Intellectual Ventures II LLC in those cases.  This agreement does not waive the right to challenge the sufficiency of any privilege log.

(d)    A party who receives production in response to a third-party discovery request must serve a copy of that production on all other parties within 10 days of receipt.

(e)    The parties agree that communications with experts and draft expert reports are not discoverable.  For avoidance of doubt, the Parties agree this provision applies only to litigation counsel and experts retained in litigation (including but not limited to this action and/or the Delaware IV Cases, as that term is defined above) and that this provision does not limit any protections from discovery that might otherwise exist.

(f)    The parties agree that Plaintiff will make available for re-use in this case the entire Intellectual Ventures I LLC and Intellectual Ventures II LLC productions from the Delaware IV Cases.  Any additional relevant documents identified by Plaintiff that are not contained within these past productions with be produced on a rolling basis.

(g)    The parties agree that Defendants will re-produce documents relevant to this case which were previously produced in the Delaware IV Cases.  Plaintiff may continue to access the document productions from these cases for the purpose of determining whether any previously-produced documents which are relevant to this case have

not yet been re-produced in this litigation. For any such documents, Plaintiff will bring them to Defendants' attention and request re-production in this case. Notwithstanding the preceding, the parties agree that Defendants will not reproduce source code print outs from other cases, and source code must be requested in accordance with the protective order in this case.

(h)    The parties agree that the entire T-Mobile USA, Inc., T-Mobile US, Inc., Ericsson Inc., and Telefonaktiebolaget LM Ericsson productions from *Intellectual Ventures I LLC v. T-Mobile USA Inc.*, 2:17-cv-577 (E.D. Tex.), including any and all future productions in that case, are deemed produced in these actions. Defendants will also produce on a rolling basis in this case any additional relevant documents that are not contained within these past or future productions. The additional documents produced in these actions may not be used in *Intellectual Ventures I LLC v. T-Mobile USA Inc.*, 2:17-cv-577 (E.D. Tex.) without written permission by Defendants.

13.    **Standing Orders.** The parties and counsel are charged with notice of and are required to fully comply with each of the Standing Orders of this Court. Such are posted on the Court's website at http://www.txed.uscourts.gov/page1.shtml?location=info:judge&judge=17. The substance of some such orders may be included expressly within this Discovery Order, while others (including the Court's Standing Order Regarding Protection of Proprietary and/or Confidential Information to Be Presented to the Court During Motion and Trial Practice) are incorporated herein by reference. All such standing orders shall be binding on the parties and counsel, regardless of whether they are expressly included herein or made a part hereof by reference.

**So Ordered this**

**Feb 16, 2018**

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE