# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 2:17-cv-662-JRG |
| | § | |
| SPRINT SPECTRUM L.P, | § | JURY TRIAL DEMANDED |
| NEXTEL OPERATIONS, INC., | § | |
| ERICSSON INC., | § | |
| TELEFONAKTIEBOLAGET LM ERICSSON, | § | |
| and ALCATEL-LUCENT USA INC., | § | |
| | § | |
| *Defendants.* | § | |
| | § | |
| INTELLECTUAL VENTURES I LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 2:17-cv-661-JRG |
| | § | |
| T-MOBILE USA, INC., T-MOBILE US, INC., | § | JURY TRIAL DEMANDED |
| ERICSSON INC., and | § | |
| TELEFONAKTIEBOLAGET LM ERICSSON, | § | |
| | § | |
| *Defendants.* | § | |

## JOINT PROTECTIVE ORDER

These actions are brought by Plaintiff Intellectual Ventures II LLC ("Plaintiff") against

Defendants T-Mobile USA, Inc., T-Mobile US, Inc., Ericsson Inc., Telefonaktiebolaget LM

Ericsson, Sprint Spectrum L.P., Nextel Operations, Inc., and Nokia of America Corporation

(successor-in-interest to Alcatel-Lucent USA, Inc.) (collectively, "Defendants"). The litigation of

this action may require the Parties or third parties to disclose information that contains

proprietary, confidential, commercially sensitive, or otherwise non-public information. If such

information is disclosed or disseminated in an unprotected manner, it may cause substantial harm

to Plaintiff, Defendants, and/or third parties, including loss of competitive advantage, loss of existing business, and loss of business opportunities.

Accordingly, the Parties, by and through their respective counsel, have stipulated and agreed that an order pursuant to Federal Rule of Civil Procedure 26(c) is necessary to protect the confidentiality of documents and other information obtained in the course of discovery in this Action. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery, and that the protection it affords extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

1.    **SCOPE OF ORDER**.  This Protective Order includes in its scope any documents, things, and information (including all documents, electronically stored information, and tangible things as defined in Rule 34(a) of the Federal Rules of Civil Procedure or any applicable local rule) that are produced, disclosed, or filed in the above-captioned Case Nos. 2:17-cv-661 and 2:17-cv-662 (together, the "Action"), by or on behalf of any Party or non-party, voluntarily or involuntarily, whether pursuant to formal or informal discovery requests, subpoena, deposition notice, or motion practice, and whether revealed in a document, deposition, a response to any type of written discovery, a submission to the Court, or otherwise ("Litigation Material"). Nothing in this Order shall obligate any Party or non-party to produce any Litigation Material to any other Party that it is not otherwise required to produce under the Federal Rules of Civil Procedure, the Eastern District of Texas Local Patent Rules, or any other applicable local rule. To the extent any Litigation Material belonging to non-parties is in the possession, custody, or control of a Party, and is permitted to be produced in this matter, it may be produced under the provisions of this Protective Order.

**2.     USE OF LITIGATION MATERIAL GENERALLY**.  All Litigation Material designated or reflecting HIGHLY CONFIDENTIAL OUTSIDE ATTORNEYS EYES ONLY INFORMATION or HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS EYES ONLY INFORMATION, as defined below, shall be used solely for the purposes of preparation, trial, and appeal of this Action, and for no other purpose, absent further order of the Court. For the avoidance of doubt, the restrictions on use of Litigation Material of this Paragraph apply equally to Litigation Materials that include excerpts, summaries, compilations, or other derivatives of HIGHLY CONFIDENTIAL OUTSIDE ATTORNEYS EYES ONLY INFORMATION or HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS EYES ONLY INFORMATION, as defined below. However, nothing herein shall prevent or in any way limit disclosure, use, or dissemination of any documents, things, or information that are in the public domain.

**3.     DEFINITIONS**.

a.     "Copy" or "Copies" shall mean any reproduction, depiction, or sample of any document, material, tangible thing, audio or video tape, computer disk or hard drive, or information, regardless of format, by photographic, scanning, imaging, recording, manual input, or other electronic, magnetic, optical, or manual reproduction means.

b.     "Outside Litigation Counsel" shall mean the outside counsel of record for each Party in this Action, including all regularly employed attorneys, staff, and clerical and support personnel affiliated with or employed by such outside counsel, as well as copy services, translators and other similar vendors providing clerical or administrative support to such outside counsel in connection with this matter.

c.     "Party" or "Parties" shall mean any or all parties to this Action.

      d.      "Patents-in-Suit" shall mean United States Patent Nos. 8,682,357, 8,897,828, 8,953,641, 9,320,018, 9,532,330, and 9,681,466, and any other patent(s) asserted in this Action, as well as any patent applications, provisional patent applications, continuations, or divisional applications related to the Patents-in-Suit.

      e.      "Producing Party" shall mean a Party or non-party, on behalf of which documents, things, or information are produced, furnished, or disclosed, during the course of this Action, pursuant to the Eastern District of Texas Local Patent Rules, in response to interrogatories, requests for admissions, depositions, or any other request for discovery pursuant to the Federal Rules of Civil Procedure, or in the form of pleadings, briefs, memoranda, testimony adduced at trial, materials introduced into evidence, or other form of information produced, furnished or disclosed by or on behalf of such a Party or non-party.

      f.      "Receiving Party" shall mean any Party to which documents, things, or information are produced, furnished, or disclosed, whether voluntarily or pursuant to the Eastern District of Texas Local Patent Rules or in response to formal or informal discovery requests, subpoena, deposition notice, or court order, by any Producing Party in this Action.

      g.      "Source Code" shall mean source code and object code, software tools, and scripts used to compile a product for any platform, and design documents containing algorithms for the foregoing, including all releases, and all relevant modules that are reasonably accessible for each release. For avoidance of doubt, this further includes source files, make files, intermediate output files, executable files, header files, resource files, library files, module definition files, map files, object files, linker files, browse info files, and debug files.

      h.      "HIGHLY CONFIDENTIAL OUTSIDE ATTORNEYS EYES ONLY INFORMATION" shall mean Litigation Material which reflects or contains any of the

following: (i) confidential, proprietary, or commercially sensitive information, including

confidential, proprietary or sensitive design, development, technical, or manufacturing

information; (ii) any information which is not generally known and which the Producing Party

would not normally reveal to third parties or would cause third parties to maintain in confidence;

(iii) confidential information of a non-party that the Producing Party is bound by a separate

confidentiality agreement or court order to maintain in confidence and that the Producing Party is

permitted to produce in the Action; (iv) highly sensitive business planning, marketing, financial,

pricing, or sales information, (v) information related to patent acquisition strategies, patent

licensing strategies, and patent investment strategies (e.g., how a Producing Party chooses

patents to acquire or license, how it values and determines offers for such patents or licenses, and

negotiation and evaluation strategies with respect thereto), or (vi) any confidential agreement

concerning an interest in a patent, including any agreement in which any Party receives a license,

option to license, covenant not to sue, restriction on suit, or any other right of any kind to or

under any patent.

i.      "HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE

ATTORNEYS EYES ONLY INFORMATION" shall mean Litigation Material of a Producing

Party, or of any non-party that a Producing Party is permitted to produce in the Action, that

constitutes or contains non-public Source Code.

j.      "DESIGNATED INFORMATION" shall mean information designated

HIGHLY CONFIDENTIAL OUTSIDE ATTORNEYS EYES ONLY INFORMATION or

HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS EYES ONLY

INFORMATION.

**4.**     **DESIGNATION OF LITIGATION MATERIAL OR OTHER**

**DOCUMENTS**.  Any Party or non-party may designate, at or prior to the time of production,

any non-public Litigation Material (and copies thereof) produced or disclosed by or on behalf of

such Party or non-party, or any portion of such material, as either:

a.     HIGHLY CONFIDENTIAL OUTSIDE ATTORNEYS EYES ONLY

INFORMATION, by placing on each page (or electronic file) or the first page of a multi-page

court filing, expert report, discovery response, or other document prepared for the purposes of

litigating this Action, and each thing (including electronic, optical, magneto-optical, magnetic,

etc. media) to which the designation applies a legend substantially as follows: "HIGHLY

CONFIDENTIAL OUTSIDE ATTORNEYS EYES ONLY INFORMATION SUBJECT TO

PROTECTIVE ORDER," "HIGHLY CONFIDENTIAL OUTSIDE ATTORNEYS EYES

ONLY INFORMATION," "OUTSIDE COUNSEL ONLY," or other similar designation plainly

indicating "OUTSIDE COUNSEL ONLY" Litigation Material; or

b.     HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE

ATTORNEYS EYES ONLY INFORMATION, by placing on each page (or electronic file) or

the first page of a multi-page court filing, expert report, discovery response, or other document

prepared for the purposes of litigating this Action, and each thing (including electronic, optical,

magneto-optical, magnetic, etc. media) to which the designation applies a legend substantially as

follows: "HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS EYES

ONLY INFORMATION SUBJECT TO PROTECTIVE ORDER," "HIGHLY CONFIDENTIAL

SOURCE CODE," "SOURCE CODE," or other similar designation plainly indicating

"SOURCE CODE" Litigation Material.

5. **INSPECTION**.  In the event the Producing Party elects to produce documents containing or reflecting DESIGNATED INFORMATION for inspection, no marking need be made by the Producing Party in advance of the inspection, and all inspected materials shall be deemed HIGHLY CONFIDENTIAL OUTSIDE ATTORNEYS EYES ONLY INFORMATION until designated otherwise at the time copies are delivered to Receiving Party.

6. **USE OF DESIGNATED INFORMATION**.  HIGHLY CONFIDENTIAL OUTSIDE ATTORNEYS EYES ONLY INFORMATION shall not be made available, nor the contents thereof disclosed, to persons other than QUALIFIED PERSONS, as defined in Paragraph 7 herein, except that DESIGNATED INFORMATION may be made available or the contents thereof disclosed in accordance with the provisions of Paragraphs 11 and 12. Material designated HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS EYES ONLY INFORMATION and any portion of any transcript or other paper that contains or reveals, in whole or in part, material so designated may only be disclosed, subject to the provisions of Paragraph 31, to SOURCE CODE QUALIFIED PERSONS, as defined in Paragraph 7(e), except in accordance with the provisions of Paragraphs 11 and 12. All DESIGNATED INFORMATION shall be carefully maintained by the Receiving Party in secure facilities and access to such DESIGNATED INFORMATION shall be permitted only to persons having access thereto under the terms of this Protective Order. No DESIGNATED INFORMATION shall be permanently retained or stored at the offices or facilities of the Receiving Party. In the event that any QUALIFIED PERSON or SOURCE CODE QUALIFIED PERSON ceases to engage in the litigation of this Action, access by such person to DESIGNATED INFORMATION shall be terminated. The provisions of this Protective Order, however, shall otherwise remain in full force and effect as to such QUALIFIED PERSON or SOURCE CODE

QUALIFIED PERSON.   Plaintiff shall not disclose any DESIGNATED INFORMATION of one Defendant to another Defendant or its counsel without first obtaining written permission to make such disclosure by the Defendant whose DESIGNATED INFORMATION Plaintiff is seeking to disclose. Defendant wishing to obtain DESIGNATED INFORMATION produced to Plaintiff by another Defendant must request such DESIGNATED INFORMATION directly from the Defendant that produced it, and not from Plaintiff.

7.      **QUALIFIED PERSONS**. QUALIFIED PERSONS as used herein shall include only the following:

a.      Outside Litigation Counsel as necessarily incident to the litigation of this Action;

b.      Personnel at trial graphics, jury consultants, or other litigation consultants; mock jurors; and document duplication, coding, imaging, or scanning service establishments retained by, but not regularly employed by, Outside Litigation Counsel as necessarily incident to the litigation of this Action;

c.      Qualified Consultants and Qualified Experts, as provided in Paragraph 9(a), and their regularly employed support personnel (such as administrative assistants, secretaries, clerical and administrative staff) as necessarily incident to the litigation of this Action;

d.      the Court, its personnel, jurors and alternate jurors, and court reporters, stenographers and videographers transcribing or recording testimony at depositions, hearings or trial in this Action; and

e.       a mediator appointed by the Court, including regularly employed support personnel of the mediator (such as administrative assistants, secretaries, clerical and administrative staff) as necessarily incident to the litigation of this Action.

**8.       SOURCE CODE QUALIFIED PERSONS**.  SOURCE CODE QUALIFIED PERSONS as used herein shall include only those QUALIFIED PERSONS listed in Paragraphs 7(a), 7(d), and 7(e), and Qualified Consultants and/or Qualified Experts under Paragraph 9(a) to review the Source Code of a Producing Party.

**9.       APPROVAL OF PROPOSED QUALIFIED CONSULTANTS AND QUALIFIED EXPERTS**.

a.       A consultant or expert retained by a Party shall become a Qualified Consultant or Qualified Expert, as the case may be, as to a particular Producing Party and may receive the DESIGNATED INFORMATION of that Producing Party only after the following conditions have been satisfied:  (i) the proposed Qualified Consultant or Qualified Expert has executed an Agreement to Abide By Protective Order in the form attached hereto as Exhibit A; (ii) the executed Agreement and the proposed Qualified Consultant's or Qualified Expert's curriculum vitae have been served on the Producing Party (including (1) their present employer and title, (2) a list of any known present or former relationships or engagements between them and any Party or known competitor of a Party, (3) a list of other cases in which they have testified (at trial or deposition) within the last five years, (4) a list of all companies with which they have consulted or by which they have been employed within the last five years, or, if the identity of the employer is confidential, a detailed description of the engagement and a statement that the employer was not a Party or known competitor of a Party, and (5) an indication of whether or not they are involved in preparing, prosecuting, supervising, or assisting in the

preparation, prosecution (including interferences, reexaminations, and other proceedings), or acquisition of any patent or patent application pertaining to the Patents-in-Suit, or the field of technology or subject matter of the Patents-in-Suit); and (iii) the Producing Party has not objected to the proposed Qualified Consultant or Qualified Expert pursuant to Paragraph 9(b), or, in the event the Producing Party objects, the Court has denied the Producing Party's objection and allows the proposed Qualified Consultant or Qualified Expert to receive DESIGNATED INFORMATION of the Producing Party. A proposed Qualified Consultant or Qualified Expert may only receive HIGHLY CONFIDENTIAL SOURCE CODE OUTSIDE ATTORNEYS EYES ONLY INFORMATION after being expressly identified to the Producing Party as seeking access to HIGHLY CONFIDENTIAL SOURCE CODE OUTSIDE ATTORNEYS EYES ONLY INFORMATION. If the Receiving Party wishes an already identified Qualified Consultant or Qualified Expert to receive HIGHLY CONFIDENTIAL SOURCE CODE OUTSIDE ATTORNEYS EYES ONLY INFORMATION, it must re-comply with the provisions of this Paragraph and identify the proposed Qualified Consultant or Qualified Expert as seeking access to HIGHLY CONFIDENTIAL SOURCE CODE OUTSIDE ATTORNEY'S EYES ONLY INFORMATION.

　　　　　b.　　　A Producing Party shall have seven (7) business days from the date of electronic mail service of the materials and information served pursuant to Paragraph 9(a), to object to a proposed person. Such objection must be for good cause, stating with particularity the reasons for the objection, and must be in writing served on all Parties. If a written notice of objection is served within the period provided in this Paragraph for objections, no DESIGNATED INFORMATION of the Producing Party shall be disclosed to the proposed person until the objection is resolved by agreement or by an order of the Court.

c.      If an objection is received pursuant to Paragraph 9(b), the Parties shall meet and confer within five (5) days following the objection and attempt in good faith to resolve the dispute on an informal basis. If the dispute is not resolved, the Party objecting to the disclosure will have ten (10) days from the date of the meet and confer to seek relief from the Court. If relief is not sought from the Court within that time, the objection shall be deemed withdrawn. If relief is sought, designated materials shall not be disclosed to the Person in question until the objection is resolved by the Court.

d.      The failure of a Producing Party to object to the receipt of its HIGHLY CONFIDENTIAL OUTSIDE ATTORNEYS EYES ONLY INFORMATION and/or HIGHLY CONFIDENTIAL SOURCE CODE OUTSIDE ATTORNEYS EYES ONLY INFORMATION by a person designated by a Receiving Party under Paragraph 9(b) shall in no way prejudice the Producing Party's right to later move to exclude such person's testimony or written report on grounds other than the propriety of such person's access to the Producing Party's HIGHLY CONFIDENTIAL OUTSIDE ATTORNEYS EYES ONLY INFORMATION and/or HIGHLY CONFIDENTIAL SOURCE CODE OUTSIDE ATTORNEYS EYES ONLY INFORMATION.

10.      **DISCOVERABILITY OF QUALIFIED EXPERT- OR QUALIFIED CONSULTANT-RELATED MATERIALS**.  The Parties agree that the following information shall not be discoverable: (i) drafts of expert declarations or reports; (ii) communications between a QUALIFIED CONSULTANT or QUALIFIED EXPERT and any attorney for the party retaining the QUALIFIED CONSULTANT or QUALIFIED EXPERT pertaining to the preparation of any report, declaration, or trial testimony of that QUALIFIED CONSULTANT or QUALIFIED EXPERT, or otherwise in connection with that person's engagement for this Action; (iii) all notes, memoranda, or other writings prepared by a QUALIFIED CONSULTANT

11

or QUALIFIED EXPERT in connection with that person's engagement for this Action, except to the extent that the QUALIFIED CONSULTANT or QUALIFIED EXPERT relies upon such notes, memoranda, or other writings to form his or her own opinion(s). The Parties further agree that the information excluded from discovery under this Paragraph is deemed attorney work product.

**11.     LIMITED DISCLOSURE TO PARTIES WITH PRIOR ACCESS**.  Nothing herein shall prevent the disclosure of any DESIGNATED INFORMATION to any of the following:

> a.     any current employee of the Producing Party;

> b.     any current employee of the Receiving Party if the DESIGNATED INFORMATION originated with, or was sent to, the current employee of the Receiving Party, as evidenced by the identification of the current employee as an author, recipient, or copyee on the face of the DESIGNATED INFORMATION; or

> c.     during deposition or trial testimony, any former employee of the Receiving Party or Producing Party if the DESIGNATED INFORMATION originated with, or was sent to, the former employee during the term of employment of the former employee, as evidenced by the identification of the former employee as an author, recipient, or copyee on the face of the DESIGNATED INFORMATION.

**12.     LIMITED DISCLOSURE TO WITNESSES TESTIFYING AT DEPOSITION**.  DESIGNATED INFORMATION may be made available, or the contents thereof disclosed, to witnesses testifying at deposition, or who provide an affidavit or certification, and their counsel, only if:

    a.  in the case of a document, it appears that the witness has previously seen, received, or has knowledge of the DESIGNATED INFORMATION contained therein, either because the document identifies the witness as an author, recipient or copyee, because the document comes from the files of the witness, or because other documents or testimony establish that the DESIGNATED INFORMATION was previously received from or communicated to the witness;

    b.  the Producing Party agrees in writing that the witness may have access to the DESIGNATED INFORMATION for purposes of his or her testimony at deposition; or

    c.  the witness is employed by the Producing Party.

  **13.**  **DESIGNATION OF DEPOSITION TESTIMONY**.  A Party or non-party may designate information disclosed during a deposition as DESIGNATED INFORMATION by so indicating on the record at the deposition. A Party or non-party may also designate in writing, within twenty one (21) calendar days of the receipt of the transcript (the "Designation Period"), that specific pages of the transcript be treated as DESIGNATED INFORMATION. Until the Designation Period has elapsed for a given transcript, that transcript shall be treated as HIGHLY CONFIDENTIAL OUTSIDE ATTORNEYS EYES ONLY INFORMATION.

  **14.**  **ATTENDANCE AT DEPOSITIONS**.  During depositions of any Party or non-party, a Party or non-party claiming that information that is to be disclosed or upon which questions may be based is DESIGNATED INFORMATION may exclude from the room for that portion of the deposition any person who is not a QUALIFIED PERSON or SOURCE CODE QUALIFIED PERSON, as appropriate under this Protective Order.

**15.    FILING DESIGNATED INFORMATION**.  Any DESIGNATED

INFORMATION filed with the Court shall be filed under seal in accordance with Local Rule

CV-5(a)(7).

**16.    USE OF DESIGNATED INFORMATION AT TRIAL**.  Nothing in this

Protective Order shall prevent a Party from using any DESIGNATED INFORMATION at a

hearing or at trial. The Parties may request that attendance at those portions of the hearing or

trial, or access to the transcripts of those hearing or the trial, in which DESIGNATED

INFORMATION is to be disclosed, be restricted to court personnel and QUALIFIED PERSONS

or SOURCE CODE QUALIFIED PERSONS, as appropriate under this Protective Order.

**17.    USE OF LITIGATION MATERIAL ACROSS RELATED CASES.**  Any

Litigation Material produced by a non-party, in response to a subpoena or otherwise, may be

used in either or both of the cases in this Action.

**18.    PROCEDURE FOR POST-PRODUCTION DESIGNATION**.  At any time, a

Producing Party may seek additional protection for previously produced Litigation Material by

re-producing and re-designating such Litigation Material as DESIGNATED INFORMATION.

If Litigation Material was properly shown to a person who would not be entitled to see it as

newly re-designated, that person shall be advised that the Litigation Material has been re-

designated as DESIGNATED INFORMATION, as the case may be, and instructed not to use the

Litigation Material for any purpose.

**19.    PROCEDURE FOR OBJECTION TO DESIGNATION**.

a.    At any time prior to the final pretrial conference in this Action, any Party

may object in good faith to the designation or re-designation of any Litigation Material as

DESIGNATED INFORMATION by providing counsel for the Producing Party with written

notice of the reasons for its objection. The Producing Party shall, within fourteen (14) calendar days after receiving such written notice, advise the objecting party, in writing, of the basis for its designation or re-designation. Within ten (10) calendar days thereafter, the parties shall confer in a good faith effort to resolve the matter. Failing such resolution, the Receiving Party shall then have ten (10) calendar days from that conference (the "Motion Period") to apply to the Court for relief or the objection is waived. The Receiving Party has the burden of establishing that the item was improperly designated.

b.    Notwithstanding any objection to the designation of Litigation Material as DESIGNATED INFORMATION, Litigation Material designated as DESIGNATED INFORMATION shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs: (i) the party who designated the Litigation Material DESIGNATED INFORMATION changes or removes such designation in writing; or (ii) the Court orders the Producing Party to change or remove such designation. If Litigation Material was properly shown to a person who would not be entitled to see it as re-classified, that person shall be advised that the Litigation Material has been reclassified and instructed not to use the Litigation Material for any purpose.

c.    In any motion challenging whether an item is properly DESIGNATED INFORMATION, the Receiving Party has the burden of establishing that the item is improperly designated as DESIGNATED INFORMATION.

d.    The failure of the Receiving Party to challenge the designation of any item as DESIGNATED INFORMATION under this Protective Order at the time of production or designation of the item shall not be deemed a waiver of the Receiving Party's right to challenge the propriety of such designation at any time prior to the final pretrial conference in this Action.

**20.     AVAILABILITY TO NON-PARTIES**.  It is expressly contemplated that the protections of this Protective Order apply to non-parties.

**21.     NOTICE TO NON-PARTIES**.  Any Party issuing a subpoena to a non-party shall enclose a copy of this Protective Order.

**22.     NO WAIVER**.

a.      Nothing in this Protective Order shall prejudice the right of any Party to object to the production of any document or part thereof upon any appropriate ground, including any applicable privilege, and nothing herein shall be construed as a waiver of such rights. Moreover, nothing in this Protective Order shall prejudice the right of any party to object to the admissibility at trial of any Litigation Material or other evidentiary material on any appropriate ground, and nothing herein shall be construed as a waiver of such right.

b.      Entering into, agreeing to and/or complying with the terms of this Protective Order shall not: (i) operate as an admission by any Party that any particular Litigation Material contains or reflects currently valuable trade secrets or protected proprietary or commercial information; or (ii) operate as an admission by any Party that any particular Litigation Material is, or is not, relevant to this Action.

**23.     PARTIES' OWN INFORMATION**.  Nothing in this Protective Order shall limit any Producing Party's use of its own documents, things, or information. Nor shall anything in this Protective Order prevent any Producing Party from disclosing its DESIGNATED INFORMATION to any person. Such disclosures shall not affect any designation of such documents as DESIGNATED INFORMATION pursuant to the terms of this Protective Order so long as the disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information.

**24.     DISCLOSURES BEYOND PROTECTIVE ORDER**.  Nothing in this

Protective Order shall prevent disclosure beyond the terms of this Protective Order: (i) if the

Producing Party(ies) consents to such disclosure; (ii) if the Court, after notice of all affected

persons, allows such disclosure; or (iii) if the party to whom HIGHLY CONFIDENTIAL

OUTSIDE ATTORNEYS EYES ONLY INFORMATION or HIGHLY CONFIDENTIAL

SOURCE CODE – OUTSIDE ATTORNEYS EYES ONLY INFORMATION has been

produced thereafter becomes obligated to disclose the information in response to a lawful

subpoena or other legal process, provided that the subpoenaed Party gives prompt written notice

to counsel for the Producing Party and provides counsel for that Party at least fourteen (14)

calendar days from receipt of the written notice to intervene and seek judicial protection from the

enforcement of the subpoena and/or entry of an appropriate protective order in the action in

which the subpoena was issued.

**25.     INADVERTENT OR UNINTENTIONAL PRODUCTION OF**

**PRIVILEGED LITIGATION MATERIAL**.  The inadvertent or unintentional production of

Litigation Material—including but not limited to notes, summaries, and analyses thereof—that a

Party or non-party later claims should not have been produced because of a privilege, including

but not limited to the attorney-client privilege, work product privilege, joint defense privilege,

and/or settlement privilege ("Inadvertently Produced Privileged Material") will not be deemed to

waive any privileges. A Party or non-party may request the return of any Inadvertently Produced

Privileged Material. A request for the return of any Inadvertently Produced Privileged Material

shall identify the Litigation Material inadvertently or unintentionally produced and the basis for

withholding such Litigation Material from production. If a Receiving Party discovers that

Litigation Material may have been inadvertently or unintentionally produced, it shall promptly

notify the Producing Party. If a Party or non-party requests the return, pursuant to this Paragraph, of any Inadvertently Produced Privileged Material then in the custody of another Party, such Party shall not use or disclose, and immediately cease any prior use of such materials. Such Party shall also immediately return to the Producing Party or non-party all copies of the Inadvertently Produced Privileged Material or destroy them and, within three (3) calendar days, confirm that the Inadvertently Produced Privileged Material has been destroyed. The Party or Parties returning or destroying such Inadvertently Produced Privileged Material shall not assert as a ground for entering an order compelling production of the Inadvertently Produced Privileged Material the fact or circumstances of the inadvertent or unintentional production. The return or destruction of any Inadvertently Produced Privileged Material shall not in any way preclude the Receiving Party from moving the Court for an order that: (i) the Litigation Material was never privileged or otherwise immune from disclosure; or (ii) that any applicable privilege or immunity has been waived by some act other than the production of the Litigation Material. Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the Inadvertently Produced Privileged Material and such other information as is reasonably necessary to identify the Inadvertently Produced Privileged Material and describe its nature to the Court in any motion.

26. **INADVERTENT OR UNINTENTIONAL DISCLOSURE OF HIGHLY CONFIDENTIAL OUTSIDE ATTORNEYS EYES ONLY INFORMATION OR HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS EYES ONLY INFORMATION**.

a. If any Litigation Material that a Party or non-party intends to designate as DESIGNATED INFORMATION is inadvertently or unintentionally disclosed without being

marked in accordance with this Protective Order, the failure to so mark the Litigation Material shall not be deemed a waiver of its confidentiality.

b.      If any DESIGNATED INFORMATION is disclosed, through inadvertence or otherwise, to a person or party other than a QUALIFIED PERSON or SOURCE CODE QUALIFIED PERSON, as the case may be, then: (a) the Party disclosing the information shall use its best efforts to retrieve the information and ensure that any copies thereof disclosed to such other person or party are promptly destroyed; (b) the Party disclosing the information shall use its best efforts to bind such person or party to the terms of this Protective Order; (c) such person or party shall be informed promptly of all the provisions of this Protective Order by the disclosing Party; (d) such person or party shall be identified immediately to the Party that designated the Litigation Material as DESIGNATED INFORMATION; and (e) the person to whom disclosure was made shall be requested to sign an Agreement to Abide By Protective Order in the form of Exhibit B hereto, which signed Agreement shall be served on the Party that designated the Litigation Material as DESIGNATED INFORMATION, and that person shall be advised that the Litigation Material is not to be used for any purpose. Nothing in this Paragraph shall affect the Producing Party's remedies under this Protective Order or otherwise for such unauthorized disclosure.

27.     **RETURN OR DESTRUCTION OF DESIGNATED INFORMATION UPON CONCLUSION OF THIS ACTION**.

a.      At the conclusion of this Action, each party subject to the terms of this Protective Order shall assemble and return to each Producing Party all originals and reproductions of any Litigation Material containing DESIGNATED INFORMATION within sixty (60) calendar days of the conclusion of this Action. In lieu of returning Litigation Materials

containing information designated as HIGHLY CONFIDENTIAL OUTSIDE ATTORNEYS EYES ONLY INFORMATION, a party may destroy all such Litigation Material within sixty (60) calendar days of the conclusion of this Action, provided the party electing to undertake such destruction certifies to the Producing Party in writing that it has made a reasonable and good faith effort to destroy such materials, and that all such material has been destroyed to the best of its knowledge.

b.      Notwithstanding Paragraph 27(a), Outside Litigation Counsel for each Party may retain a record including one copy of the following, irrespective of whether or not HIGHLY CONFIDENTIAL OUTSIDE ATTORNEYS EYES ONLY INFORMATION of another Party or non-party is included: (i) its correspondence file of this case; (ii) its pleadings file, including all briefs, memoranda, affidavits, supporting materials, and all papers served on the Party; (iii) any briefs and appendices on appeal; (iv) all legal research memoranda and work product; (v) its file of deposition transcripts and accompanying exhibits; and (vi) its file of hearing and trial transcripts and accompanying exhibits. In the instance of HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS EYES ONLY INFORMATION, the foregoing exception to Paragraph 28(a) shall not apply and no partial or complete Source Code, and no notes or summaries regarding Source Code, shall be retained under any circumstances absent written consent from the Producing Party.

**28.    SURVIVAL OF OBLIGATIONS**.

a.      All the provisions of this Protective Order shall survive the conclusion of this Action, and shall continue to be binding after the Conclusion of this Action unless subsequently modified by agreement among the Parties or further order of the Court.

b.      "Conclusion of this Action" shall mean all appeal periods have expired

and any settlement or judgment has become final.

c.      For the purposes of enforcing this Protective Order and resolving any

disputes thereunder, the Court retains jurisdiction indefinitely over the parties and any persons

provided access to DESIGNATED INFORMATION under the terms of this Protective Order.

**29.      RELIEF FROM PROTECTIVE ORDER**.  Entry of this Protective Order shall

be without prejudice to the application by any Party or non-party (i) for relief from any

restriction contained herein or (ii) for any order compelling or further restricting the production

or use of any Litigation Material produced, furnished, or disclosed in the course of discovery in

this Action. The Parties may amend or modify any provision of this Order by mutual agreement,

which agreement shall be embodied in a written stipulation to be approved by the Court.

**30.      OTHER PROCEEDINGS**.  By entering this order and limiting the disclosure of

information in this case, the Court does not intend to preclude another court from finding that

information may be relevant and subject to disclosure in another case. Any person or Party

subject to this order who becomes subject to a motion to disclose another Party's information

designated "HIGHLY CONFIDENTIAL OUTSIDE ATTORNEYS EYES ONLY

INFORMATION" or "HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE

ATTORNEYS EYES ONLY INFORMATION" pursuant to this order shall promptly notify that

Party of the motion so that the Party may have an opportunity to appear and be heard on whether

that information should be disclosed.

**31.      ADDITIONAL PROTECTIONS FOR HIGHLY CONFIDENTIAL**

**SOURCE CODE – OUTSIDE ATTORNEYS EYES ONLY INFORMATION**.  Information

designated "HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS EYES ONLY INFORMATION" shall be subject to the additional protections of this Paragraph.

a.      Nothing in this Protective Order shall obligate the Parties to produce any Source Code, nor act as an admission that any particular Source Code is discoverable.

b.      Access to Source Code will be given only to SOURCE CODE QUALIFIED PERSONS and shall be provided only on two "stand-alone" secure computer systems (i.e., the computer system may not be linked to any network, including a local area network ("LAN"), an intranet, or the Internet). With respect to Defendants Ericsson Inc. and Telefonaktiebolaget LM Ericsson, the stand-alone computer systems shall be the two computer systems previously made available during discovery in the litigation captioned *Intellectual Ventures I LLC v. T-Mobile USA, Inc., et al.*, per the parties' prior agreement in that case. With respect to any other party providing access to Source Code, the two stand-alone secure computer systems shall be located in a common room at the United States offices of the Producing Party's Outside Litigation Counsel, or other mutually-agreed upon location. No recordable media or recordable devices shall be permitted into the area containing the stand-alone secure computer systems, including without limitation, computers, cell phones, sound recorders, peripheral equipment, cameras, CDs, DVDs, or drives of any kind. No computers, recordable media, or recordable devices may be connected to such stand-alone secure computer systems or otherwise used to copy or record Source Code from such stand-alone secure computer systems. No means capable of connecting computers, recordable media, or recordable devices to the stand-alone secure computer systems shall be permitted into the area and no computers may be used to duplicate or re-write any portions of the Source Code.

c.      The stand-alone secure computer systems shall be password protected. The Producing Party shall produce Source Code in computer searchable format on the stand-alone secure computer systems. The Receiving Party may use licensed software tools, including but not limited to (i) Understand from Scientific Toolworks, Inc., (ii) UltraEdit from IDM Computer Solutions, Inc.; and (iii) UltraCompare from IDM Computer Solutions, Inc., all of which shall be installed by the Producing Party for the purpose of efficient Source Code review appropriate for this litigation by the Receiving Party. Licensed copies of agreed upon software tools shall be installed on the stand-alone secure computer systems by the Producing Party at the expense of the Receiving Party. To allow the Producing Party reasonable time to prepare the Source Code computer systems, the Receiving Party must provide the Producing Party the computer medium (CD or DVD) containing such software tool(s) at least fourteen (14) days in advance of the inspection. In the event that such software tool(s) require access to the Internet to complete the installation process, the Receiving Party shall provide the Producing Party at least an additional seven (7) days in advance of the inspection to complete the installation process. In the event that the Source Code review requires the use of proprietary software tools exclusively within the control and possession of the Producing Party, the Producing Party shall provide and install such proprietary software at no cost to the Receiving Party. The Producing Party shall also provide instruction on the use of such proprietary software sufficient to allow for review of the Source Code.

d.      The Receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone secure computer systems to normal business hours, which for purposes of this Paragraph shall be 8:30 a.m. through 5:30 p.m. local time, Monday through Friday (excluding holidays). The Producing Party shall notify the Receiving Party once any of

the Producing Party's Source Code is available for inspection. After the Producing Party has

notified the Receiving Party that Source Code of the Producing Party is available for inspection,

the Receiving Party shall provide at least five (5) business days' notice prior to any inspection of

that Source Code.[1] For purposes of Paragraph 3(a)(i) of the case Amended Discovery Order, the

deadline of "30 days after source code for each Accused Instrumentality is produced" will be

measured as of five (5) business days after the date that the Producing Party makes the Source

Code available for inspection by the Receiving Party. In the event that a new Source Code

release is implemented after the Source Code is produced, the deadline of "30 days after source

code for each Accused Instrumentality is produced" for purposes of Paragraph 3(a)(i) of the case

Discovery Order will be measured as of five (5) business days after the date that the Producing

Party makes the new Source Code release available for inspection by the Receiving Party. Upon

reasonable notice from the Receiving Party, the Producing Party shall make reasonable efforts to

accommodate the Receiving Party's request for access to the stand-alone secure computer

systems outside of normal business hours. The Parties agree to cooperate in good faith such that

maintaining the Source Code at the Producing Party's facilities or the offices of its Outside

Litigation Counsel shall not unreasonably hinder the Receiving Party's ability to efficiently and

effectively conduct the prosecution or defense of this Action.

      e.     All SOURCE CODE QUALIFIED PERSONS who will review Source

Code on behalf of a Receiving Party shall be named in writing to the Producing Party at least

five (5) business days in advance of the first time that such person reviews such Source Code,

---

[1] To the extent the Producing Party agrees to provide additional Source Code beyond what has already been made available, the notice requirement for source code inspections (i.e., five (5) business days) shall also apply to any inspection of that additional Source Code once that Producing Party has provided notice that the additional Source Code is available for inspection.

and at least two (2) business days in advance of any subsequent review of such Source Code by

that person. Such a writing shall be in addition to any disclosure required under Paragraph 9(b)

of this Order. The Producing Party shall provide individuals with information explaining how to

start, log on to, and operate the stand-alone secure computer systems in order to access the

produced Source Code on the stand-alone secure computer systems. Proper identification of all

SOURCE CODE QUALIFIED PERSONS shall be provided prior to any access to the Source

Code viewing room or the computer containing the Source Code. Proper identification requires

showing, at a minimum, a photo identification card sanctioned by the government of any State of

the United States, by the government of the United States, or by the nation state of the authorized

person's current citizenship. Access to the Source Code viewing room or the computer

containing the Source Code may be denied, at the discretion of the Producing Party, to any

individual who fails to provide proper identification. The Producing Party may require the

SOURCE CODE QUALIFIED PERSONS to remove personal items from their person(s) while

viewing the Source Code (including, but not limited to, cellular telephones, personal computing

devices, key chains, wallets, and purses). The Producing Party may maintain a log of each person

who reviews Source Code and require such person to sign in and sign out when reviewing

Source Code.

   f. No person other than the Producing Party may alter, dismantle,

disassemble or modify the stand-alone secure computer systems in any way, or attempt to

circumvent any security feature of the computer systems. The Receiving Party shall not copy,

remove, or otherwise transfer or transmit any portion of the Source Code from the computer

containing the Source Code including, without limitation, copying, removing, or transferring any

portion of the Source Code onto any other computers or peripheral equipment.

g.      No electronic copies shall be made of Source Code, other than volatile copies necessarily made in the normal course of accessing the Source Code on the stand-alone secure computer systems. A SOURCE CODE QUALIFIED PERSON also may take notes of his/her thoughts and impressions during any inspection of the Source Code. Only SOURCE CODE QUALIFIED PERSONS may view such notes, and shall do so in a manner consistent with the restrictions on material designated HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS EYES ONLY INFORMATION. Unless otherwise agreed in advance by the parties in writing, following each inspection, the Receiving Party's SOURCE CODE QUALIFIED PERSONS shall remove all notes, documents, and all other materials from the room that may contain work product and/or attorney-client privileged information. The Producing Party shall not be responsible for any items left in the room following each inspection session.

h.      The Producing Party shall either (1) attach a laser printer or equivalent with an adequate paper supply to the stand-alone computer systems, or (2) configure the stand-alone computer systems to allow print-to-PDF capability. The Receiving Party shall be permitted to print (whether using an attached printer or electronically using print-to-PDF capability) reasonable portions of Source Code that it believes in good faith are necessary to understand a relevant feature of an accused product and/or necessary to proving the elements of their case. Such reasonable portions of Source Code shall not exceed fifty (50) contiguous printed pages and no more than 2,000 total pages (or 1,500 total pages to the extent the Producing Party is Nokia of America Corporation) without prior consent from the Producing Party, and the Producing Party shall not unreasonably withhold or delay such consent. The Receiving Party will not, however, remove such print-outs from the premises. Rather, the Producing Party will

produce the printed pages to the Requesting Party, with appropriate numbering/Bates labels affixed thereto, within three (3) business days of the day on which such print-outs are printed.

      i.     Physical copies (i.e. print-outs) of Source Code shall be clearly labeled HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS EYES ONLY INFORMATION on each page and shall be maintained by the Receiving Party's Outside Litigation Counsel in a secured locked area, and SOURCE CODE QUALIFIED PERSONS viewing such physical copies of Source Code shall do so in a manner consistent with the restrictions on material designated HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS EYES ONLY INFORMATION. No further copies of such Source Code shall be made and the Source Code shall not be transferred into any electronic format or onto any electronic media (except to the extent reasonably necessary to draft SOURCE CODE DOCUMENTS as limited by paragraph k below). Any review of such physical copies of Source Code under this Protective Order shall take place in the offices of the Receiving Party's Outside Litigation Counsel only.

      j.     In no case shall any information designated HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS EYES ONLY INFORMATION by a Defendant be provided to any other Defendant, to any other Defendant's counsel, or to any other Defendant's experts (whether consulting or testifying) absent advance written agreement from the Defendant designating the information.

      k.     The Receiving Party may create an image of limited excerpts of Source Code only to the extent necessary in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents ("SOURCE CODE DOCUMENTS"). To the extent portions of Source Code are quoted in a SOURCE CODE

DOCUMENT, every page of that document will be stamped and treated as "HIGHLY

CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS EYES ONLY

INFORMATION."

l.      A Receiving Party may maintain one Master Copy of any Source Code

until the conclusion of this Action, as specified by Paragraph 27. All copies of any portion of the

Source Code in whatever form, except for the Master Copy, shall be securely destroyed if they

are no longer in use. Copies of Source Code, or any report or other document that contains

quotes of Source Code, that are marked as deposition exhibits shall not be provided to the Court

Reporter or attached to deposition transcripts; rather, the deposition record will identify the

exhibit by its production numbers. Court reporters and/or videographers shall not retain or be

given copies of any portions of the Source Code.

m.      Access to and review of Source Code shall be strictly for the purpose of

investigating the claims and defenses at issue in this Action.

n.      The Producing Party may visually monitor the activities of the Receiving

Party's representatives during any Source Code review, but only to ensure that no unauthorized

electronic records of the Source Code are being created or transmitted in any way. Any observer

used by the Producing Party shall be a reasonable distance away from the Receiving Party's

representatives during the Source Code review so as to refrain from overhearing a whispered

conversation (in order so that the Receiving Party's representatives can quietly discuss the

Source Code amongst each other in the course of their review). The Producing Party may not

employ any means to record the activities of the Receiving Party during any Source Code

review; this includes, but is not limited to cameras, microphones, or keystroke logging

mechanisms. The Producing Party, however, may utilize the MyUSBOnly tool, or any other tool

agreed on by the Parties, to monitor, detect, and/or limit unauthorized use of the Source Code computing system, such as detecting attempts to enable network devices or insert media devices (e.g., memory sticks) into the computing system.

32.    **PROSECUTION BAR**.  Any attorney for a Plaintiff who obtains, receives, or otherwise learns information designated HIGHLY CONFIDENTIAL OUTSIDE ATTORNEYS EYES ONLY INFORMATION and/or HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS EYES ONLY INFORMATION (collectively "Highly Sensitive Material") shall not be involved directly or indirectly in the preparation, prosecution (which includes *inter partes* reviews, reexaminations, post-grant reviews, and interference proceedings), supervising, assisting, or advising any person in the preparation or prosecution of any patent or patent application pertaining to the subject matter of any of the Patents-in-Suit, before any foreign or domestic agency, including the United States Patent and Trademark Office.

The prosecution bar restrictions above are personal to the person obtaining, receiving, or learning Highly Sensitive Material and shall not be imputed to any other person or entity. The prohibitions with respect to a particular subject matter area shall begin when access to such Highly Sensitive Material relating to that subject matter is first received by the affected individual, and shall end two (2) years after the conclusion of this Action, including all appeals. The prosecution bar restrictions above shall not prevent counsel from providing public information to a client.

33.    **EXPORT OF DESIGNATED MATERIAL**.  DESIGNATED INFORMATION of a party shall not be exported, transmitted, or made available for viewing or inspection outside of the United States, except under the control and protection of a QUALIFIED PERSON, provided that it is for the purpose of assisting in the litigation of these actions only and provided

that such QUALIFIED PERSON has executed any necessary undertakings to comply with this

Protective Order. However, in the event that a Producing Party makes available a witness for

deposition outside of the United States, the Receiving Party is permitted to use commercial

shipping services to transmit to the deposition location exhibits containing HIGHLY

CONFIDENTIAL OUTSIDE ATTORNEYS EYES ONLY INFORMATION.  For any or

HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS EYES ONLY

INFORMATION intended to be used at a deposition outside of the Receiving Party's offices, the

Receiving Party shall notify the Producing Party of the source code provisions that may be used

at least two (2) days in advance of the deposition, and the Producing Party will provide the

identified source code provisions in hard copy form at the deposition.

**So ORDERED and SIGNED this 23rd day of February, 2018.**

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

# Qualified Consultant or Qualified Expert

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 2:17-cv-662-JRG |
| | § | |
| SPRINT SPECTRUM L.P, | § | JURY TRIAL DEMANDED |
| NEXTEL OPERATIONS, INC., | § | |
| ERICSSON INC., | § | |
| TELEFONAKTIEBOLAGET LM ERICSSON, | § | |
| and ALCATEL-LUCENT USA INC. | § | |
| | § | |
| *Defendants.* | § | |
| _____ | § | |
| INTELLECTUAL VENTURES I LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 2:17-cv-661-JRG |
| | § | |
| T-MOBILE USA, INC., T-MOBILE US, INC., | § | JURY TRIAL DEMANDED |
| ERICSSON INC., and | § | |
| TELEFONAKTIEBOLAGET LM ERICSSON | § | |
| | § | |
| *Defendants.* | § | |

## <u>AGREEMENT TO ABIDE BY PROTECTIVE ORDER</u>

I, being duly sworn, state that:

1.   My address is _____.

2.   My present employer is _____, and

the address of my present employment is _____.

3.   My present occupation or job description is _____

_____.

4.      I have attached hereto my current curriculum vitae and, to the best of my knowledge, a complete list of any present or former relationships or engagements between myself and any party to the above-captioned actions (the "Action") or any known competitor thereof.

5.      I hereby acknowledge that I have read the "Stipulated Protective Order" ("PROTECTIVE ORDER") in this Action, that I am familiar with the terms thereof, and that I agree to be bound by the terms thereof.

6.      I hereby acknowledge that, pursuant to the PROTECTIVE ORDER, I may receive information designated as HIGHLY CONFIDENTIAL OUTSIDE ATTORNEYS EYES ONLY INFORMATION or HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS EYES ONLY INFORMATION (collectively, "DESIGNATED INFORMATION") in this Action, and certify my understanding that such information is provided to me pursuant to the terms and restrictions of the PROTECTIVE ORDER. I agree not to reveal any DESIGNATED INFORMATION or any notes containing DESIGNATED INFORMATION to anyone not authorized to receive such information pursuant to the terms of the PROTECTIVE ORDER, and I agree not to use, directly or indirectly, or allow the use of any DESIGNATED INFORMATION for any purpose other than directly associated with my duties in this litigation.

7.      I understand that I am to retain all copies of the materials that I receive which have been designated as containing or reflecting DESIGNATED INFORMATION in a container, cabinet, drawer, room or other safe place in a manner consistent with the PROTECTIVE ORDER. I understand that all copies of any such materials are to remain in my custody until the conclusion of this Action or the completion of my assigned duties, whereupon

A-3

the copies are to be destroyed or returned to the Producing Party. Such return or destruction shall not relieve me from the obligations imposed upon me by the PROTECTIVE ORDER. I understand that material designated as or reflecting HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS EYES ONLY INFORMATION is subject to the additional restrictions listed in the PROTECTIVE ORDER and that I am familiar with and agree to abide by those restrictions. I further agree to notify any support personnel (such as paralegals, administrative assistants, secretaries, clerical and administrative staff) who are necessary to assist me of the terms of the PROTECTIVE ORDER and of their obligation not to reveal any HIGHLY CONFIDENTIAL OUTSIDE ATTORNEYS EYES ONLY INFORMATION to anyone not authorized to receive such information pursuant to the terms of the PROTECTIVE ORDER. I also agree to notify any support personnel (such as paralegals, administrative assistants, secretaries, clerical and administrative staff) that they may not access HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS EYES ONLY INFORMATION pursuant to the terms of the PROTECTIVE ORDER.

8.      I understand that I shall be subject to the jurisdiction of the U.S. District Court for the Eastern District of Texas in any proceeding relating to my performance under, compliance with, or violation of the PROTECTIVE ORDER. I further recognize that, if I violate the PROTECTIVE ORDER in any manner, I may be subject to such sanctions as the Court on motion and after a hearing deems just.


Signature:                                                  Date:


A-4

# EXHIBIT B

## Unauthorized Disclosure

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 2:17-cv-662-JRG |
| | § | |
| SPRINT SPECTRUM L.P, | § | JURY TRIAL DEMANDED |
| NEXTEL OPERATIONS, INC., | § | |
| ERICSSON INC., | § | |
| TELEFONAKTIEBOLAGET LM ERICSSON, | § | |
| and ALCATEL-LUCENT USA INC. | § | |
| | § | |
| *Defendants.* | § | |
| _____ | § | |
| INTELLECTUAL VENTURES I LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 2:17-cv-661-JRG |
| | § | |
| T-MOBILE USA, INC., T-MOBILE US, INC., | § | JURY TRIAL DEMANDED |
| ERICSSON INC., and | § | |
| TELEFONAKTIEBOLAGET LM ERICSSON | § | |
| | § | |
| *Defendants.* | § | |

**AGREEMENT TO ABIDE BY PROTECTIVE ORDER**

I, being duly sworn, state that:

1. My address is _____

_____.

2. My present employer is _____, and

the address of my present employment is _____

_____.

3. My present occupation or job description is _____

_____.

4.      I represent non-party _____.

5.      I hereby acknowledge that I have read the "Stipulated Protective Order" ("PROTECTIVE ORDER") in the above-captioned action (the "Action"), that I am familiar with the terms thereof, and that I agree to be bound by the terms thereof.

6.      I hereby acknowledge that, pursuant to the PROTECTIVE ORDER, I received information designated as HIGHLY CONFIDENTIAL OUTSIDE ATTORNEYS EYES ONLY INFORMATION or HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS EYES ONLY INFORMATION (collectively, "DESIGNATED INFORMATION") in this Action, and certify my understanding that such information is subject to the terms and restrictions of the PROTECTIVE ORDER. I agree not to reveal any DESIGNATED INFORMATION or any notes containing DESIGNATED INFORMATION to anyone not authorized to receive such information pursuant to the terms of the PROTECTIVE ORDER, and I agree not to use, directly or indirectly, or allow the use of any DESIGNATED INFORMATION for any purpose.

7.      I understand that all copies of any such materials are to be destroyed or returned to the Producing Party. Such return or destruction shall not relieve me from the obligations imposed upon me by the PROTECTIVE ORDER.

8.      I understand that I shall be subject to the jurisdiction of the U.S. District Court for the Eastern District of Texas in any proceeding relating to my performance under, compliance with, or violation of the PROTECTIVE ORDER.


Signature:                                                        Date: