# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| INTELLECTUAL VENTURES II LLC, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. 2:17-cv-662-JRG |
| SPRINT SPECTRUM L.P, | § § | LEAD CASE |
| NEXTEL OPERATIONS, INC., | § | |
| ERICSSON INC., | § | JURY TRIAL DEMANDED |
| TELEFONAKTIEBOLAGET LM ERICSSON, | § | |
| and ALCATEL-LUCENT USA INC. | § § § | |
| *Defendants*. | § § | |
| INTELLECTUAL VENTURES II LLC, | § § | |
| *Plaintiff*, | § § § | |
| v. | § § | Civil Action No. 2:17-cv-661-JRG |
| T-MOBILE USA, INC., T-MOBILE US, INC., | § | JURY TRIAL DEMANDED |
| ERICSSON INC., and | § | |
| TELEFONAKTIEBOLAGET LM ERICSSON | § § § | |
| *Defendants*. | § | |

**THE T-MOBILE AND SPRINT DEFENDANTS' SUR-REPLY TO PLAINTIFF INTELLECTUAL VENTURES' SUPPLEMENTAL BRIEF IN OPPOSITION TO THE T-MOBILE AND SPRINT DEFENDANTS' MOTION TO DISMISS**

**TABLE OF CONTENTS**

I. Introduction .................................................................................................................. 1

II. The '330 and '357 Patents Remain Patent Ineligible After *Berkheimer* and *Aatrix* ................ 1

III. The '018 and '466 Patents Remain Patent Ineligible After *Berkheimer* and *Aatrix* ................ 2

IV. The '828 Patent Remains Patent Ineligible After *Berkheimer* and *Aatrix* .............................. 4

V. Conclusion .................................................................................................................... 5

I.   Introduction

After claiming that *Berkheimer* and *Aatrix* "crested" the "tsunami of § 101 decisions," IV now retreats from those cases. IV does not even cite *Berkheimer* or *Aatrix* in its substantive analysis and, in fact, attempts to distinguish *Berkheimer*.[1] IV's retreat from those cases confirms that the challenged patents remain ineligible under § 101.

II.   The '330 and '357 Patents Remain Patent Ineligible After *Berkheimer* and *Aatrix*

Representative Claim 26 fails *Alice* Step 1. Claim 26 is directed to the abstract idea of "monitoring for an indicator that includes instructions for receiving information." Dkt. 134 at 3. IV wrongly argues that Defendants' improperly have discounted "an indication of a shared channel." But Defendants' formulation of the abstract idea captures that concept, because it monitors for "an indicator that includes instructions for receiving information." Regardless, the limitations IV faults Defendants for overgeneralizing—e.g., "downlink transmissions"—merely limit the claim to a technological environment. Dkt. 65 at 1 (addressing IV's rehashed argument); *Berkheimer*, 881 F.3d at 1367 ("Limiting the invention to a technological environment does 'not make an abstract concept any less abstract under step one.'").

Claim 26 also fails *Alice* Step 2. IV does not deny that the specification's description of the admittedly "conventional" paging procedure encompasses nearly every element of Claim 26. Instead, IV doubles down on its flawed argument that the PTO's allowance of the claim creates a fact dispute. This incorrectly conflates novelty with patent eligibility and wrongly suggests that eligibility cannot be decided at the Rule 12 stage. *Intellectual Ventures I LLC v. Erie Indemnity*

---

[1] IV's brief attempt to distinguish *Berkheimer* in its introduction fails. The principle that there is no fact dispute if the improvement described in the specification is not captured in the claims applies at the Rule 12 stage, as the case *Berkheimer* cited for that principle was decided at the Rule 12 stage. *See Berkheimer v. HP Inc.*, 881 F.3d 1360, 1369 (Fed. Cir. 2018) (citing *Content Extraction & Transmission LLC v. Wells Fargo Bank, N.A.*, 776 F.3d 1343, 1345 (Fed. Cir. 2014)).

*Co.*, 711 Fed. App'x 1012, 1019 (Fed. Cir. 2012) (rejecting a similar argument from IV).[2]

IV rehashes its prior arguments that the claim purportedly improves upon the prior art by *allowing for* "periodic monitoring" and "flexibility in transmitting the second paging message." IV's arguments about whether the claim is *broad enough to cover* such improvements miss the point. The relevant question in a § 101 analysis is whether the claim *captures* those improvements. Here, the answer is no. Dkt. 134 at 5-7. Moreover, even if the claim were limited to "periodic monitoring," IV does not dispute that the specification admits that the conventional paging procedure used periodic monitoring. *Id.* at 6; Dkt. 137 at 1-2. And, as Defendants have explained, IV's argument that "an indication of a shared channel" provides "flexibility to adapt to channel conditions" relies on an alleged improvement not even described in the specification. Dkt. 134 at 6-7 (explaining that courts reject reliance on improvements not described in the specification). IV did not cite any support for this purported improvement in its reply brief. Dkt. 137 at 2.

**III.  The '018 and '466 Patents Remain Patent Ineligible After *Berkheimer* and *Aatrix***

Representative Claim 6 is directed to the abstract idea of "ordering allocation of resources based on numeric ranking of parameters." IV ignores the vast majority of Defendants' Step 1 positions and focuses only on Defendants' point that the claim recites a mental process. IV's arguments do not save the claims at Step 1. *First*, IV's argument that Defendants have set up a "strawman because no mathematical formula is ever claimed" incorrectly assumes that only claims reciting math formulas can be performed mentally. *See, e.g., Voter Verified, Inc. v. Election Sys. & Software*, No. 2017-1930, 2018 WL 1882917, at *7 (Fed. Cir. Apr. 20, 2018) (finding a mental

---

[2] IV misleadingly argues that Defendants have admitted that "an indication of a shared channel" was unconventional. Tellingly, IV's quote of Defendants' brief omits the second half of the excerpted sentence, which cites this District's holding that appending a generic piece of information—like the claimed "indication of a shared channel"—does not supply an inventive concept. Dkt. 134 at 5. IV did not distinguish the cited case law.

process where no math formula was recited). *Second*, IV's argument that Defendants have ignored the steps of receiving a first parameter and an allocation message overlooks that Defendants' Motion explained how those steps are performed mentally. Dkt. 26 at 15. Claim 6's recitation of a generic "UE" and "network device" do not prevent the Court from finding that the claim recites a mental process.[3] *Id.* at 15-16. *Third*, IV's argument that receiving a parameter and an allocation message and transmitting buffer occupancies "transform[s] an inefficient network" and "free[s] up more bandwidth" is attorney argument. Those purported benefits are not described in the specification, as evidenced by IV's failure to cite any specification support.

At Step 2, IV's main argument is again that the PTO's allowance of the claim defeats Defendants' Motion. Dkt. 137 at 3. Again, this is legally incorrect, because it conflates novelty with patent eligibility.[4] *Supra*, at 1. IV's other Step 2 arguments are insufficient under *Aatrix* and *Berkheimer*. *First*, IV's claimed "significant advance"—allocating resources at a UE instead of a network device—is directly refuted in the specification. *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1125 (stating that plausible factual allegations may preclude dismiss if "nothing on th[e] record . . . refutes those allegations"). Indeed, the specification admits that the described functionality may be performed anywhere "without detracting from the inventive concept." Dkt. 134 at 9-10 (citing '466 Patent at 13:3-6). IV did not dispute that admission in its reply brief. *Second*, IV's remaining arguments relate to two unclaimed embodiments that cannot create a Step 2 factual dispute under *Berkheimer*. *Berkheimer*, 881 F.3d at 1369. As with its prior briefing, IV relies upon an embodiment ('018 Patent at 9:11-20 and 9:46-49) that provides

---

[3] IV's arguments regarding transmitting buffer occupancy, which is not in representative Claim 6, do not remove that claim from abstractness. Such a step is merely insignificant post-solution activity, and this district has held analogous claims ineligible. Dkt. 65 at 7-8.

[4] IV's citation to the 2016 *Bascom* and *McRo* cases is well outside of the scope of the Court's request for supplemental briefing on "recent" Federal Circuit case law.

3

"prioritization of services across multiple users" and an embodiment that relates to "limit[ing] a number of queues served at a single instant of time" (*id.* at 10:37-40; *see also id.* at 11:12-27, 12:05-14 (describing the embodiment of Figure 6)). Defendants already explained why those embodiments are not captured in Claim 6, an explanation that IV has not meaningfully disputed. Dkt. 134 at 10-11; Dkt. 137 at 3-4. *Third*, IV's conclusory reliance on unexplained "statements of benefit" should be rejected. IV admits that those "statements of benefit" are attributable to the Figure 6 embodiment, which Defendants have explained above is not related to Claim 6. And, the cited description at 1:53-3:08 does not describe any drawbacks of allocating resources at a base station or improvements due to allocating resources at a UE. Notably, the cited portion states that "there exists a need to provide an improved mechanism to differentiate between IP data flows." '018 Patent at 3:7-8. That quote does not relate to allocating resources at a UE and suggests that the patentee's purported improvement was entirely different than what IV now claims.[5]

IV's arguments that Claim 6 is not representative of claims related to buffer occupancy reports overlooks the parties' prior briefing on this issue. Defendants have already explained why Claim 6 is representative of those claims. Dkt. 65 at 7-8. IV has not distinguished Defendants' case law (Dkt. 65 at 7-8; Dkt. 73 at 6) or explained why recent case law compels a different result.

## IV. The '828 Patent Remains Patent Ineligible After *Berkheimer* and *Aatrix*

Representative Claim 15 is directed to the abstract idea of "selectively calculating a transmit power level based on feedback from the receiver and/or the transmitters own measurements." Recent case law does not render the claim non-abstract, as evidenced by IV's failure to cite any such cases. And, IV's suggestion that a court cannot determine whether a claim

---

[5] Contrary to IV's suggestion (Dkt. 137 at 4), courts have held claims ineligible on a Rule 12 motion where the specification lacks support for the improvements. Dkt. 134 at 11 (citing *Cellspin Soft, Inc. v. Fitbit, Inc.*, No. 17-cv-05928-YGR, 2018 WL 1610690 (N.D. Cal. Apr. 2, 2018).

4

can be performed mentally at the Rule 12 stage ignores the abundance of case law granting Rule 12 motions where the claims recited a mental process. Indeed, Defendants' cited the *Voter Verified* case as one post-*Berkheimer* example, and IV did not distinguish that case. Dkt. 134 at 12-13.

IV's Step 2 arguments highlight that the claims lack an inventive concept. Apparently abandoning its assertion that a combined open loop/closed loop scheme supplies an inventive concept, IV now contends first that Claim 15's recitation of a "single physical channel" improves "signaling efficiency" and second that a system that uses *only* a combined closed loop scheme would provide QoS advantages. These new contentions show that IV itself cannot pinpoint the inventive concept. Regardless, as to IV's argument regarding a "single physical channel," IV mischaracterizes the disclosure of 12:39-54, as that portion says nothing about a single physical channel "improv[ing] 'signaling efficiency.'" And as to IV's argument regarding an embodiment that would use only a combined closed loop scheme, IV ignores that no claim recites such a method; instead all claims recite *using both* a combined loop scheme and an open loop scheme.

IV's assertion that the claimed power level calculation is "inherently dynamic" because "[p]ath loss . . . change[s] over time" also does not supply an inventive concept. As IV concedes, path loss changes over time; it necessarily follows that *every* power calculation based on path loss would be "dynamic" as IV uses that term. The calculation's "dynamic" aspect is thus a natural and routine result stemming from using path loss in transmit power calculations.

IV's last-ditch argument that the PTO found Claim 15 "novel and inventive" fails. Again, courts have repeatedly rejected that argument as conflating novelty with eligibility. *Supra*, at 1.

V.  Conclusion

The challenged patents remain patent ineligible after *Berkheimer* and *Aatrix*. IV effectively concedes that those cases do not alter Defendants' Motion by failing to rely upon them and, in fact, distancing itself from *Berkheimer*. Thus, the Court should grant Defendants' Motion.

DATED: May 29, 2018

Respectfully submitted,

*/s/ Jason W. Cook (with permission)*
Jason W. Cook (Lead Attorney)
Texas State Bar No. 24028537
Email: jcook@mcguirewoods.com
MCGUIREWOODS LLP
2000 McKinney Avenue, Suite 1400
Dallas, Texas 75201
Telephone: (214) 932 6400
Facsimile: (214) 932 6499

David E. Finkelson
State Bar No. 44059
Email: dfinkelson@mcguirewoods.com
Andriana S. Daly
State Bar No. 80930
Email: adaly@mcguirewoods.com
George B. Davis
State Bar No. 83165
Email: gdavis@mcguirewoods.com
MCGUIREWOODS LLP
800 East Canal Street
Richmond, Virginia 23219-3916
Telephone: (804) 775-1000
Facsimile: (804) 698-2016

Robert W. Weber
Texas State Bar No. 21044800
Email: bweber@smithweber.com
Smith Weber LLP
5505 Plaza Drive
P.O. Box 6167
Texarkana, Texas 75505
Telephone: (903) 223-5656
Facsimile: (903) 223-5652

*Counsel for Defendants*
*Sprint Spectrum L.P. and*
*Nextel Operations, Inc.*

*/s/ Melissa R. Smith*
Melissa R. Smith
Texas State Bar No. 24001351
Email: melissa@gillamsmithlaw.com
**Gillam & Smith, L.L.P.**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Douglas M. Kubehl
  Texas State Bar No. 00796909
  Email: doug.kubehl@bakerbotts.com
Jeffery S. Becker
  Texas State Bar No. 24069354
    Email: jeff.becker@bakerbotts.com
Harrison G. Rich
  Texas State Bar No. 24083730
    Email: harrison.rich@bakerbotts.com
Steven T. Jugle
  Texas State Bar No. 24083280
  Email: steven.jugle@bakerbotts.com
Megan V. LaDriere
  Texas State Bar No. 24083348
  Email: melissa.butler@bakerbotts.com
Melissa L. Butler
  Texas State Bar No. 24097442
  Email: melissa.butler@bakerbotts.com
**Baker Botts L.L.P.**
2001 Ross Avenue
Dallas, Texas 75201
Telephone: (214) 953-6500
Facsimile: (214) 953-6503

Asim M. Bhansali
State Bar No. 90001290
Email: abhansali@kblfirm.com
**KWUN BHANSALI LAZARUS LLP**
4 Embarcadero Center, Suite 1400
San Francisco, California, 94111
Telephone: (415) 630-2350

6

*Counsel for Defendants*
*T-Mobile USA, Inc., T-Mobile US, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on May 29, 2018.

/s/ Melissa R. Smith