**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| INTELLECTUAL VENTURES II LLC, § § *Plaintiff*, § § v. § | | |
| SPRINT SPECTRUM, L.P., NEXTEL OPERATIONS, INC., ERICSSON INC., TELEFONAKTIEBOLAGET LM ERICSSON, ALCATEL-LUCENT USA INC., § § § § § § | **CIVIL ACTION NO. 2:17-CV-00662-JRG** (Lead Case) | |
| T-MOBILE USA, INC., T-MOBILE US, INC., ERICSSON INC., TELEFONAKTIEBOLAGET LM ERICSSON, § § § § § *Defendants*. § | **CIVIL ACTION NO. 2:17-CV-00661-JRG** (Member Case) | |

**ORDER DENYING DEFFENDANTS' MOTIONS TO DISMISS**

Before the Court are Defendants' Motions to Dismiss Under Rule 12(b)(6) under the theory of issue preclusion (No. 2:17-cv-661-JRG, Dkt. No. 22; No. 2:17-cv-662-JRG, Dkt. No. 28) ("the Motions"). Having considered the Motions and for the following reasons, the Court finds that the Motions should be **DENIED**.

## I. BACKGROUND

On October 7, 2013, Intellectual Ventures I LLC sued T-Mobile USA Inc. and T-Mobile US, Inc. (collectively, "T-Mobile") for infringement of United States Patent Number 7,787,431 ("the '431 Patent") in the District of Delaware. *See Intellectual Ventures I LLC v. T-Mobile USA Inc.*, Case No. 1:13-cv-1671-LPS, Dkt. No. 1 (D. Del. October 10, 2013). Ericsson Inc., Telefonaktiebolaget LM Ericsson, (collectively, "Ericsson") and Alcatel-Lucent USA Inc.

("Alcatel" or "ALU") intervened in the case. *Intellectual Ventures*, Case No. 1:13-cv-1671-LPS, Dkt. No. 41 (D. Del. Sept. 8, 2014).

On August 12, 2016, our sister court in Delaware issued its claim construction order, finding the terms "large" and "small" in the claim term "an autocorrelation having a large correlation peak with respect to sidelobes; a cross-correlation with other primary preambles having *a small cross-correlation* coefficient with respect to power of other primary preambles; and a *small peak-to-average ratio*; and wherein a large number of primary preamble sequences exhibit the properties" were indefinite, as a person of ordinary skill would not be able "to distinguish between large numbers and almost-large numbers." *Intellectual Ventures*, Case No. 1:13-cv-1671-LPS, Dkt. No. 370, at 35 (D. Del. August 12, 2016) (emphasis added).

On September 21, 2017, Intellectual Ventures II LLC ("Intellectual Ventures") filed suit here against Alcatel, Ericsson, Nextel Operations, Inc., and Sprint Spectrum L.P. (collectively, "Defendants"), alleging infringement of United States Patent Nos. 8,682,357 ("the '357 Patent"), 8,897,828 ("the '828 Patent"), 8,953,641 ("the '641 Patent"), 9,320,018 ("the '018 Patent"), 9,532,330 ("the '330 Patent"), and 9,681,466 ("the '466 Patent"). (2:17-cv-662, Dkt. No. 1 at ¶ 8.) As pertains to the present motions, Intellectual Ventures specifically alleges direct infringement of at least Claims 1, 6, 11, and 25 of the '641 Patent. (*See id.* at ¶¶ 77–89.) The '641 Patent is a continuation of the '431 Patent; accordingly, the two patents share the same named inventors and specification. Also, and on the same day, Intellectual Ventures separately filed suit against T-Mobile and Ericsson in this Court, alleging infringement of the same patents. (2:17-cv-661, Dkt. No. 1 at ¶¶ 15–21.)

On September 7, 2017, Ericsson filed the present motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(b)(6), alleging that Claims 19–20, which depend on

Claim 11, and Claims 33–35, which depend on Claim 25, are indefinite for reciting the claim terms "low cross correlation" or "low peak to average ratio" in light of the Delaware Court's construction. (the Motions at 3.)

## II.  LEGAL STANDARD

### A. Rule 12 Motion for Judgment on the Pleadings

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). However, the Court need not accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678. To be legally sufficient, the complaint must establish more than a "sheer possibility" that the plaintiff's claims are true. *Id*. The complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim. *Lormand*, 565 F.3d at 255–57. If it is apparent from the face of the complaint that an insurmountable bar to relief exists, and the plaintiff is not entitled to relief, the court must dismiss the claim. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

In considering a motion to dismiss for failure to state a claim, a court considers only the contents of the pleadings, including their attachments. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). A court may, at its discretion, exclude matters presented that are outside of the pleadings; however, if the court does not exclude these matters, it must treat the motion as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). Here, Defendants have

attached matters outside the pleadings related to the Motions. The Court exercises its discretion, excludes those matters, and limits its consideration of the Motions to the pleadings and their attachments.

### B. Collateral Estoppel

"Collateral estoppel protects a party from having to litigate issues that have been fully and fairly tried in a previous action and adversely resolved against a party-opponent." *Ohio Willow Wood Co. v. Alps South, LLC*, 735 F.3d 1333, 1342 (Fed. Cir. 2013). While the Federal Circuit reviews collateral estoppel in light of the relevant regional circuit precedence, the Federal Circuit applies its own "precedent to those aspects of such a determination that involve substantive issues of patent law." *Id.* In the Fifth Circuit, "four conditions must be met before collateral estoppel may be applied to bar relitigation of an issue previously decided by a court of competent jurisdiction":

> (1) the issue under consideration is identical to that litigated in the prior action; (2) the issue was fully and vigorously litigated in the prior action; (3) the issue was necessary to support the judgment in the prior case; and (4) there is no special circumstance that would make it unfair to apply the doctrine.

*Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 391 (5th Cir. 1998).

Collateral estoppel is not limited "to patent claims that are identical. Rather it is the identity of the *issues* that were litigated that determines whether collateral estoppel should apply." *Ohio Willow Wood*, 735 F.3d at 1342. Indeed, "the mere use of different words in [] portions of the claims does not create a new issue of invalidity." *Id.* Nevertheless, the Federal Circuit has warned district courts to be wary, as a previous claim construction of a related patent may not always trigger collateral estoppel. *e.Digital Corp. v. Futurewei Techs., Inc.*, 772 F.3d 723, 727 (Fed. Cir. 2014). "A continuation-in-part, for instance, may disclose new matter that could materially impact the interpretation of a claim, and therefore require a new claim construction inquiry." *Id.*

### III.   DISCUSSION

Intellectual Ventures asserts that, as a threshold matter, Claims 19–20 and 33–35 ("the Challenged Claims") are not before the Court because "[Intellectual Ventures] did not refer to those claims in the complaint, and the time to select asserted claims under Local Rule 3-1 has not yet passed. Nevertheless, in an effort to streamline the case, Intellectual Ventures has informed Defendants that it does not intend to assert the challenged claims." (Dkt. No. 62 at 1.)

Ericsson responds that Intellectual Ventures' assertion that it does not intend to assert the Challenged Claims is insufficient, as Intellectual Ventures leaves open the option to assert said claims later in the case. Accordingly, Ericsson asserts that a controversy still exists.

Intellectual Ventures next argues that its infringement contentions, which were served two days after Ericsson responded, do not assert the Challenged Claims. (*See* Dkt. No. 74 at 1; Dkt. No. 74-1 at ¶ 3; *see generally*, Dkt. No. 74-2.) Intellectual Ventures asserts that such service, without the Challenged Claims, "renders Defendants' motion moot." (Dkt. No. 74 at 1.)

Intellectual Ventures' argument is without merit. By its own admission, Intellectual Ventures seems to assert that it only provided sufficient notice that Claims 1, 6, 11, and 25 were at issue. However, the infringement contentions actually served by IV allege infringement of Claims 1–9, 11, 13, 14, 18, 22–25, 27, 28, 32, and 36–38. The Court finds that Intellectual Ventures' allegations of infringement of "at least" Claims 1, 6, 11, and 25 are sufficient to bring Challenged Claims into the present action. Such pleading is typical in patent cases, and common practice within the patent bar and this District.

Further, no subsequent action has removed the Challenged Claims from the present action. While Intellectual Ventures has stated that it does not intend to assert the Challenged Claims, and

to date, has not done so, it has not affirmatively committed to Defendants that such claims would not later be brought. Intellectual Ventures has also not moved the Court for an order dismissing such claims from the case. As a result, the Court finds that the Challenged Claims are properly the subject of a controversy in the present action, and Ericsson may properly seek their invalidation.

Having determined that the claims are properly before the Court, the Court next moves to issue of indefiniteness. Here, Ericsson argues that each necessary condition for indefiniteness is met as regards the terms "low cross correlation" and "low peak to average ratio." First, Ericsson asserts that an identical issue was presented to the Delaware Court, where it determined that the claim terms "a small cross-correlation" and "a small peak-to-average ratio" of the related '431 Patent were found to be indefinite. (the Motions at 7.) "While Claims 19, 20, 33, 34, and 35 use the term of degree 'low,' rather than the term of degree 'small' to describe the claimed 'peak to average ration' and 'cross correlation,' the patents confirm that there is no substantive difference between the terms." (*Id.* (citing '641 Patent at 11:12–17, 12:34; '431 Patent at 12:2–9, 13:22–31).) Ericsson also notes that the term "low" "is used only in the text of Claims 19, 20, 33, 34, and 35 of the '641 Patent, and otherwise does not appear in the patent"; instead, the remainder of the patent "uses the term 'small' to describe the peak to average ratio." (*Id.*)

Intellectual Ventures responds that, under Fifth Circuit jurisprudence, the issues presented must be identical. (Dkt. No. 62 at 3.) Intellectual Ventures argues that such identicality is not present with respect to the Challenged Claims because "the claim terms and language at issue are not identical to the ones at issue in the Delaware proceedings." (*Id.* at 4.) Such differences "include at least the plain dictionary meanings of the '641 Patent term 'low' and the '431 Patent term 'small,' the different technical concepts described by the claim language surrounding these terms and the different portions of the specification implicated by these terms." (*Id.*) Intellectual

6

Ventures further notes that, because the '431 Patent and the '641 Patent share a common specification, the doctrine of claim differentiation applies, indicating that the different words have different meanings.

Ericsson replies that "IV's response completely ignores that the '641 Patent uses the terms 'low' and 'small' interchangeably." (Dkt. No. 66 at 4.) Ericsson further notes that *Ohio Willow Wood* does not require identicality of language to find identicality of issues. (*Id.* at 5.) Finally, Ericsson argues that claim differentiation does not apply because that doctrine "means limitations stated in dependent claims are not to be read into the independent claim from which they depend." (*Id.* (citing *Karlin Tech., Inc. v. Surgical Dynamics, Inc.*, 177 F.3d 968, 972 (Fed. Cir. 1999)).)

Intellectual Ventures sur-replies that, "in order to determine whether a claim is invalid for indefiniteness, the Court must first determine the meaning of the claim terms." (Dkt. No. 74 at 2.) Intellectual Ventures also argues that:

> [T]he '641 patent's claims use "low" to describe different technical concepts as compared to the '431 patent's use of the term "small." Claim 19 of the '641 patent uses the term "low" to modify the phrase "cross correlation with other sequences used for other synchronization symbols," while claim 8 of the '431 patent uses the term "small" to modify the phrase "cross-correlation coefficient with respect to power of other primary preambles."

(*Id.* at 2-3.) Finally, Intellectual Ventures argues that the term "low peak to average ratio" refers to a "sequence," while the term "small peak-to-average ratio" refers to "power." (*Id.*)

The only issue before the Court is whether the term "low" is so similar to the term "small" that the Court should find the Challenged Claims indefinite. While the claim elements "low peak to average ratio," (Claim 20 of the '641 Patent,) and "small peak-to-average ratio," (Claim 1 of the '431 Patent,) are certainly similar, such similarity is insufficient to render the terms equivalent. Ericsson admits that the term "low" is not explicitly contained within the specification; and, accordingly, the Court would need to infer the meaning of "low" from the claims themselves and

similar references in the specification. However, such an initial inference would itself be tantamount to construing the claims and be the very act that a Rule 12 motion to dismiss is meant to preclude. Accordingly, in this scenario, the Court finds that claim construction is necessary to determine whether or not "low" is synonymous with "small," as the use of these different terms indicates that they do, in fact, have different meanings. Drawing all reasonable inferences in the Intellectual Ventures' favor, the Court finds that Ericsson has not shown that identicality of issues exists. *See Jones v. Bock*, 549 U.S. 199, 215 (2007).

## IV. CONCLUSION

Having found that claim construction is necessary to determine whether there exists a true identicality of issues the Court finds that the Motions should be and hereby are **DENIED**.

**So ORDERED and SIGNED this 18th day of September, 2018.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE