**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| INTELLECTUAL VENTURES II LLC, | § § | |
| *Plaintiff*, | § § | |
| v. | § § | |
| SPRINT SPECTRUM L.P., NEXTEL OPERATIONS, INC., ERICSSON INC., TELEFONAKTIEBOLAGET LM ERICSSON, and ALCATEL-LUCENT USA INC., | § § § § § § | Case No. 2:17-cv-662-JRG-RSP **LEAD CASE** JURY TRIAL DEMANDED |
| T-MOBILE USA, INC., T-MOBILE US, INC., ERICSSON INC., and TELEFONAKTIEBOLAGET LM ERICSSON, | § § § § § | Case No. 2:17-cv-661-JRG-RSP JURY TRIAL DEMANDED |
| *Defendants*. | § | |

**DEFENDANTS' MOTION TO STAY PENDING *INTER PARTES* REVIEW**

## **TABLE OF CONTENTS**

**Page**

I. BACKGROUND .................................................................................................................. 1

II. APPLICABLE LAW ........................................................................................................... 4

III. ARGUMENT........................................................................................................................ 5

   A. Staying the Case Will Simplify or Eliminate Issues..................................................... 5

   B. The Stage of the Litigation Favors a Stay. ................................................................... 9

   C. IV Will Not Suffer Any Undue Prejudice or Tactical Disadvantage from a Stay..... 10

IV. CONCLUSION.................................................................................................................. 11

Case 2:17-cv-00662-JRG-RSP   Document 229   Filed 11/12/18   Page 2 of 19 PageID #: 5803

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Aylus Networks, Inc. v. Apple Inc.*,
    856 F.3d 1353 (Fed. Cir. 2017) ...................................................................................................7

*Clinton v. Jones*,
    520 U.S. 681 (1997) ....................................................................................................................4

*Ericsson Inc. v. TCL Commc'n Tech. Holding Ltd.*,
    2:15-cv-11-RSP, 2016 WL 1162162 (E.D. Tex. Mar. 23, 2016) ..............................................10

*Huawei Techs. Co. v. T-Mobile US, Inc.*,
    2:16-cv-52-JRG-RSP, 2017 WL 4385567 (E.D. Tex. Sept. 9, 2017) .........................................7

*Huawei Techs. Co. v. T-Mobile US, Inc.*,
    2:16-cv-52-JRG-RSP, 2017 WL 4310161 (E.D. Tex. Sept. 28, 2017) .......................................7

*Image Processing Techs., LLC v. Samsung Elecs. Co.*,
    2:16-cv-505-JRG (E.D. Tex. Oct. 25, 2017) ............................................................................10

*NFC Tech. LLC v. HTC Am., Inc.*,
    2:13-cv-1058-WCB, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015) ..........................5, 6, 9, 11

*Norman IP Holdings, LLC v. TP-Link Techs., Co.*,
    6:13-cv-384-JDL, 2014 WL 5035718 (E.D. Tex. Oct. 8, 2014) ...............................................10

*Stingray Music USA, Inc. v. Music Choice*,
    2:16-cv-586-JRG-RSP, 2017 WL 9885167 (E.D. Tex. Dec. 12, 2017) ...............................9, 10

*Uniloc v. Apple*,
    2:16-cv-638-JRG (E.D. Tex. June 13, 2017) .............................................................................9

*Uniloc v. Google*,
    2:17-cv-231-JRG (E.D. Tex. Oct. 3, 2017) ................................................................................8

*Versata Software, Inc. v. Callidus Software, Inc.*,
    771 F.3d 1368 (Fed. Cir. 2014) ...................................................................................................9

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
    759 F.3d 1307 (Fed. Cir. 2014) .................................................................................................11

**STATUTES**

35 U.S.C. § 314(b) .........................................................................................................................3

35 U.S.C. § 316(a)(11)............................................................................................................4

**OTHER AUTHORITIES**

37 C.F.R. § 42.107(b) ............................................................................................................3

The various Defendants have filed a comprehensive set of *inter partes* review ("IPR") petitions seeking review of every claim that Plaintiff IV asserts against Defendants in the consolidated cases, and demonstrating the asserted claims are invalid under 35 U.S.C. § 103.[1] Defendants respectfully request the Court stay this case pursuant to Section 18(b) of the America Invents Act and this Court's inherent power to control its own docket until these IPRs are resolved. Entering a stay is soundly within the trial court's discretion, and each of the three factors that courts typically consider in evaluating whether to stay litigation pending IPR justifies entering a stay here. A stay is likely to simplify or eliminate many—potentially all—issues in this case, the stage of the case favors a stay, and a stay will not unduly prejudice IV.

## I.     BACKGROUND

IV filed these consolidated cases on September 21, 2017 and asserted the following six patents: U.S. Patent Nos. 8,682,357 ("the '357 Patent"), 9,532,330 ("the '330 Patent"), 9,320,018 ("the '018 Patent"), 9,681,466 ("the '466 Patent"), 8,897,828 ("the '828 Patent"), and 8,953,641 ("the '641 Patent").[2] Dkt. 1 ¶ 8.[3] IV accuses each Defendant of infringing the '357, '330, '018, '466, and '828 Patents, and accuses T-Mobile, Sprint, and Ericsson of infringing the '641 Patent. *See* Dkt. 1 ¶¶ 39–137; -661 Dkt. 1 ¶¶ 33–132. Two pairs of the asserted patents are related patents. The '466 Patent is a continuation of the '018 Patent, and the '330 Patent is a continuation of the

---

[1] "Defendants" collectively refers to Defendants T-Mobile USA, Inc. and T-Mobile US Inc. (collectively "T-Mobile"), Defendants Ericsson Inc. and Telefonaktiebolaget LM Ericsson (collectively "Ericsson"), Defendants Sprint Spectrum L.P. and Nextel Operations, Inc. (collectively "Sprint"), and Defendant Alcatel-Lucent USA Inc. and Intervenor Nokia of America Corporation (collectively "Nokia").

[2] The '641 Patent has not been asserted against Nokia, and Nokia takes no position with respect to the '641 Patent in this Motion.

[3] All docket cites are to the lead case, Case No. 2:17-cv-662 ("the -662 case") rather than to Case No. 2:17-cv-661 ("the -661 case"), unless indicated by a "-661" in the citation.

'357 Patent.

The six asserted patents collectively contain 204 claims, and IV's complaint made no effort to limit the claims it intended to assert. IV served its first infringement contentions on January 19, 2018, there asserting 97 claims. Specifically, IV asserted 97 claims against Ericsson, T-Mobile, and Sprint, and asserted 74 of those 97 claims against Nokia. The Court has since found one asserted claim invalid as directed to patent ineligible subject matter, leaving 96 remaining asserted claims. Dkt. 189.

IV has since amended its infringement contentions twice in the -661 case and once in the -662 case. *First*, on January 30, 2018, IV served its first amended infringement contentions in the -661 case, adding accused instrumentalities. The Court granted IV leave for these amendments on February 12, 2018. Dkt. 91. *Second*, on May 4, 2018, IV served its second amended infringement contentions in the -661 case and first amended infringement contentions in the -662 case, which contained amendments to its contentions for the '828 Patent. The Court granted IV leave for these amendments on July 10, 2018. Dkt. 163.

After IV identified its asserted claims, Defendants promptly began filing petitions for IPR. The various Defendants filed a total of thirteen IPR petitions between May 31, 2018 and September 21, 2018, challenging all of the 96 asserted claims across the patents, as well as certain unasserted claims and the claim that the Court later determined is unpatentable. Table 1 below identifies each of the IPR petitions, the claims that each petition challenges, and the date that it was filed:

**Table 1: IPR Petition Filings**

| Asserted Patent | IPR No. | Claims Challenged in IPR | Date Filed |
|---|---|---|---|
| 9,320,018 | IPR2018-01185 | 12–14, 16–18, 20–22, 24–25 | May 31, 2018 |
| 9,681,466 | IPR2018-01289 | 1–2, 4–7, 9–10 | June 20, 2018 |
| 8,682,357 | IPR2018-01380 | 11–14, 19, 30–33, 38, 47–50, 54 | July 11, 2018 |
| 9,532,330 | IPR2018-01666 | 1–3, 7–8, 18–20, 24–25 | Sept. 6, 2018 |

2

| | | | |
|---|---|---|---|
| 8,953,641 | IPR2018-01689 | 1–5 | Sept. 7, 2018 |
| 8,897,828 | IPR2018-01694 | 1–2, 5–6, 8–9, 12–13, 15–16, 19–20, 22–23, 26–27, 29–30, 33–34, 36–37, 40–41 | Sept. 7, 2018 |
| 8,897,828 | IPR2018-01641 | 1–2, 5–6, 8–9, 12–13, 15–16, 19–20, 22–23, 26–27, 29–30, 33–34, 36–37, 40–41 | Sept. 14, 2018 |
| 9,320,018 | IPR2018-01764 | 12–14, 16–18, 20–22, 24–25 | Sept. 20, 2018 |
| 9,681,466 | IPR2018-01765 | 1–2, 4–7, 9–10 | Sept. 20, 2018 |
| 8,953,641 | IPR2018-01770 | 6–9, 11, 13–14, 18, 22–25, 27–28, 32, 36–38 | Sept. 21, 2018 |
| 8,897,828 | IPR2018-01773 | 1–2, 5–6, 8–9, 12–13, 15–16, 19–20, 22–23, 26–27, 29–30, 33–34, 36–37, 40–41 | Sept. 21, 2018 |
| 8,682,357 | IPR2018-01775 | 11–14, 19, 30–33, 38, 47–50, 54 | Sept. 21, 2018 |
| 9,532,330 | IPR2018-01777 | 1–3, 7–10, 14, 17–20, 24–27, 31, 34 | Sept. 21, 2018 |

As illustrated in Table 1, the petitions date back to May 31, 2018, which is about 8 months after IV filed this lawsuit, about 4.5 months after IV first identified all of its asserted claims in its first infringement contentions among the 204 potential claims in asserted patents, and about two weeks after IV served its latest amendments to its infringement contentions. As also illustrated in Table 1, all of the petitions were filed within one year of the complaint as permitted by 35 U.S.C. § 315(b).

After a petition for IPR is filed, the PTAB issues a notice of filing date, and IV has three months from that notice of filing date to file a preliminary response for each of the petitions. 37 C.F.R. § 42.107(b). The PTAB then decides whether to institute each petition within three months of the date of the response. 35 U.S.C. § 314(b). IV has already filed its Patent Owner Preliminary Responses (PoPRs) for a few of the IPR petitions.

Pursuant to the statute, the PTAB is expected to begin issuing its Institution Decisions by early December, around the close of fact discovery. The PTAB is expected to have issued institution decisions on all asserted patents and on all asserted claims approximately one month before trial (by April 17, 2019 and April 22, 2019, respectively), and on all IPR petitions before trial (by approximately May 8, 2019). Table 2 below provides the expected dates of a Patent Owner Preliminary Responses and Institution Decisions:

3

**Table 2: Statutory Deadlines for PoPRs and Institution Decisions**

| Asserted Patent | IPR No. | Claims Challenged in IPR | PoPR Deadline | Institution Decision Deadlines |
|---|---|---|---|---|
| 9,320,018 | IPR2018-01185 | 12–14, 16–18, 20–22, 24–25 | Sept. 5, 2018 | Dec. 5, 2018 |
| 9,681,466 | IPR2018-01289 | 1–2, 4–7, 9–10 | Oct. 19, 2018 | Jan. 22, 2019 |
| 8,682,357 | IPR2018-01380 | 11–14, 19, 30–33, 38, 47–50, 54 | Nov. 9, 2018 | Feb. 11, 2019 |
| 9,532,330 | IPR2018-01666 | 1–3, 7–8, 18–20, 24–25 | Dec. 27, 2018 | Mar. 27, 2019 |
| 8,953,641 | IPR2018-01689 | 1–5 | Jan. 22, 2019 | Apr. 22, 2019 |
| 8,897,828 | IPR2018-01694 | 1–2, 5–6, 8–9, 12–13, 15–16, 19–20, 22–23, 26–27, 29–30, 33–34, 36–37, 40–41 | Dec. 21, 2018 | Mar. 21, 2019 |
| 8,897,828 | IPR2018-01641 | 1–2, 5–6, 8–9, 12–13, 15–16, 19–20, 22–23, 26–27, 29–30, 33–34, 36–37, 40–41 | Dec. 21, 2018 | Mar. 21, 2019 |
| 9,320,018 | IPR2018-01764 | 12–14, 16–18, 20–22, 24–25 | Feb. 8, 2019 | May 8, 2019 |
| 9,681,466 | IPR2018-01765 | 1–2, 4–7, 9–10 | Feb. 8, 2019 | May 8, 2019 |
| 8,953,641 | IPR2018-01770 | 6–9, 11, 13–14, 18, 22–25, 27–28, 32, 36–38 | Jan. 17, 2019 | Apr. 17, 2019 |
| 8,897,828 | IPR2018-01773 | 1–2, 5–6, 8–9, 12–13, 15–16, 19–20, 22–23, 26–27, 29–30, 33–34, 36–37, 40–41 | Jan. 24, 2019 | Apr. 24, 2019 |
| 8,682,357 | IPR2018-01775 | 11–14, 19, 30–33, 38, 47–50, 54 | Jan. 28, 2019 | Apr. 29, 2019 |
| 9,532,330 | IPR2018-01777 | 1–3, 7–10, 14, 17–20, 24–27, 31, 34 | Dec. 27, 2018 | Mar. 27, 2019 |

Absent good cause, the PTAB must make a final determination of patentability in each of the thirteen IPRs within one year of institution. 35 U.S.C. § 316(a)(11).

In this case, fact discovery is ongoing and closes December 7, 2018, dispositive and *Daubert* motions are due on January 28, 2019, and trial is set for jury selection on May 13, 2019. *See* Dkt. 199.

## II.     APPLICABLE LAW

A district court has the inherent power to control its own docket, including the power to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). When evaluating whether to stay a

4

case pending *inter partes* review, the court considers three factors: "(1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *NFC Tech. LLC v. HTC Am., Inc.*, 2:13-cv-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015).

**III. ARGUMENT**

All factors favor staying this litigation until the IPR proceedings are resolved. *First*, a stay is likely to simplify or eliminate issues. The IPR petitions challenge the validity of 100% of the currently asserted claims, and most of the claims are challenged on more than one ground of invalidity across the various petitions. Moreover, because some of the asserted patents are related to each other, not every challenged claim needs to be instituted in order to eliminate issues. Even if some claims ultimately survive institution or review, the relationship between the claims and overlapping theories of infringement and invalidity means the IPRs are still likely to drastically alter the landscape of triable issues in this case. *Second*, the stage of the case favors a stay. Fact discovery is ongoing, the Court has not yet issued final claim construction rulings, expert discovery has not yet begun, and trial is awhile away. Given the significant amount of work to be done before this case proceeds to trial, entering a stay now would conserve the Court and the parties' resources. *Finally*, Defendants do not seek a stay for tactical advantage or delay, nor would a stay unduly prejudice IV. IV seeks only money damages and does not seek injunctive relief, so there is no risk that a stay will diminish the remedies available to IV.

**A. Staying the Case Will Simplify or Eliminate Issues.**

"[T]he most important factor bearing on whether to grant a stay in this case is the prospect that the *inter partes* review proceeding will result in simplification of the issues before the Court." *NFC Tech.*, 2015 WL 1069111, at *4. Judge Bryson, sitting by designation in this Court, has

5

enumerated some of the ways in which an *inter partes* review may simplify or eliminate issues in a case, many of which apply here:

1. [Many of the] prior art [references] presented to the Court will have been first considered by the PTO, with its particular expertise.

2. Many discovery problems relating to prior art can be alleviated by the PTO examination.

3. In those cases resulting in effective invalidity of the patent, the suit will likely be dismissed.

4. The outcome of the [PTAB proceeding] may encourage settlement without the further use of the Court.

5. The record of [the PTAB proceeding] would likely be entered at trial, thereby reducing the complexity and length of the litigation.

6. Issues, defenses, and evidence will be more easily limited in pre-trial conferences after [the PTAB proceeding].

7. The cost will likely be reduced both for the parties and the Court.

*Id.* Indeed, as Judge Bryson additionally explained, simplifying issues before a court in pending litigation is one of the very purposes of *inter partes* review:

> Congress's purpose in creating an *inter partes* review procedure was to allow the administrative agency that issues patents to consider new information bearing on whether those patents should be canceled or confirmed. Giving the agency the authority to consider the validity of patents in the *inter partes* review process was designed in large measure to simplify proceedings before the courts and to give the courts the benefit of the expert agency's full and focused consideration of the effect of prior art on patents being asserted in litigation.

*Id.*

A stay pending resolution of the PTAB proceedings will almost certainly simplify or eliminate issues before the Court in this case. Specifically, (1) the IPR petitions challenge every claim IV asserts in this case, (2) proceeding with the case while the PTAB proceedings are ongoing risks complicating certain issues, and (3) the overlap among the '330 and '357 Patents, and between the '018 and '466 Patents means that the PTAB is likely to simplify or eliminate issues

6

even if the PTAB does not institute review on every patent.

### i. The IPR petitions challenge all asserted claims.

First, the PTAB proceedings are particularly likely to simplify or eliminate issues in this case, because the IPR petitions challenge 100% (all 96) of the claims currently asserted in the consolidated cases. The IPR petitions collectively even challenge many of the asserted claims on more than one ground of invalidity. The PTAB is expected to issue institution decisions on all six asserted patents by April 17, 2019 and on all asserted claims by April 22, 2019. Considering the likelihood of at least some of the thirteen IPR petitions being instituted and claims subsequently being found invalid, the IPR proceedings will almost certainly simplify issues and the case will be in a fundamentally different place following their conclusion.

### ii. The developing prosecution history risks complicating issues in this case absent a stay.

Further, allowing the litigation to proceed while challenges at the PTAB are ongoing risks complicating the issues. The record of the PTAB proceedings, including the Patent Owner Preliminary Responses that IV is in the process of filing, are part of the prosecution history for the patent. *Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1359–61 (Fed. Cir. 2017). Thus, the prosecution for each asserted patent continues to develop at the PTAB, creating a material new record that may cause the parties to revisit claim construction and/or dispositive motions in the future. Indeed, such statements can sometimes prove dispositive. *See, e.g.*, *Huawei Techs. Co. v. T-Mobile US, Inc.*, 2:16-cv-52-JRG-RSP, 2017 WL 4385567, at *3–5 (E.D. Tex. Sept. 9, 2017), *recommendation adopted by Huawei Techs. Co. v. T-Mobile US, Inc.*, 2:16-cv-52-JRG-RSP, 2017 WL 4310161, at *1 (E.D. Tex. Sept. 28, 2017). Staying the case now will therefore avoid the investment of resources on issues for which the record may continue to evolve as a result of the IPR proceedings, and will allow the IPR record to fully develop before proceeding further.

### iii. The overlap between certain patents means issues will be simplified even if review is not instituted on every patent.

Finally, two pairs of patents are related. First, the '018 and '466 Patents ("the Speight Patents") are related to each other, and the '330 and '357 Patents ("the Worrall Patents") are related to each other. Within each of these pairs of related patents, IV asserts overlapping infringement theories against the same accused products, and the patents recite many of the same claim terms. Moreover, Defendants' invalidity theories also involve significant overlap in the prior art references within each pair of related patents. Within each pair of related patents, the patents share the same specification. Therefore, there will be a substantial simplification of issues even if the PTAB does not institute review on every patent due to the overlapping issues among at least the patents that are related.

This is consistent with this Court's precedent, which recognizes the significant likelihood in simplification of issues even if the PTAB does not institute review of every asserted claim or has issued institution decisions for some but not all of the challenged patents, especially if the patents are related as they are here. For example, in *Uniloc v. Google*, this Court recently entered a stay and found "significant likelihood that the outcome of the IPR proceedings will streamline the scope and resolution of these cases because they all involve related patents and products," where the PTAB instituted review on two of the four asserted patents, and had not yet decided whether to institute review on the other two asserted patents. 2:17-cv-231-JRG, at *2 (E.D. Tex. Oct. 3, 2017). There, the patents were related (the two awaiting an institution decision were continuations of the two that had been instituted), and "share[d] a common specification as well as numerous overlapping terms." *Id.* Similarly, in *Uniloc v. Apple*, this Court recently entered a stay and found "significant likelihood that the outcome of the IPR proceedings will streamline the scope of this case to an appreciable extent," where the PTAB instituted review of three of the four

8

asserted patents, and where the instituted and non-instituted patents were related, shared a common specification and drawings, and shared common claim terms. 2:16-cv-638-JRG, at *2–3 (E.D. Tex. June 13, 2017). Therefore, a stay will likely simplify or eliminate issues even if the PTAB does not institute review of every patent.

### B. The Stage of the Litigation Favors a Stay.

The stage of the litigation also favors entering a stay. Much of the work to be done remains ahead of the parties and the Court in this case. The patent claims have not yet been construed, and the prior art has not yet been substantively considered by the Court. Fact discovery is ongoing and expert discovery has not yet begun. Summary judgment briefing, *Daubert* briefing, and pretrial and trial preparations are well in the future. An immediate stay would allow the parties and the Court to avoid the burden and expense of the significant work ahead.

A stay will therefore "obviate the need to prepare for trial concerning some or all of the patents' claims, thus reducing the burden of litigation on the parties and the Court." *Stingray Music USA, Inc. v. Music Choice*, 2:16-cv-586-JRG-RSP, 2017 WL 9885167, at *2 (E.D. Tex. Dec. 12, 2017). The parties will incur significant expense if the litigation continues, while a stay would conserve Court and party resources. *See, e.g.*, Versata Software, Inc. v. Callidus Software, Inc., 771 F.3d 1368, 1374 (Fed. Cir. 2014) (finding that the court should be "mindful of the burden on the parties and the court in completing both fact and expert discovery, resolving summary judgment motions, completing the *Markman* process, and preparing for trial" and further finding that such circumstances weighed strongly in favor of a stay) (opinion vacated because the parties settled the case the day before the opinion issued); *NFC Tech.*, 2015 WL 106911, at *3 (where "fact discovery does not close for another month, and significant pretrial discovery, filings, and other events remain to be completed before the scheduled trial date," observing that "it appears likely that the bulk of the expenses that the parties would incur in pretrial work and trial preparation

9

are still in the future").

This Court has granted stays pending *inter partes* review in cases much farther along than this case. *See, e.g.*, *Image Processing Techs., LLC v. Samsung Elecs. Co.*, 2:16-cv-505-JRG (E.D. Tex. Oct. 25, 2017) (granting a stay within weeks of when jury selection was set per Dkts. 265, 269); *Stingray Music USA, Inc. v. Music Choice*, 2:16-cv-586-JRG-RSP, 2017 WL 9885167, at *2 (E.D. Tex. Dec. 12, 2017) (entering a stay and finding the stage of the case factor neutral, observing that "[w]hile this case is past its early stages, the parties have not yet filed dispositive motions concerning prior-art invalidity issues at the forefront of the IPR proceedings," and "a stay might still obviate the need to prepare for trial concerning some or all of the patents' claims, thus reducing the burden of litigation on the parties and the Court"); *Ericsson Inc. v. TCL Commc'n Tech. Holding Ltd.*, 2:15-cv-11-RSP, 2016 WL 1162162, at *4 (E.D. Tex. Mar. 23, 2016) (entering a stay 19 days before jury selection, per Dkt. 233 at 3 (Track I)).

A stay at this stage will conserve resources of the parties and the Court, and avoid investing those resources in complex issues that may ultimately be mooted by PTAB proceedings. *See Norman IP Holdings, LLC v. TP-Link Techs., Co.*, 6:13-cv-384-JDL, 2014 WL 5035718, at *3 (E.D. Tex. Oct. 8, 2014) ("Courts often find the stage of litigation weighs in favor of a stay if there remains a significant amount of work ahead for the parties and the court, even when the parties and/or the court have already devoted substantial resources to the litigation."). Moreover, "[d]enying a stay because of the progress of the case to this point would impose significant expenses on the parties that might be avoided if the stay results in simplification (or obviation) of further court proceedings." *NFC Tech.*, 2015 WL 1069111, at *3. This factor therefore strongly favors a stay.

### C. IV Will Not Suffer Any Undue Prejudice or Tactical Disadvantage from a Stay.

IV will not suffer any undue prejudice from a stay. The only possible basis for prejudice

10

to IV is the delay inherent in any stay, but that "is present in every case in which a patentee resists a stay, and it is therefore not sufficient, standing alone, to defeat a stay motion." *NFC Tech.*, 2015 WL 106911, at *2.

Nor would a stay jeopardize any right to relief in this case. IV can be adequately compensated by money damages to the extent it has suffered any injury to its patent rights, and indeed seeks only money damages and does not seek injunctive relief. Mere delay in collecting money damages does not constitute undue prejudice, and IV's money damages will not be reduced by any delay. *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014) ("A stay will not diminish the monetary damages to which [the patentee] will be entitled if it succeeds in its infringement suit—it only delays realization of those damages . . . ."). Here the potential for undue prejudice is even smaller than in *VirtualAgility*, because here it is undisputed that IV does not compete with Defendants, does not offer any products that practice the patents, and does not seek any form of injunctive relief. There is therefore no reasonable basis to argue that a stay will unduly prejudice IV's competitive or market position, or the availability of any potential relief.

Finally, a stay will not tactically disadvantage IV in this litigation. Defendants do not seek a stay for purposes of delay, or for any tactical advantage. To the contrary, the prejudice of forcing Defendants to continue to litigate a case where the PTAB may find many, if not all, of the asserted patent claims invalid is profound. Defendants suffer undue prejudice in the absence of a stay, because they continue to incur the expense and burden of defending against infringement allegations of patent claims that the PTAB may very well invalidate.

IV. **CONCLUSION**

Defendants respectfully request that the Court stay these proceedings pending final resolution of the various IPRs.

| | |
|---|---|
| Dated: November 12, 2018 | Respectfully submitted, |
| | |
| Asim M. Bhansali | By: */s/ Douglas M. Kubehl* |
|   State Bar No. 90001290 | Douglas M. Kubehl |
|   E-mail: abhansali@kblfirm.com |   Texas State Bar No. 00796909 |
| Kate E. Lazarus |   E-mail: doug.kubehl@bakerbotts.com |
|   *Admitted Pro Hac Vice* | Jeffery S. Becker |
|   E-mail: klazarus@kblfirm.com |   Texas State Bar No. 24069354 |
| **KWUN BHANSALI LAZARUS LLP** |   E-mail: jeff.becker@bakerbotts.com |
| 555 Montgomery Street, Suite 750 | Johnson K. Kuncheria |
| San Francisco, California, 94111 |   Texas State Bar No. 24070092 |
| Telephone: (415) 630-2350 |   Email: johnson.kuncheria@bakerbotts.com |
| | Harrison G. Rich |
| R. Adam Lauridsen |   Texas State Bar No. 24083730 |
|   *Admitted Pro Hac Vice* |   E-mail: harrison.rich@bakerbotts.com |
|   E-mail: alauridsen@keker.com | Steven T. Jugle |
| **KEKER, VAN NEST & PETERS LLP** |   Texas State Bar No. 24083280 |
| 633 Battery Street |   E-mail: steven.jugle@bakerbotts.com |
| San Francisco, CA 94111 | Megan V. LaDriere |
| Telephone: (415) 391-5400 |   Texas State Bar No. 24083348 |
| Facsimile: (415) 397-7188 |   E-mail: megan.ladriere@bakerbotts.com |
| | Bryan D. Parrish |
| **ATTORNEYS FOR T-MOBILE USA, INC. and T-MOBILE US, INC.** |   Texas State Bar No. 24089039 |
| |   Email: bryan.parrish@bakerbotts.com |
| | Melissa L. Butler |
| |   Texas State Bar No. 24097442 |
| |   E-mail: melissa.butler@bakerbotts.com |
| | **BAKER BOTTS L.L.P.** |
| | 2001 Ross Avenue |
| | Dallas, Texas 75201 |
| | Telephone: (214) 953-6500 |
| | Facsimile: (214) 953-6503 |
| | |
| | Melissa R. Smith |
| |   Texas State Bar No. 24001351 |
| |   E-mail: melissa@gillamsmithlaw.com |
| | **GILLAM & SMITH, LLP** |
| | 303 South Washington Avenue |
| | Marshall, Texas 75670 |
| | Telephone: (903) 934-8450 |
| | Facsimile: (903) 934-9257 |
| | |
| | **ATTORNEYS FOR T-MOBILE USA, INC., T-MOBILE US, INC, TELEFONAKTIEBOLAGET LM ERICSSON, AND ERICSSON INC** |

Dated:  November 12, 2018              Respectfully submitted,

*/s/ Dave E. Finkelson*
David E. Finkelson (*pro hac vice*)
Lead Attorney
Kristen M. Calleja (*pro hac vice*)
Andriana S. Daly (*pro hac vice*)
George B. Davis (*pro hac vice*)
MCGUIREWOODS LLP
800 East Canal Street
Richmond, VA 23219-3916
Telephone:  804-775-1000
Facsimile:   804-698-2016
dfinkelson@mcguirewoods.com
kcalleja@mcguirewoods.com
adaly@mcguirewoods.com
gdavis@mcguirewoods.com

Jason W. Cook (TX 24028537)
MCGUIREWOODS LLP
2000 McKinney Avenue
Suite 1400
Dallas, TX 75201
Telephone: (214) 932-6418
Facsimile: (214) 273-7483
jcook@mcguirewoods.com

Robert W. Weber (TX 21044800)
SMITH WEBER LLP
5505 Plaza Drive
PO Box 6167
Texarkana, TX 75505
Telephone: 903-223-5656
Facsimile: 903-223-5652
bweber@smithweber.com

**ATTORNEYS FOR SPRINT SPECTRUM L.P. AND NEXTEL OPERATIONS, INC.**

Dated:  November 12, 2018

Respectfully submitted,

*/s/ David A. Nelson*

Deron R. Dacus
  State Bar No.  00790553
  E-mail:  ddacus@dacusfirm.com
**THE DACUS FIRM, P.C.**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Telephone: (903) 705-1117
Facsimile: (903) 581-2543

David A. Nelson
  E-mail:  davenelson@quinnemanuel.com
Stephen A. Swedlow
  E-mail:  stephenswedlow@quinnemanuel.com
Brianne M. Straka
  E-mail:  briannestraka@quinnemanuel.com
John P. Poulos
  E-mail:  johnpoulos@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
191 N. Wacker Dr., Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

**ATTORNEYS FOR NOKIA OF AMERICA CORPORATION**

## CERTIFICATE OF CONFERENCE

I hereby certify that Defendants have complied with the meet and confer requirements set forth in Local Rule CV-7(h).  Counsel for Ericsson and T-Mobile met and conferred on behalf of Defendants with counsel for IV on November 7, 2018.  Plaintiff indicated that it is opposed to the relief sought in this motion.

*/s/ Melissa R. Smith*
Melissa R. Smith

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on November 12, 2018.

*/s/ Melissa R. Smith*
Melissa R. Smith