**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| INTELLECTUAL VENTURES II LLC, | § § | |
| Plaintiff, | § § | |
| v. | § § | No. 2:17-CV-00662-JRG-RSP |
| SPRINT SPECTRUM, L.P. ET AL, | § § | |
| Defendants. | § § | |

**ORDER**

Before the Court is Defendants' Motion to Stay Pending Determination of Inter Partes Review of the Patents-in-Suit [Dkt. #229] ("Motion to Stay"). After consideration, the Court concludes that this Motion to Stay should be DENIED. It is therefore ORDERED that this Motion to Stay is DENIED WITHOUT PREJUDICE.

A district court has the inherent power to control its own docket, including the power to stay proceedings before it. *Trover Grp., Inc. v. Dedicated Micros USA*, No. 2:13-CV-1047-WCB, 2015 WL 1069179, at *1 (E.D. Tex. Mar. 11, 2015). In determining whether to stay litigation pending Inter Partes Review, this Court has considered three factors: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set. *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005); *Lennon Image Techs., LLC v. Macy's Retail Holdings, Inc.*, No. 2:13-CV-00235-JRG, 2014 WL 4652117, at *2 (E.D. Tex. Sept. 18, 2014). Courts use these factors to determine whether the benefits of a stay outweigh the inherent costs. *EchoStar Techs. Corp. v. TiVo, Inc.*, No. 5:05-CV-00081, 2006 WL 2501494, at *1 (E.D. Tex. July 14, 2006). Courts within this district

"have uniformly denied motions to stay" when the motions are filed before the PTAB has granted petition to review. *Trover*, at *6.

The first factor weighs in favor of denying this Motion to Stay since Plaintiff will undergo undue prejudice if a stay is granted. Granting a stay would delay potential vindication of patent rights for Plaintiff. A delay in vindication of patent rights alone is insufficient to prevent a motion to stay from being granted. *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058-WCB, 2015 WL 1069111 at *2 (E.D. Tex. Mar. 11, 2015) (Bryson, J.). However, such a delay should still be considered in determining the extent of undue prejudice. *See Lennon Image*, at *2 (stating that "a patent holder has an interest in the timely enforcement of its patent rights").

Defendants have filed thirteen IPR petitions against each of the asserted patents in this case, and these petitions were filed between May 31, 2018 and Sept. 21, 2018. Defs.' Mot. at 2–3. According to Defendants, the USPTO will issue institution decisions starting on December 5, 2018, and institution decisions should be issued for all petitions by May 8, 2019. *Id*. at 4. Further, even if the USPTO does institute IPR, final decisions on those proceedings and potential appeals could push back the resolution of issues even further into the future. Accordingly, if this stay is granted, then the possibility of an extended delay is great. If this Motion to Stay is denied, then jury selection for this case is currently set for May 13, 2019. Am. Docket Control Order (10/09/2018) [Dkt. #199] at 1.

"Staying the action for such an indefinite period of time would essentially remove the Court's discretion regarding control of its own docket and hold the Court in limbo awaiting determinations that could take years to reach an absolute resolution." *Lennon Image*, at *2. Because of the possibility of indefinite delay, the first factor weighs in favor of denying this Motion to Stay.

The second factor weighs in favor of denying this Motion to Stay as it is far from certain that IPR will simplify the issues of the case at this stage. This Court has stated that it is unwilling to adopt a per se rule that a patent case should be stayed because some relevant claims may be affected. *Id.* at *3 (citing *Soverain*, at 662). The Court stated that "the interests of justice will be better served by dealing with [the contingency of a change in claim scope] when and if it occurs, rather than putting this case on hold for an indefinite and lengthy period of time." *Id.* (citing *Soverain*, at 663). If IPR is instituted and the PTAB finds that all or some of the claims are unpatentable, then this case will be simplified. However, a strong possibility exists that IPR institution is denied and that the issues are not simplified at all. Because of this uncertainty, this factor weighs in favor of denying this Motion to Stay.

The third factor weighs in favor of denying this Motion to Stay. In measuring the stage of litigation, the date of filing of the Motion to Stay is used. *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1316 (Fed. Cir. 2014). Here, the date of filing of the Motion to Stay was on November 12, 2018. Defendants state that as of that date, "[m]uch of the work to be done remains ahead of the parties and the Court in this case." Defs.' Mot. at 9. However, a significant amount of litigation costs have already been incurred as of November 12, 2018. As of that date, the parties had already completed a claim construction hearing, Am. Docket Control Order (10/09/2018) [Dkt. #199] at 2, so they have already invested a significant amount of time and money in preparation for that hearing. Further, the deadline for fact discovery is set for December 7, 2018, and the deadline for expert discovery is scheduled for January 25, 2019. *Id.* With less than a month remaining for fact discovery, the parties have already invested a substantial amount of time and money in preparing this case for trial. Accordingly, this factor weighs in favor of denying this Motion to Stay.

In view of these factors, the Court concludes that this Motion to Stay should be DENIED.

It is therefore ORDERED that this Motion to Stay is DENIED WITHOUT PREJUDICE.

**SIGNED this 19th day of November, 2018.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE