# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| INTELLECTUAL VENTURES II LLC, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § § | |
| SPRINT SPECTRUM L.P., NEXTEL OPERATIONS, INC., ERICSSON INC., TELEFONAKTIEBOLAGET LM ERICSSON, and ALCATEL-LUCENT USA INC., | § § § § § § | Civil Action No. 2:17-cv-662-JRG-RSP<br><br>LEAD<br><br>JURY TRIAL DEMANDED |
| *Defendants*. | § § | |
| T-MOBILE USA, INC., T-MOBILE US, INC., ERICSSON INC., and TELEFONAKTIEBOLAGET LM ERICSSON, | § § § § | Civil Action No. 2:17-cv-661-JRG-RSP<br><br>JURY TRIAL DEMANDED |
| *Defendants*, | § § | ▬▬▬▬▬ |
| v. | § § | |
| NOKIA OF AMERICA CORPORATION, | § § § | |
| *Intervenor*. | § § | |

**PLAINTIFF INTELLECTUAL VENTURES II LLC'S
OPPOSITION TO DEFENDANTS' MOTION FOR
<u>SUMMARY JUDGMENT OF NO PRE-SUIT DAMAGES</u>**

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION .................................................................................................. 1
II. STATEMENT OF DISPUTED MATERIAL FACTS ....................................... 2
III. LEGAL STANDARD ........................................................................................... 5
IV. ARGUMENT ......................................................................................................... 5
    A. Defendants Misrepresent Federal Circuit Law Regarding Section 287's Applicability to Patents from Which Solely Method Claims Are Asserted .......... 5
    B. IV Properly Preserved Its Pre-Suit Damages on Asserted Method Claims ........... 8
V. CONCLUSION ..................................................................................................... 9

# TABLE OF AUTHORITIES

**CASES**

*ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*,
    694 F.3d 1312 (Fed. Cir. 2012)..................................................................................7

*American Med. Sys., Inc. v. Medical Engineering Corp.*,
    6 F.3d 1523 (Fed. Cir. 1993)......................................................................................6

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986)...................................................................................................5

*Blue Calypso, LLC v. Groupon, Inc.*,
    815 F.3d 1331 (Fed. Cir. 2016)..................................................................................5

*Celotex v. Catrett*,
    477 U.S. 317 (1986)...................................................................................................5

*Crown Packaging Tech., Inc. v. Rexam Beverage Can Co.*,
    559 F.3d 1308 (Fed. Cir. 2009)...........................................................................1, 6, 8

*Hanson v. Alpine Valley Ski Area, Inc.*,
    718 F.2d 1075 (Fed. Cir. 1983)...............................................................................1, 6

*Huawei Techs. Co. v. T-Mobile US, Inc.*,
    No. 2:16-CV-00052-JRG-RSP, 2017 WL 4183103 (E.D. Tex. Sept. 4, 2017).........7

*Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*,
    853 F.3d 1370 (Fed. Cir. 2017)...............................................................................6, 7

*Robert Bosch, LLC v. Pylon Mfg. Corp.*,
    719 F.3d 1305 (Fed. Cir. 2013)..................................................................................6

*Vasudevan Software, Inc. v. MicroStrategy, Inc*,
    782 F.3d 671 (Fed. Cir. 2015)....................................................................................5

**STATUTES & RULES**

35 U.S.C. § 287............................................................................................................ passim

Fed. R. Civ. P. 56..................................................................................................................5

I.  **INTRODUCTION**

IV submits this brief in opposition to Defendants' Motion for Summary Judgment of No Pre-Suit Damages (D.I. 297 ("Br.")).  Defendants' motion displays two critical flaws.

First, Defendants misrepresent the law underlying their argument, by neglecting to examine controlling Federal Circuit case law that diametrically opposes the view that Defendants now urge.  Defendants consign to a footnote the Federal Circuit's 2009 decision in *Crown Packaging Technology, Inc. v. Rexam Beverage Can Co.*, which does not, as Defendants would have it "arguably distinguish[] (a) cases in which only method claims of a patent that includes both method and apparatus claims are asserted from (b) cases in which both method and apparatus claims are asserted."  *See* Br. at 7 n.4, citing 559 F.3d 1308 (Fed. Cir. 2009).  Rather, *Crown Packaging* states in no uncertain terms that "the marking requirement of 35 U.S.C. § 287(a) does not apply when only method claims are asserted" from a "patent contain[ing] both method and apparatus claims."  *Id.* at 1310, 1317.  *Crown Packaging* in turn relies on the Federal Circuit's 1983 decision *Hanson v. Alpine Valley Ski Area, Inc.*—a case cited nowhere in Defendants' brief—in which the Federal Circuit upheld the district court's ruling allowing the patentee to recover damages "for the infringing use, prior to the filing of the complaint," on the grounds that "the patent is a process patent, to which section 287 does not apply," even though the patent in question "also include[d] apparatus claims."  718 F.2d 1075, 1082-83 (Fed. Cir. 1983).  *Crown Packaging* and *Hanson* remain good law, leaving an unbroken 35-year-long line of precedent that precludes the relief that Defendants now seek.

Second, Defendants recite a litany of interrogatory responses to show that IV has not provided actual pre-suit notice of infringement to Defendants.  But these responses are irrelevant, given that (as above) no such actual notice was required for the patents from which IV asserts only method claims—i.e., the only patents for which IV seeks pre-suit damages.  Otherwise,

1

Defendants reference IV's interrogatory response that they argue shows IV's intentional relinquishment of pre-suit damages—even though no Defendant other than Sprint previously objected. But in no way did IV clearly disclaim its ability to recover pre-suit damages, as IV showed via its damages expert's report only three days following receipt of Sprint's objections.

The Court should deny Defendants' motion, and preserve IV's pre-suit damages claim.

## II.   STATEMENT OF DISPUTED MATERIAL FACTS

IV responds to Defendants' statement of purportedly undisputed facts as follows:

1. IV does not dispute Defendants' paragraph 1.

2. IV does not dispute Defendants' paragraph 2.

3. IV does not dispute Defendants' paragraph 3.

4. IV does not dispute Defendants' paragraph 4.

5. IV does not dispute Defendants' paragraph 5.

6. IV does not dispute that Defendants' paragraph 6 quotes in part from Defendants' Common Interrogatory No. 3.

7. IV does not dispute that it "responded to [Defendants'] Common Interrogatory No. 13 on April 13, 2018, and provided a corrected and supplemental response on July 18, 2018." IV does not otherwise dispute Defendants' paragraph 7, except to the extent it mistakenly cites to IV's Response to Defendants' Common Interrogatory No. 13 [*sic*, No. 3].

8. IV does not dispute that Defendants' paragraph 8 quotes in part from IV's Supplemental Response to Defendants' Common Interrogatory No. 3.

9. IV does not dispute that Defendants' paragraph 9 quotes in part from Defendants' Common Interrogatory No. 13.

10. IV does not dispute that it "responded to [Defendants'] Common Interrogatory No. 13 on April 13, 2018," and does not dispute that Defendants' paragraph 10 quotes in part

from that response.

11. IV does not dispute that Defendants' paragraph 11 relates information contained in the documents cited therein that was accurate as of when those documents were drafted.

12. IV does not dispute Defendants' paragraph 12.

13. IV does not dispute Defendants' paragraph 13.

14. IV does not dispute Defendants' paragraph 14.

15. IV does not dispute that Defendants' paragraph 15 quotes in part from Defendants' interrogatories referenced therein.

16. IV does not dispute that Defendants' paragraph 16 quotes in part from Defendants' interrogatories referenced therein.

17. IV does not dispute that Defendants' paragraph 17 quotes in part from IV's responses to Defendants' interrogatories referenced therein.  It remains the case that IV "does not . . . rely on . . . the marking and notice requirement of 35 U.S.C. § 287." *Id.*

18. IV does not dispute that Defendants' paragraph 18 quotes in part from IV's responses to the T-Mobile and Sprint Defendants' respective Interrogatories No. 2 referenced therein.  However, Defendants' paragraph 18 omits to include relevant context regarding those interrogatory responses.  In particular, Defendants propounded substantially similar interrogatories regarding IV's damages theories in prior litigations between the parties, and IV responded to those interrogatories in substantially similar fashion.  *See, e.g.*, Ex. 1 (13-cv-1634 (D. Del.), IV's Dec. 24, 2014 Response to Sprint's Interrogatory No. 2).  In addition, at no point during the prior litigations did any Defendant contest IV's entitlement to recover pre-suit damages for patents from which IV asserted solely method claims.

In this case, the Sprint Defendants first expressed their position that IV had not indicated

IV's intent to recover pre-suit damages in an email message dated December 9, 2018, two days after the close of fact discovery. *See* Ex. 2 (email chain between A. Daly and N. Patel); Br. at 5 (Defs. Facts) ¶ 19. No other Defendant communicated a similar objection to IV at any time before filing this motion. IV engaged with Sprint via email and a telephonic meet-and-confer over the two days following receipt of Sprint's email objection. *See* Ex. 2. No Defendant has identified any way in which it detrimentally relied on any prior interpretation of IV's response.

19. IV does not dispute Defendants' paragraph 19.

20. In response to Defendants' paragraph 20, IV does not dispute that it has not formally supplemented or amended its responses to Defendants' interrogatories referenced therein. Defendants' paragraph 20 omits to include that IV's interrogatory responses objected to the interrogatories to the extent that they "seek[] information that is appropriately the subject matter of expert discovery before the time required," and that IV's response was "[p]ending the results of all outstanding relevant fact and expert discovery." IV does not dispute the statements in footnote 3 to Defendants' paragraph 20, to the effect that on December 12, 2018, IV served Mr. Bratic's damages reports detailing IV's intention to collect pre-suit damages with respect to the '357 and '018 patents, and that in his reports Mr. Bratic opines "[f]or the '357 and '330 Patents . . . IV is entitled to damages dating back to March 25, 2014," and "[f]or the '018 and '466 Patents . . . IV is entitled to damages dating back to April 19, 2016."[1]

---

[1] Defendants reference their *Daubert* motion to exclude the opinions of Mr. Bratic, arguing that he "does not explain his basis for calculating damages from March 2014 for the '330 Patent (more than 2.5 years before that patent issued) and/or from April 2016 for the '466 Patent (more than a year before that patent issued)." Br. at 5 (Defs. Facts) ¶ 20 n.3, citing D.I. 298. As stated in IV's opposition, Mr. Bratic opines that a hypothetical licensee would have been willing to pay a combined royalty rate for the related '357 and '330 patents, and for the related '018 and '466 patents. *See* D.I. 336 at 16. IV incorporates its *Daubert* response herein, as applicable.

4

### III. LEGAL STANDARD

Summary judgment is proper only when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under this standard, "the requirement is that there be no genuine [dispute] of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A factual dispute is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. Any evidence must be viewed in the light most favorable to the nonmovant. *Id.* at 255. The moving party has the burden to identify the basis for granting summary judgment and to supply evidence demonstrating the absence of a genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 323 (1986). "As a general rule, summary judgment is inappropriate where an expert's testimony supports the non-moving party's case." *Vasudevan Software, Inc. v. MicroStrategy, Inc.*, 782 F.3d 671, 683 (Fed. Cir. 2015). Defendants bear the burden of persuasion of establishing that each reference was publicly accessible. *Blue Calypso, LLC v. Groupon, Inc.*, 815 F.3d 1331, 1350-51 (Fed. Cir. 2016).

### IV. ARGUMENT

Neither governing Federal Circuit law regarding Section 287 nor the facts of this case support Defendants' motion to preclude IV from recovering pre-suit damages.

#### A. Defendants Misrepresent Federal Circuit Law Regarding Section 287's Applicability to Patents from Which Solely Method Claims Are Asserted

The patent marking statute provides that a patentee "may give notice to the public that [an article] is patented" by marking the article in question as provided under the statute. 35 U.S.C. § 287 ("Section 287"). "In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered

5

only for infringement occurring after such notice." *Id.*

The Federal Circuit's 2009 decision in *Crown Packaging Technology, Inc. v. Rexam Beverage Can Co.* establishes that "the marking requirement of 35 U.S.C. § 287(a) does not apply when only method claims are asserted" from a "patent contain[ing] both method and apparatus claims." 559 F.3d at 1310, 1317. *Crown Packaging* in turn cites to *Hanson v. Alpine Valley Ski Area, Inc.*, in which the Federal Circuit upheld the district court's ruling allowing the patentee to recover damages "for the infringing use, prior to the filing of the complaint," on the grounds that "the patent is a process patent, to which section 287 does not apply," even though the patent in question "also include[d] apparatus claims." 718 F.2d 1075, 1082-83 (Fed. Cir. 1983). It is an element of black-letter law that Federal Circuit "[p]anel opinions . . . may only be changed by the court sitting *en banc*." *Robert Bosch, LLC v. Pylon Mfg. Corp.*, 719 F.3d 1305, 1316 (Fed. Cir. 2013). Neither *Crown Packaging* nor *Hanson* has ever been so overruled.

In contrast, it is also binding Federal Circuit law that, where a patentee *actually asserts* both apparatus and method claims from the same patent, Section 287 applies, and a patentee may not recover pre-suit damages in the absence of marking or other notice. The decisions on which Defendants rely—whether pre- or post-dating *Crown Packaging*—all involve situations in which the patentee had asserted both apparatus and method claims from the patents in question.

In *American Medical Systems, Inc. v. Medical Engineering Corp.*, the Federal Circuit's ruling was grounded on the fact that "both apparatus and method claims of the [asserted] patent were asserted . . . . Therefore, we conclude that [the patentee] was required to mark its product pursuant to section 287(a) in order to recover damages under its method claims prior to actual or constructive notice being given to [the accused infringer]." 6 F.3d 1523, 1539 (Fed. Cir. 1993).

In *Rembrandt Wireless Technologies, LP v. Samsung Electronics Co.*, the patentee

6

(1) previously asserted an apparatus claim from a patent, in combination with method claims from that same patent; (2) subsequently disclaimed that apparatus claim before the U.S.P.T.O.; and (3) maintained that following disclaimer of the apparatus claim, recovery of pre-suit damages based on the asserted method claims should still be available, despite lack of marking or notice under Section 287.  *See* 853 F.3d 1370, 1382-84 (Fed. Cir. 2017).  The Federal Circuit ruled that under these circumstances, the patentee "cannot use disclaimer to avoid the marking requirement in 35 U.S.C. § 287" in retroactive fashion.  *Id.* at 1382.

Similarly, in this Court's own decision in *Huawei Technologies Co. v. T-Mobile US, Inc.*, the asserted patent "include[d] both device and method claims, and [the patentee] . . . assert[ed] both types of claims" from that patent.  No. 2:16-CV-00052-JRG-RSP, 2017 WL 4183103, at *2 (E.D. Tex. Sept. 4, 2017), *report and recommendation adopted*, No. 2:16-CV-00052-JRG-RSP, 2017 WL 4251365 (E.D. Tex. Sept. 20, 2017).

*ActiveVideo Networks, Inc. v. Verizon Communications, Inc.*, involves underlying facts that are inapposite in the directly opposite fashion:  In that case, the accused infringer argued "that the marking requirement should . . . apply to [the patentee's] [asserted] patent despite the fact that it contains only method claims because [the patentee's] other three asserted patents contained apparatus claims."  694 F.3d 1312, 1334 (Fed. Cir. 2012).  The Federal Circuit's resulting ruling was thus limited to "reaffirm[ing] the bright-line easy to enforce rule:  if the patent is directed only to method claims, marking is not required."  *Id.* at 1335.

IV's patent assertions here fall entirely within the doctrine set out in *Crown Packaging* and *Hanson*.  IV asserts solely method claims from the '357 and '018 patents.  *See* Br. at 2 (Defs. Facts) ¶ 4.  At no point in this case has IV ever asserted any of the apparatus claims also contained within the '357 and '018 patents.  *See id.*  Defendants do not allege otherwise.

7

Accordingly, "the marking requirement of 35 U.S.C. § 287(a) does not apply" to the asserted method claims from the '357 and '018 patents, and IV may freely pursue pre-suit damages based thereon, even in the absence of pre-suit marking. *Crown Packaging*, 559 F.3d at 1310.

### B. IV Properly Preserved Its Pre-Suit Damages on Asserted Method Claims

Defendants' brief states correctly that "IV does not claim . . . that it provided actual notice to any Defendant before filing suit." Br. at 9. i.e., IV stands behind its statements to Defendants that "IV 'does not currently intend to rely on—or prove Intellectual Ventures' or Intellectual Ventures' predecessors' compliance with—the marking and notice requirements of 35 U.S.C. § 287.'" *See* Br. at 4 (Defs. Facts) ¶ 17. Nor does IV contend, at least for purposes of this motion, that its response to Defendants' Common Interrogatory No. 13 alleges sufficient pre-suit notice under Section 287. *See* Br. at 3 (Defs. Facts) ¶¶ 9-10. But that is beside the point, because—consistent with Federal Circuit case law related above—no such notice was actually required with respect to the only two patents regarding which IV seeks pre-suit damages.

Defendants' remaining argument from the record of the case is based on an inconsistent reading of IV's response to the Sprint and T-Mobile Defendants' Interrogatory No. 2, calling for IV's anticipated damages methodology. *See* Br. at 4-5 (Defs. Facts) ¶¶ 16, 18. Defendants now argue that IV somehow "confirmed in its interrogatory responses that its damages claim *does* not accrue until" the date of filing the complaint in all instances.[2] Br. at 10 (emphasis added). But the language to which Defendants point in no way clearly and unmistakably disclaims IV's right to recover pre-suit damages, consistent with *Crown Packaging*. Defendants further ignore past

---

[2] To the extent that IV's statement that IV's "damages claims *may* accrue as of the later of" the date of patent issuance or the date of complaint filing is considered ambiguous (*see* Def. Exs. 16, 17 (emphasis added)), Defendants' interpretation is nonsensical. Filing a complaint always post-dates when a patent referenced in that complaint has issued. (Defendants also omit IV's "may" qualifying language.)

8

practice among the parties in earlier litigations, which show IV's prior simultaneous (1) reliance on similar language in response to Defendants' similar interrogatories, and (2) pursuit of pre-suit damages for patents from which IV asserted only method claims.

No Defendant has identified any prejudice that they have suffered by virtue of the language of IV's interrogatory responses. Indeed, of the four Defendants filing this motion, only Sprint raised this issue with IV—and finally did so two days following the close of fact discovery, months following receipt of IV's interrogatory responses. *See supra* Facts ¶ 18; Br. at 4-5 (Defs. Facts) ¶¶ 18 & Exs. 16, 17. Neither Ericsson nor Nokia even served an interrogatory calling for a preliminary disclosure of IV's damages methodology. *See id.* And IV served Mr. Bratic's damages reports on December 12, in which Mr. Bratic's methodology clearly disclosed IV's intention to claim pre-suit damages with respect to the '357 and '018 patents from which IV asserted solely method claims. *See* Br. at 5 (Defs. Facts) ¶ 20 n.3.

The facts on which Defendants rely do not affect the scope of IV's damages case—IV is entitled to pursue pre-suit damages for those patents from which IV asserted only method claims.

## V.   CONCLUSION

Defendants' motion relies on a distortion of the law. The Federal Circuit has clearly ruled that a patentee that asserts solely method claims from any patent—regardless of whether that patent also contains apparatus claims—need not prove compliance with Section 287 to recover pre-suit damages. That has long been the law, and notwithstanding Defendants' arguments, remains the law. Defendants' recitation of IV's various interrogatory responses does not change this story—those responses are either irrelevant (no pre-suit notice was required) or do not say what Defendants claim they say (IV did not disclaim its ability to recover pre-suit damages). For these reasons, Defendants' motion should be denied.

DATED:  March 18, 2019   Respectfully submitted,

/s/ *Martin J. Black*
Martin J. Black – **LEAD ATTORNEY**
Pennsylvania Bar No. 54319
Kevin M. Flannery
Pennsylvania Bar No. 62593
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
Tel: (215) 994-4000
Fax: (215) 994-2222
martin.black@dechert.com
kevin.flannery@dechert.com

Justin F. Boyce
California Bar No. 181488
DECHERT LLP
2440 W. El Camino Real, Suite 700
Mountain View, CA 94040-1499
Tel: (650) 813-4800
Fax: (650) 813-4848
justin.boyce@dechert.com

T. John Ward Jr.
Texas Bar No. 00794818
Claire Abernathy Henry
Texas Bar No. 24053063
WARD, SMITH & HILL, PLLC
1507 Bill Owens Pkwy.
Longview, TX 75604
Tel: (903) 757-6400
Fax: (903) 757-2323
Email: jw@wsfirm.com
Email: claire@wsfirm.com

*Counsel for Plaintiff Intellectual Ventures II LLC*

## **CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

This is to certify that the above document should be filed under seal along with attachments because it contains material designated by the parties as confidential pursuant to the Stipulated Protective Order entered in this case (Dkt. 106).

<p align="right"><u>/s/ Martin J. Black</u></p>

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was served via e-mail, in accordance with Local Rule CV-5(d) on March 18, 2019 on the following counsel of record:

| | |
|---|---|
| David Finkelson<br>Andriana S. Daly<br>George B. Davis<br>Kristen M. Calleja<br>**McGuireWoods LLP**<br>800 East Canal Street<br>Richmond, VA 23219-3916<br>SprintIV4MW@mcguirewoods.com | David A. Nelson<br>Stephen A. Swedlow<br>Brianne M. Straka<br>John Poulos<br>Athena Dalton<br>**QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>191 N. Wacker Dr., Suite 2700<br>Chicago, IL 60606<br>nokiaiv-qe@quinnemanuel.com |
| Jason W. Cook<br>Kuan-Chieh Tu<br>**MCGUIREWOODS LLP**<br>2000 McKinney Avenue<br>Suite 1400<br>Dallas, TX 75201<br>SprintIV4MW@mcguirewoods.com | John T. McKee<br>**QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>51 Madison Ave., 22nd Fl.<br>New York, NY 10010<br>nokiaiv-qe@quinnemanuel.com |
| Robert W. Weber<br>**Smith Weber, LLP**<br>5505 Plaza Drive<br>Texarkana, TX 75503<br>bweber@smithweber.com | Deron R. Dacus<br>**The Dacus Firm, PC**<br>821 ESE Loop 323, Suite 430<br>Tyler, TX 75701<br>ddacus@dacusfirm.com |
| *Attorneys for Sprint Spectrum LP and Nextel Operations, Inc.* | *Attorneys for Alcatel-Lucent USA Inc.* |

<div style="column-count:2">

Douglas M. Kubehl
Jonathan B. Rubenstein
Jeffery S. Becker
Harrison G. Rich
Johnson K. Kuncheria
Steven T. Jugle
Megan V. LaDriere
Melissa L. Butler
Bryan D. Parrish
**BAKER BOTTS L.L.P.**
2001 Ross Avenue
Dallas, Texas 75201
BBEDTXIVEricsonInternal@BakerBotts.com

Melissa R. Smith
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, TX 75670
melissa@gillamsmithlaw.com

Brian P. Wikner
**Wikner PLLC**
5325 Ballard Ave. NW, Suite 216
Seattle, Washington 98107
Email: brian@wiknerpllc.com

*Attorneys for T-Mobile USA Inc., T-Mobile US Inc., Ericsson Inc. and Telefonaktiebolaget LM Ericsson*

Asim M. Bhansali
Kate Lazarus
Nicholas Sethi
**Kwun Bhansali Lazarus LLP**
555 Montgomery Street,
Suite 750
San Francisco, California 94111
KBLTMUSIV@kblfirm.com

Josh A. Krevitt
New York State Bar No. 2568228
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue, 47th Floor
New York, New York 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
E-mail: GDC-T-Mobile-IV4-94@gibsondunn.com

Stuart M. Rosenberg
**GIBSON, DUNN & CRUTCHER LLP**
CA # 239926
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel: (650) 849-5389
Fax: (650) 849-5089
Email: GDC-T-Mobile-IV4-94@gibsondunn.com

*Attorneys for T-Mobile USA Inc. and T-Mobile US Inc.*

</div>

*/s/ Laura E. Fleming*
Laura E. Fleming

13