█████████████████████████

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| **INTELLECTUAL VENTURES II LLC,** | § § § | |
| *Plaintiff*, | § § | |
| v. | § § § | |
| **SPRINT SPECTRUM L.P., NEXTEL OPERATIONS, INC., ERICSSON INC., TELEFONAKTIEBOLAGET LM ERICSSON, and ALCATEL-LUCENT USA INC.,** | § § § § § § § § | **Civil Action No. 2:17-cv-662-JRG-JRG** **LEAD** **JURY TRIAL DEMANDED** |
| *Defendants*. | § § | |
| **T-MOBILE USA, INC., T-MOBILE US, INC., ERICSSON INC., and TELEFONAKTIEBOLAGET LM ERICSSON,** | § § § § § § | **Civil Action No. 2:17-cv-661-JRG** **JURY TRIAL DEMANDED** |
| *Defendants*, | § § | ████████████ |
| v. | § § | |
| **NOKIA OF AMERICA CORPORATION,** | § § § | |
| *Intervenor*. | § § | |

## PLAINTIFF INTELLECTUAL VENTURES II LLC'S OPPOSITION TO DEFENDANT ERICSSON'S MOTION TO SEVER

██████████████████████████████

**TABLE OF CONTENTS**

|  |  | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | STATEMENT OF FACTS | 1 |
| III. | LEGAL STANDARD | 3 |
| IV. | ARGUMENT | 4 |
| | A. Ericsson's plan denies IV its right to try primary infringers T-Mobile and Sprint on all asserted claims before trying secondary infringers Ericsson and Nokia on a subset of those claims | 5 |
| | B. Ericsson waived its misjoinder argument under § 299(c) because Ericsson did not object to Nokia's Rule 24 intervention, filed joint motions and defense with Nokia, and waited until the eve of trial to seek severance. | 6 |
| | C. The "misjoinder" rules of 35 U.S.C. 299 and Rule 21 on which Ericsson bases its severance argument are inapplicable to the T-Mobile case | 7 |
| | D. No severance is needed under Rules 21 or 42(b) because Ericsson would suffer no prejudice by being tried with Nokia | 8 |
| | E. If Severance Must Occur, IV Proposes Two Trials Instead of Four | 10 |
| V. | CONCLUSION | 11 |

## **TABLE OF AUTHORITIES**

**CASES**

*Chrimar Sys., Inc. v. Adtran, Inc.*,
  No. 6:15-cv-618, D.I. 588 (E.D. Tex. Oct. 25, 2016)............................................................3, 7

*Oasis Research, LLC v. Carbonite, Inc.*,
  No. 4:10-CV-435, 2012 WL 3544881 (E.D. Tex. Aug. 15, 2012).........................................3, 7

*Richmond v. Jiawei N. Am. Inc.*,
  No. CIV.A. 13-1953 MLC, 2014 WL 326247 (D.N.J. Jan. 29, 2014) ..........................4, 6, 7, 8

*Team Worldwide Corp. v. Wal-Mart Stores, Inc.*,
  287 F. Supp. 3d 651 (E.D. Tex. 2018)...................................................................................3, 7

**OTHER AUTHORITIES**

35 U.S.C. § 299............................................................................................................... *passim*

Fed. R. Civ. P. 21 ..............................................................................................................4, 7, 8

Fed. R. Civ. P. 24 ...........................................................................................................3, 4, 6, 7

Fed. R. Civ. P. 42 .....................................................................................................................4, 8

I. **INTRODUCTION**

Ericsson's motion to sever should be denied because it improperly dictates the order in which IV tries its case, and Ericsson's claim for misjoinder under 35 U.S.C. § 299 is both inapplicable to Nokia's intervention and waived in light of Ericsson's entire year of litigating these cases together with Nokia. Ericsson's claims of prejudice by being tried alongside its co-defendants also ring hollow in light of the protective order and prior trial history.

II. STATEMENT OF FACTS

1. IV sued T-Mobile and Ericsson together for patent infringement on August 9, 2017. Civil Action No. 2:17-cv-577-JRG, D.I. 1 (the "577 Case").

2. IV sued T-Mobile and Ericsson together for patent infringement on September 21, 2017. Civil Action No. 2:17-cv-661-JRG, D.I. 1 (the "661 Case").

3. IV sued Sprint, Ericsson, and Alcatel Lucent (Nokia) for patent infringement on September 21, 2017. Civil Action No. 2:17-cv-662-JRG (the "662 Case").

4. T-Mobile and Ericsson retained the same counsel for the 661 Case on December 8, 2017. 661 Case, D.I. 28.

5. Without opposition from Ericsson, IV amended its infringement contentions in the 661 Case against T-Mobile on February 12, 2018, to include certain instrumentalities manufactured by Nokia. 662 Case, D.I. 83.

6. Nokia sought to intervene in the T-Mobile 661 Case and was granted intervenor status on April 2, 2018. 662 Case, D.I. 112; 662 Case, D.I. 114. Ericsson did not object to Nokia's intervention.

7. In December 2018, Ericsson and T-Mobile's counsel notified IV that it believed Ericsson was misjoined, but gave no indication how it proposed to sever the parties. *See* Ex. 2 (E-mail Chain Discussing Severance on December 7, 2018).

1

8. IV notified Defendants on March 19, 2019, that it intended to move to bifurcate Defendants' FRAND counterclaims and conducted a conference with Defendants on that issue on March 21, 2019. IV then notified Defendants on March 21, 2019, that it would file its motion to bifurcate on March 22 and offered to confer with Defendants a final time before filing on that day. *See* Ex. 3 (Meet and confer emails about bifurcation and severance).

9. Ericsson responded to IV's invitation to confer on March 22, declared that Ericsson intended to file a motion to sever that day, and asked to confer for that reason. *See* Ex. 3.

10. However, on the subsequent conference, Ericsson's counsel was again unable to describe how it proposed to sever the parties. *See id.*

11. On March 22, 2019, less than two months before trial was set to begin, and eighteen months after suit was filed, Ericsson filed its instant motion to sever the T-Mobile and Sprint cases into four individual trials. 662 Case, D.I. 366.

12. On April 8, 2019, Sprint filed its Response to Ericsson's Motion to Sever, stating that Sprint opposed Ericsson's motion to the extent that it severed the case into four individual trials. *See* 662 Case, D.I. 420.

13. On April 8, 2019, T-Mobile filed its Response to Ericsson's Motion to Sever, asking the Court to deny Ericsson's Motion to Sever. D.I. 421-1.

14. IV has accused T-Mobile and Sprint in the 661 and 662 Cases respectively, of directly infringing all asserted claims, including claims 1-3, 7-8, 18-20, 24-25, 9-10, 14, 17, 26-27, 31, and 34 of U.S. Patent No. 9,532,330; claims 11-14, 19, 30-33, 38, 47-50 and 54 of U.S. Patent No. 8,682,357; claims 1-2, 5-6, 8-9, 12-13, 15-16, 19-20, 22-23, 26-27, 29-30, 33-34, 36-37, and 40-41 of U.S. Patent No. 8,897,828; claims 1-5, 6-9, 11, 13, 14, 18, 22–25, 27, 28, 32,

and 36–38 of U.S. Patent No. 8,953,641; claims 12–14, 16–18, 20–22 and 24–25 of U.S. Patent No. 9,320,018; as well as claims 1, 2, 4, 6, 7, and 9 of U.S. Patent No. 9,681,466. *See* Ex. 1 (Infringement Contentions).

15. IV has accused Ericsson of infringing a subset of the asserted claims in the 661 and 662 Cases, including claims 1-3, 7-8, 18-20, and 24-25 of U.S. Patent No. 9,532,330; claims 11-14, 19, 30-33, and 38 of U.S. Patent No. 8,682,357; claims 15-16, 19-20, 22-23, 26-27, 29-30, 33-34, 36-37, and 40-41 of U.S. Patent No. 8,897,828; claims 1-5 of U.S. Patent No. 8,953,641; claims 12-14, 16-18, and 20-22 of U.S. Patent No. 9,320,018; as well as claims 4 and 9 of U.S. Patent No. 9,681,466. *Id.*

16. IV has accused Nokia/Alcatel Lucent of infringing a subset of the asserted claims in the 661 and 662 Cases, including claims 1-3, 7-8, 18-20, and 24-25 of U.S. Patent No. 9,532,330; claims 11-14, 19, 30-33, and 38 of U.S. Patent No. 8,682,357; claims 15-16, 19-20, 22-23, 26-27, 29-30, 33-34, 36-37, and 40-41 of U.S. Patent No. 8,897,828; claims 12-14, 16-18, and 20-22 of U.S. Patent No. 9,320,018; as well as claims 4 and 9 of U.S. Patent No. 9,681,466. *Id.*

## III.  LEGAL STANDARD

An intervening defendant can properly intervene into a case with other defendants under Fed. R. Civ. P. 24(b), which provides that the court may permit intervention of anyone who "has a claim or defense that shares with the main action a common question of law or fact." This intervention may occur even if the requirements of 35 U.S.C. § 299 are not met. *See Team Worldwide Corp. v. Wal-Mart Stores, Inc.*, 287 F. Supp. 3d 651, 654 (E.D. Tex. 2018) ("Section 299 does not and should not apply in this case because the intervenors did not enter this case under the joinder rules of Rule 20.")

A party may waive its right to seek to sever defendants on the basis that those defendants have been misjoined. 35 U.S.C. § 299(c) ("[a] party that is an accused infringer may waive the limitations set forth in this section with respect to that party."); *see also* Fed. R. Civ. P. 21. Such a waiver may result from failure to object to parties' Rule 24 intervention. *See Richmond v. Jiawei N. Am. Inc.*, No. CIV.A. 13-1953 MLC, 2014 WL 326247, at *2 (D.N.J. Jan. 29, 2014) ("Richmond expressed concern that Coleman's intervention would enable other Defendants to assert a misjoinder argument, since Coleman does not sell the asserted 'same accused product.' The Court notes that *no defendant filed opposition to Coleman's proposed intervention, and it appears that the defendants have acquiesced to Coleman's presence in this litigation . . . .* Therefore, the Court finds that Coleman may permissively intervene in this matter." (emphasis added)). Waiver may also occur due to a defendant affirmatively litigating a case in conjunction with co-defendants for a substantial period of time. *See Chrimar Sys., Inc. v. Adtran, Inc.*, No. 6:15-cv-618, D.I. 588, at 4-5 (E.D. Tex. Oct. 25, 2016) ("The Court finds that the parties' affirmative actions in filing joint motions, including a joint motion to transfer both Aerohive and Dell to the Northern District of California, as well as their cooperation and joint defense in this action for the past sixteen months, has the same effect as a negotiated waiver. Therefore, the Court finds the limitations of § 299 waived.").

## IV.   ARGUMENT

Ericsson's motion to sever would allow it to impermissibly dictate how IV tries its case against T-Mobile and Sprint. Ericsson's motion is also founded on the faulty premise of misjoinder under 35 U.S.C. § 299—faulty both because that statute is inapplicable to the 661 Case and because Ericsson has waived any rights under it to seek severance based on misjoinder. Furthermore, being tried with Nokia would not prejudice Ericsson such that severance is needed under Rule 21, or that bifurcation of Ericsson and Nokia is needed under Rule 42(b).

### A. Ericsson's plan denies IV its right to try primary infringers T-Mobile and Sprint on all asserted claims before trying secondary infringers Ericsson and Nokia on a subset of those claims

IV has accused T-Mobile and Sprint of directly infringing all asserted claims of all asserted patents. Ex. 1. In contrast, Ericsson and Nokia are accused of infringing a subset of the asserted claims and patents. *Id.* IV is entitled to try its case first against the two primary infringers—T-Mobile and Sprint—and Ericsson has no right to dictate the order in which IV tries its cases. If they wish, Ericsson and Nokia, ███████████████████████ ███, may seek to join Sprint and T-Mobile in their trials.

In addition, even under Ericsson's transaction-or-occurrence argument pursuant to 35 U.S.C. § 299 (Br. at 7-9), Ericsson should not be severed from T-Mobile or Sprint. In particular, there is no reason to sever Ericsson under the "same transaction or occurrence" test, when IV is accusing Ericsson of inducing both T-Mobile and Sprint to use the same infringing models of Ericsson base stations and perform the same infringing methods on those stations in essentially the same manner. Ex. 1. T-Mobile and Sprint thus infringe in the same transaction or occurrence as Ericsson. In addition, Ericsson had no objections to being joined with T-Mobile in the 577 Case and took the leading role at trial. Ex. 4 (577 Case, February 4, 2019, Trial Transcript at 51:20-52:1, 52:19-23). Any arguments by Ericsson based on potential prejudice of being tried with T-Mobile or Sprint are also belied by their insistence on intervening in prior litigations in Delaware concerning Sprint's and T-Mobile's use of Ericsson base stations. Ex. 5 (Ericsson's April 29, 2014, motion to intervene on behalf of Sprint and T-Mobile).

In sum, Ericsson has no right or rationale for severing itself from primary infringers T-Mobile and Sprint in order to have its own individual trial first. Ericsson may seek to appear in T-Mobile and Sprint's trials or wait until afterwards and seek its own trial. But regardless, as explained below, Ericsson seeking its own trial first would be inefficient for all parties. *See also*

662 Case, D.I. 420 (Sprint's Response to Ericsson's Motion to Sever) ("Under Ericsson's proposal, Sprint-related allegations of infringement would be adjudicated inefficiently in three separate jury trials").

> **B. Ericsson waived its misjoinder argument under § 299(c) because Ericsson did not object to Nokia's Rule 24 intervention, filed joint motions and defense with Nokia, and waited until the eve of trial to seek severance.**

By choosing not to object to Nokia's intervention, waiting until the eve of trial, and affirmatively cooperating through filing joint motions with Nokia, Ericsson has waived its "misjoinder" argument under 35 U.S.C. § 299. Specifically, when Nokia sought to intervene in the 661 T-Mobile case a year ago under Rule 24, Ericsson lodged no objection—despite having ample opportunity and notice to do so. *See* 662 Case D.I. 112; 661 Case D.I. 53; Fed. R. Civ. P. 24(c) (requiring a motion to intervene be "served on the parties as provided in Rule 5," and that the motion "state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought"). Thus, Ericsson waived its right to now seek severance under § 299's misjoinder provision. *See Richmond v. Jiawei*, 2014 WL 326247, at *2 ("The Court notes that *no defendant filed opposition to Coleman's proposed intervention, and it appears that the defendants have acquiesced to Coleman's presence in this litigation . . . .*" (emphasis added)). Ericsson also waited until more than a year after IV filed suit before even hinting that it believed that any parties were misjoined in either the 661 or 662 Cases. *See* Ex. 2. Ericsson then waited yet another four months before suddenly informing IV—during the meet-and-confer process concerning IV's unrelated motion to bifurcate—that Ericsson alone would move to sever that same day (though Ericsson could not confirm during the meet and confer which parties they were seeking to sever). Ex. 3. Also, Ericsson and Nokia, as well as Sprint and T-Mobile, have filed joint motions and otherwise asserted defenses together, thus waiving any assertion of misjoinder under § 299. *See, e.g.*, 662 Case D.I. 299 (Defendants' motion for

6

summary judgment of no willful infringement); D.I. 297 (Defendants' motion for summary judgment of no pre-suit damages); D.I. 305 (Defendants' motion for summary judgment that certain disputed references are prior art); D.I. 296 (Defendants' Rule 702 and *Daubert* motion to exclude expert opinions of Dr. Douglas A. Chrissan); D.I. 298 (Defendants' Rule 702 and *Daubert* motion to exclude expert opinion of Mr. Walter Bratic); *see also Chrimar Sys., Inc. v. Adtran, Inc.*, No. 6:15-cv-618, ECF 588, at 4-5 (E.D. Tex. Oct. 25, 2016) ("The Court finds that the parties' affirmative actions in filing joint motions, [ . . .], as well as their cooperation and joint defense in this action for the past sixteen months, has the same effect as a negotiated waiver."). If Ericsson's present opposition to being tried with Nokia was based on actual prejudice, Ericsson should have objected when Nokia intervened and before Ericsson litigated this case for more than a year in conjunction with all the other Defendants. Having failed to do so, Ericsson has waived its misjoinder arguments.

    **C.    The "misjoinder" rules of 35 U.S.C. 299 and Rule 21 on which Ericsson bases its severance argument are inapplicable to the T-Mobile case**

Because Nokia intervened in the 661 Case under Fed. R. Civ. P. 24, Nokia is not subject to the AIA misjoinder provision of 35 U.S.C § 299 or Fed. R. Civ. P. 21. The defendants in the 661 Case were properly joined more than a year ago when this Court weighed, and the parties had the opportunity to object to, the intervention of Nokia into the case under Rule 24. *See* D.I. 112; D.I. 114. As such, the misjoinder provision of § 299 does not apply. *See Team Worldwide v. Wal-Mart*, 287 F. Supp. 3d at 654 ("Section 299 does not and should not apply in this case because the intervenors did not enter this case under the joinder rules of Rule 20."). Likewise, this Court may also join parties under Fed. R. Civ. P. 21 even if they do not meet the requirements of § 299. *See Richmond v. Jiawei*, 2014 WL 326247, at *2 ("the Court is unaware of any decision that interprets 35 U.S.C. § 299 as prohibiting the Court from adding a party

7


pursuant to Rule 21."). These principles are clearly applicable here, where Ericsson's plan to sever Nokia from T-Mobile would deny Nokia the right that it sought when it intervened—to be joined in the same case with T-Mobile and Ericsson. 662 Case D.I. 112; 661 Case D.I. 53. Furthermore, Ericsson's motion does not inform the Court as to any other Defendants' positions on severance. 661 Case, D.I. 366. Indeed, Sprint opposes Ericsson's proposed severance on at least grounds of inefficiency. *See* 662 Case, D.I. 420. T-Mobile also urges the court to deny Ericsson's motion. *See* 662 Case, D.I. 421-01. Ericsson's motion to sever should therefore be denied.

      **D.    No severance is needed under Rules 21 or 42(b) because Ericsson would suffer no prejudice by being tried with Nokia**

Ericsson claims that it will suffer prejudice simply because some confidential Ericsson source code may be displayed at trial or some discussion of Ericsson's ▮▮▮▮▮▮▮▮▮▮ may occur in front of Nokia. D.I. 366 at 11-12. However, that same concern, that confidential material would be disclosed in a harmful manner to third parties, was also present in the prior 577 Case. In the 577 Case, which included Ericsson and T-Mobile, ▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮—all with no objection by Ericsson. *See, e.g.*, Ex. 6 (577 Case Sealed Trial Transcripts). The 577 proceeding was governed by an identical protective order to the one that is operative in this case—which specifies the appropriate action to be taken with such confidential information, including sealing the courtroom. *See, e.g.*, 662 Case D.I. 106.

Ericsson provides no reason why similar measures could not be implemented in a trial with Ericsson and Nokia. Indeed, the only difference between the 577 Case trial and the forthcoming 661 and 662 Case trials would be that instead of solely IV's representatives leaving

8

the courtroom when Ericsson confidential information is presented, Nokia's representatives would leave as well.

Ericsson also argues that a jury could somehow become confused between Ericsson and Nokia products. However, this concern is easily remedied by clear instructions to the jury from both this Court and from counsel throughout the trial. *See, e.g.*, *Oasis Research, LLC v. Carbonite, Inc.*, No. 4:10-CV-435, 2012 WL 3544881, at *6 (E.D. Tex. Aug. 15, 2012) (consolidating newly severed cases to promote judicial economy despite arguments about "jury confusion and prejudice"). Furthermore, if Ericsson is correct that their base station systems are so different in composition and operation from Nokia's, then Ericsson's counsel and experts should have no difficulty explaining and highlighting those differences to the jury. *See* D.I. 366 at 3 ("While Ericsson and Nokia both develop and manufacture base stations, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓"); *id.* at 9 (Ericsson's base stations are different products from Nokia's base stations. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓"). And though Ericsson notes the 75 witnesses that have been disclosed across the 661 and 662 Cases, it declines to break down which witnesses will testify in which cases. Furthermore, this number of witness represents only the number of witnesses the parties *may* call. It is likely, given time constraints at trial, the actual number of witnesses giving testimony will be much smaller. Indeed in the single 577 Case, the parties disclosed 37 witnesses and only 12 actually testified at trial.

Finally, Ericsson's concerns about an adverse inference being drawn from the fact that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓—are without merit. D.I. 366 at 13-14. The Court can instruct the jury that no negative inference should stem from the fact Nokia is

9

██████████████████████, just as the Court will not permit any negative inference against ████ ████████████████████████████████████████████████████████. Furthermore, such a negative inference could still occur even under Ericsson's proposed severance into four trials. Trying T-Mobile and Sprint by themselves, as proposed by Ericsson, would still necessitate explaining ██████████████████████████████████████████████████ ████████████████████████████████████████████████.

### E. If Severance Must Occur, IV Proposes Two Trials Instead of Four

If this Court decides that Ericsson must be severed from Nokia, IV proposes in the interest of efficiency that two trials take place instead of Ericsson's proposed four. IV proposes that these cases be tried such that (1) Ericsson, T-Mobile, and Sprint are tried together and (2) Nokia, T-Mobile, and Sprint are next tried together. If this Court grants IV's motion to bifurcate Defendants' FRAND counterclaims (and also assuming those counterclaims are not dismissed per IV's pending motion), IV believes that the questions of law and fact concerning Defendants counterclaims are so similar that they should be tried together in a single further action. *See generally* D.I. 358 (IV's Motion to Bifurcate).

Should the Court find that four trials are absolutely required, then IV is entitled to, at the very least, try the primary infringers, T-Mobile and Sprint, first. Trying T-Mobile and Sprint first on the full set of asserted patents and claims, as opposed to just trying Ericsson and Nokia on the subset of those claims, could lead to trial efficiencies. Such an order would promote judicial efficiency because Ericsson is only accused of infringing a subset of the asserted claims against Sprint and T-Mobile. *See* SOF ¶ 14-16. Thus, a finding of noninfringement or invalidity as to all asserted claims (or even the subset of claims also asserted against Ericsson) in Sprint or T-Mobile's trials could resolve the need for a separate Ericsson trial completely. *See* Ex. 1.

In contrast, Ericsson's plan to try Ericsson and Nokia before Sprint and T-Mobile would

almost certainly still require further trials by Sprint and T-Mobile, even if Ericsson and Nokia prevailed against all claims asserted against them individually. Ericsson's plan to try Nokia before T-Mobile and Sprint also suffers from the same defects of impermissibly trying the primary infringers before the secondary infringers and of being inefficient. Furthermore, Ericsson does not address the fact that if Defendants' counterclaims (to the extent they are not dismissed) are bifurcated (as they properly should be), Ericsson's proposed four trials would then become seven trials.[1] In light of such a large number of proposed trials, Ericsson's claim of efficiency is clearly meritless. Indeed, even Ericsson's co-defendant Sprint disagrees with Ericsson's proposal of four trials, noting that "[c]urrently, Sprint faces one jury trial involving all Sprint-related allegations of infringement, as well as Sprint's counterclaims. Under Ericsson's proposal, Sprint-related allegations of infringement would be adjudicated inefficiently in three separate jury trials—one against Ericsson, one against Nokia, and one against Sprint." 662 Case, D.I. 420. Furthermore, Ericsson's co-defendant T-Mobile also opposes Ericsson's motion to sever: "[b]efore the Court is Ericsson's Motion to Sever. The Court, having considered same, is of the opinion the motion should be DENIED." 662 Case, D.I. 421-01, Proposed Order.

**V.     CONCLUSION**

Ericsson's motion to sever should therefore be denied.

---

[1] Nokia does not assert the counterclaims and defenses that IV has moved to bifurcate.

DATED: April 8, 2019

Respectfully submitted,

/s/ *Martin J. Black*
Martin J. Black – **LEAD ATTORNEY**
Pennsylvania Bar No. 54319
Kevin M. Flannery
Pennsylvania Bar No. 62593
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
Tel: (215) 994-4000
Fax: (215) 994-2222
martin.black@dechert.com
kevin.flannery@dechert.com

Justin F. Boyce
California Bar No. 181488
DECHERT LLP
2440 W. El Camino Real, Suite 700
Mountain View, CA 94040-1499
Tel: (650) 813-4800
Fax: (650) 813-4848
justin.boyce@dechert.com

T. John Ward Jr.
Texas Bar No. 00794818
Claire Abernathy Henry
Texas Bar No. 24053063
WARD, SMITH & HILL, PLLC
1507 Bill Owens Pkwy.
Longview, TX 75604
Tel: (903) 757-6400
Fax: (903) 757-2323
Email: jw@wsfirm.com
Email: claire@wsfirm.com

*Counsel for Plaintiff Intellectual Ventures II LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was served via e-mail, in accordance with Local Rule CV-5(d) on April 8, 2019 on the following counsel of record:

| | |
|---|---|
| David Finkelson<br>Andriana S. Daly<br>George B. Davis<br>Kristen M. Calleja<br>**McGuireWoods LLP**<br>800 East Canal Street<br>Richmond, VA 23219-3916<br>SprintIV4MW@mcguirewoods.com<br><br>Jason W. Cook<br>Kuan-Chieh Tu<br>**MCGUIREWOODS LLP**<br>2000 McKinney Avenue<br>Suite 1400<br>Dallas, TX 75201<br>SprintIV4MW@mcguirewoods.com | David A. Nelson<br>Stephen A. Swedlow<br>Brianne M. Straka<br>John Poulos<br>Athena Dalton<br>**QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>191 N. Wacker Dr., Suite 2700<br>Chicago, IL 60606<br>nokiaiv-qe@quinnemanuel.com<br><br>John T. McKee<br>**QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>51 Madison Ave., 22nd Fl.<br>New York, NY 10010<br>nokiaiv-qe@quinnemanuel.com |
| Robert W. Weber<br>**Smith Weber, LLP**<br>5505 Plaza Drive<br>Texarkana, TX 75503<br>bweber@smithweber.com | Deron R. Dacus<br>**The Dacus Firm, PC**<br>821 ESE Loop 323, Suite 430<br>Tyler, TX 75701<br>ddacus@dacusfirm.com |
| *Attorneys for Sprint Spectrum LP and Nextel Operations, Inc.* | *Attorneys for Alcatel-Lucent USA Inc.* |

13

| | |
|---|---|
| Douglas M. Kubehl<br>Jonathan B. Rubenstein<br>Jeffery S. Becker<br>Harrison G. Rich<br>Johnson K. Kuncheria<br>Steven T. Jugle<br>Megan V. LaDriere<br>Melissa L. Butler<br>Bryan D. Parrish<br>**BAKER BOTTS L.L.P.**<br>2001 Ross Avenue<br>Dallas, Texas 75201<br>BBEDTXIVEricsonInternal@BakerBotts.com<br><br>Michael Hawes<br>**BAKER BOTTS L.L.P.**<br>910 Louisiana Street<br>Houston, Texas 77002<br>BBEDTXIVEricsonInternal@BakerBotts.com<br><br>Lauren J. Dreyer<br>**BAKER BOTTS L.L.P.**<br>1299 Pennsylvania Avenue NW<br>Washington, DC 20004<br>BBEDTXIVEricsonInternal@BakerBotts.com<br><br>Melissa R. Smith<br>**GILLAM & SMITH, LLP**<br>303 South Washington Avenue<br>Marshall, TX 75670<br>melissa@gillamsmithlaw.com<br><br>Brian P. Wikner<br>**Wikner PLLC**<br>5325 Ballard Ave. NW, Suite 216<br>Seattle, Washington 98107<br>Email: brian@wiknerpllc.com<br><br>*Attorneys for T-Mobile USA Inc., T-Mobile US Inc., Ericsson Inc. and Telefonaktiebolaget LM Ericsson* | Asim M. Bhansali<br>Kate Lazarus<br>Nicholas Sethi<br>**Kwun Bhansali Lazarus LLP**<br>555 Montgomery Street,<br>Suite 750<br>San Francisco, California<br>94111<br>KBLTMUSIV@kblfirm.com<br><br>Josh A. Krevitt<br>New York State Bar No.<br>2568228<br>**GIBSON, DUNN &<br>CRUTCHER LLP**<br>200 Park Avenue, 47th Floor<br>New York, New York 10166<br>Telephone: (212) 351-4000<br>Facsimile: (212) 351-4035<br>E-mail: GDC-T-Mobile-IV4-94@gibsondunn.com<br><br>Stuart M. Rosenberg<br>**GIBSON, DUNN &<br>CRUTCHER LLP**<br>CA # 239926<br>1881 Page Mill Road<br>Palo Alto, CA 94304-1211<br>Email: GDC-T-Mobile-IV4-94@gibsondunn.com<br><br>*Attorneys for T-Mobile USA Inc. and T-Mobile US Inc.* |

*/s/ Laura E. Fleming*
Laura E. Fleming

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I certify that the foregoing document and attachments thereto are authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Martin J. Black*
Martin J. Black