# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| INTELLECTUAL VENTURES II LLC, | § § § | |
| Plaintiff, | § § | Case No. 2:17-cv-00662-JRG-RSP |
| v. | § § | |
| SPRINT SPECTRUM, L.P. ET AL, | § § | |
| Defendants. | § § | |

## **MEMORANDUM ORDER**

Before the Court is Defendants' Sealed Daubert Motion to Exclude the Expert Opinions of Dr. Douglas A. Chrissan. (Dkt. No. 296.) Having considered the Motion, and for the reasons described herein, the Court DENIES Defendants' Motion.

Defendants argue that Chrissan is not sufficiently qualified to perform patent valuations as he does not have any "experience with patent valuation whatsoever." (Dkt. No. 296 at 6.) This ignores the fact that Chrissan served in a similar role in a case ("the 577 case") between some of the same parties a few months ago. *See* Motion to Exclude Chrissan, *Intellectual Ventures I LLC v. T Mobile USA, Inc. et al*, 2:17-cv-00577-JRG (Dkt. No. 211). Defendants raised the same challenge to the qualifications in the 577 case as they do here, including an argument that Chrissan had no "experience with patent valuation whatsoever." (*Id*. at 5.) The Court eventually concluded that Chrissan was sufficiently qualified in the 577 case to perform an analysis that is very similar to the analysis conducted here, and Defendants have not provided

any reason why the Court should conclude differently in this case, especially when Chrissan has even more experience than he did before. Accordingly, the Court concludes that Chrissan is sufficiently qualified to serve as an expert at trial and will not exclude his opinions on that basis.

Further, while Defendants challenge the reliability of Chrissan's opinions, the Court concludes that cross-examination is the appropriate mechanism to raise these challenges and that Defendant's have not shown that Chrissan's opinions are so unreliable that they should be excluded. Again, this Court recently denied the similar *Daubert* Motion in the 577 case, and the differences between Chrissan's testimony in that case and in this case are not so substantial as to make his opinions unreliable here. (*See* 2:17-cv-00577, Dkt. No. 211.)

While Defendants assert that Chrissan's analysis adds an additional step to the previous analysis that makes it unreliable, this issue would be more appropriately resolved through cross examination. Chrissan evaluates the technical value of a group of Ericsson patents, a group of patents that were asserted in the 577 case, and the presently asserted patents. (Dkt. No. 296 ¶¶ 8–167, 175– 87, 189–201.) Chrissan compares the technical value of the Ericsson patents to the technical value of the patents asserted in the 577 case. (Dkt. No. 296 at ¶¶ 208–09.) Chrissan then compares the Malibu patents to the presently asserted patents to reach a technical valuation for the presently asserted patents, which Defendants argue is an additional step of analysis that did not exist in the previous case. (Dkt. No. 296-5 at ¶¶ 210–11.) The Court concludes that this additional step does not make Chrissan's opinions unreliable and that any concerns with his

approach are more appropriate for cross examination. Accordingly, Defendants' Motion (Dkt. No. 296) is DENIED.

**SIGNED this 11th day of April, 2019.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE