**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| INTELLECTUAL VENTURES II LLC, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> SPRINT SPECTRUM, L.P., ET AL. § <br> § <br> *Defendants*. § <br> § | | Case No. 2:17-CV-0662-JRG-RSP <br> (LEAD) |
| T-MOBILE USA, INC., ET AL., § <br> § <br> *Defendants*, § <br> § <br> v. § <br> § <br> NOKIA OF AMERICA CORPORATION, § <br> § <br> *Intervenor*. § | | Case No. 2:17-CV-0661-JRG-RSP <br> (MEMBER) |

## **MEMORANDUM ORDER**

On February 18, 2019, Defendant Ericsson served disclosures regarding Christian Skarby, Dr. Stefan Parkvall, and Ulf Rydin as non-retained expert witnesses pursuant to Fed. R. Civ. P. 26(a)(2)(C). Plaintiff moves to strike these witness' opinion testimony (Dkt. No. 304), arguing that the disclosures are untimely under this Court's Docket Control Orders (Dkt. Nos. 260 and 284).

Federal Rule of Civil Procedure 26 (a)(2)(A) requires the disclosure of expert testimony prior to trial – "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Rule 26 (a)(2)(D) further adds that expert disclosures must be made "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26 (a)(2)(D). If a party fails to identify a witness as required by Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a

1

hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37 (c)(1).

Here, the deadline to serve disclosures for expert witnesses by the party with the burden of proof was December 12, 2018. (Dkt. No. 260). The deadline to serve disclosures for rebuttal expert witnesses was January 21, 2019. (Dkt. No. 284). No matter how the proffered opinion testimony of Skarby, Parkvall, and Rydin is described, the expert disclosures are untimely under the Court's scheduling order.

Once a scheduling order is entered, it may be modified only for good cause. Fed. R. Civ. P. 16 (b)(4). In determining whether good cause exists to modify a scheduling order, the Court considers the following factors: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990).

Defendant Ericsson's explanation does not warrant relief. Ericsson contends that it "was justifiably compelled" to designate Skarby, Parkvall, and Rydin as employee-experts "out of an abundance of caution." (Dkt. No. 333 at 4). Ericsson states that during the trial in *Intellectual Ventures I LLC v. T-Mobile USA, Inc. et al*, Case No. 2:17-cv-00577-JRG (the "577 case"), Plaintiff objected to Skarby's testimony numerous times as being improper expert testimony. (Dkt. No. 333 at 4). Once the trial in the 577 case concluded, Ericsson designated Skarby, Parkvall, and Rydin as non-retained employee-experts in this case, apparently to prevent the same objections being raised in the upcoming trial of this case. If Ericsson wanted to preserve the right to elicit opinion testimony, it should have been done so by disclosing Skarby, Parkvall, and Rydin by the deadlines set out in the Court's scheduling orders. *See Sturgeon v. Airborne Freight Corp.*, 778

F.2d 1154, 1158 (5th Cir.1985) (plaintiff should have been aware of need for expert testimony and last-minute expert designation was refused).

Ericsson contends that Skarby, Parkvall, and Rydin's testimony is important because each witness has extensive personal knowledge of the accused products and 3GPP standards and would not be cumulative of the testimony offered by Ericsson's retained experts. (Dkt .No. 333 at 5, 6-7). There is no dispute as to whether these witnesses may testify about their personal knowledge of the facts. (*See* Dkt. No. 371 at 2) ("To be clear, [Plaintiff] does not and has not opposed these witnesses testifying about their personal knowledge of facts."). Rather, the question is whether these witnesses' testimony may include expert opinion.

Even so, Ericsson contends the untimely disclosure is not prejudicial because "the subject matter and facts disclosed in each witness's Rule 26 (a)(2)(C) disclosures was consistent with the subject matter and facts covered in each witness's deposition." (Dkt. No. 333 at 7). This argument misses the point. Plaintiff was not on notice, at the time of the depositions, that these witnesses would be allowed to express expert opinions at trial. Thus Plaintiff had no reason to fully explore any opinions tendered during the depositions, and to probe the qualifications of the witnesses and the evidentiary bases to support the opinions. Just saying that the trial testimony will be the same as the deposition testimony does not cure the failure to timely disclose the opinions.

This case has pending for more than eighteen months and trial is scheduled for next month. Continuing the trial at the eleventh hour to accommodate three untimely disclosed witnesses would not cure the prejudice, but would only exacerbate the prejudice. Defendant Ericsson therefore cannot establish good cause for this Court to modify its scheduling order to accommodate this untimely disclosure. Accordingly, Plaintiff's motion is **GRANTED**. This Memorandum Order

does not prevent Skarby, Parkvall, or Rydin from testifying as to their personal knowledge of any relevant facts.

**SIGNED this 12th day of April, 2019.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE