HIGHLY CONFIDENTIAL OUTSIDE ATTORNEY'S EYES ONLY

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| INTELLECTUAL VENTURES II LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 2:17-cv-662-JRG |
| | § | |
| SPRINT SPECTRUM L.P., | § | JURY TRIAL DEMANDED |
| NEXTEL OPERATIONS, INC., | § | |
| ERICSSON INC., | § | **FILED UNDER SEAL** |
| TELEFONAKTIEBOLAGET LM ERICSSON, | § | |
| and ALCATEL-LUCENT USA INC., | § | |
| | § | |
| *Defendants*. | § | |
| | § | |
| INTELLECTUAL VENTURES II LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 2:17-cv-661-JRG |
| | § | |
| T-MOBILE USA, INC., T-MOBILE US, INC., | § | JURY TRIAL DEMANDED |
| ERICSSON INC., and | § | |
| TELEFONAKTIEBOLAGET LM ERICSSON, | § | **FILED UNDER SEAL** |
| | § | |
| *Defendants*, | § | |
| | § | |
| NOKIA OF AMERICA CORPORATION, | § | |
| | § | |
| *Intervenor*. | § | |

**DEFENDANTS' RESPONSE TO INTELLECTUAL VENTURES' MOTIONS *IN LIMINE***

HIGHLY CONFIDENTIAL OUTSIDE ATTORNEY'S EYES ONLY

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

### <u>Cases</u>

*01 Communique Lab., Inc. v. Citrix Sys., Inc.*,
    889 F.3d 735 (Fed. Cir. 2018) ................................................... 8

*Apple, Inc. v. Samsung Elecs. Co.*,
    No. 11-CV-01846-LHK, 2012 WL 3536797 (N.D. Cal. Aug. 13, 2012)................................... 2

*Better Mouse Co. LLC v. SteelSeries ApS*,
    No. 2:14-cv-198-RSP, 2016 WL 3611560 at \*1 (E.D. Tex. Jan. 5, 2016)................................ 6

*Enplas Display Device Corp. v. Seoul Semiconductor Co.*,
    909 F.3d 398 (Fed. Cir. 2018) ................................................... 3, 12

*Finjan, Inc. v. Blue Coat Sys., Inc.*,
    879 F. 3d 1299 ...................................................................... 12

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
    136 S. Ct. 1923 (2016)............................................................ 3, 12

*Huawei Techs. Co. v. T-Mobile US, Inc.*,
    No. 2:16-CV-0052-JRG-RSP, 2017 WL 3954108 (E.D. Tex. Aug. 29, 2017) ....................... 14

*Kern v. Hershberger*,
    No. 4:09-CV-264, 2010 WL 11531096 (E.D. Tex. Sept. 3, 2010)............................................ 4

*Omega Patents, LLC v. Calamp Corp.*,
    No. 2018-1309 (Fed. Cir. Apr. 8, 2019) .......................................... 3

*Phillips v. AWH Corp.*,
    415 F.3d 1303 (Fed. Cir. 2005) ................................................. 7

*Retractable Techs., Inc. v. Abbott Labs., Inc.*,
    No. 5:05-CV-157(DF), 2010 WL 11531183 (E.D. Tex. June 18, 2010)................................... 5

*Tech Pharmacy Servs., LLC v. Alixa Rx LLC*,
    No. 4:15-CV-766, 2017 WL 3318247 (E.D. Tex. Aug. 3, 2017)............................................ 6

*ThinkOptics, Inc. v. Nintendo of Am., Inc.*,
    2013 WL 5934471 (E.D. Tex. Sept. 11, 2013)........................................................... 6

*Tyco Healthcare Grp. LP v. Applied Med. Res. Corp.*,
    No. 9:09-CV-176, 2010 WL 11469880 (E.D. Tex. Feb. 26, 2010)........................................ 11

HIGHLY CONFIDENTIAL OUTSIDE ATTORNEY'S EYES ONLY

*United States v. Ariza-Ibarra*,
   651 F.2d 2 (1st Cir. 1981) .......................................................................................... 2

*United States v. Wilson*,
   322 F.3d 353 (5th Cir. 2003) ................................................................................. 2, 3

*Ziilabs Inc., Ltd. v. Samsung Elecs. Co.*,
   No. 2:14-CV-203-JRG-RSP, 2015 WL 7303352 (E.D. Tex. Aug. 25, 2015) ........................... 5

## <u>Statutes</u>

Fed. R. Evid.403, 404 .................................................................................................... 7

HIGHLY CONFIDENTIAL OUTSIDE ATTORNEY'S EYES ONLY

Defendants respectfully respond to Intellectual Ventures' motions *in limine* as follows:[1]

**1.      Exclude evidence relating to Defendants' IPRs filed against the patents-in-suit.**

Both IV and Defendants have filed motions to exclude IPR evidence, *see* Dkt. 426, (MIL 15), but diverge on whether IPR proceedings advanced at trial as costs and fees constituting a part of Defendants' damages may be discussed at trial.  In its brief, IV insists that Defendants' "carve-out is unworkable" Mot. at 1.  In an effort to achieve compromise, Defendants proposed the following revised version of Defendants' MIL 15: "No reference to post-grant filings at the PTO regarding the patents-in-suit, including any IPR petitions or decisions granting/denying institution, except with respect to IPR proceedings that are advanced at trial as costs and fees constituting a part of Defendants' damages."  Defendants believe this version addresses IV's concerns and properly cabins the scope of IPR evidence and testimony at trial.  IV, however, continues to oppose Defendants' proposal even though there appears to be no dispute that IPR costs and fees are a constituent part of Defendants' damages in these cases.  Given that IV's motion *in limine* fails to take this reality into account, IV's motion should be denied.

**2.      No evidence, argument, or negative inference based on the presence or absence at trial of any inventor.**

IV listed two inventors, Ms. Chandrika Worrall and Mr. Xiaodong Li, as trial witnesses, yet seeks to prevent Defendants "from draw[ing] negative inferences based on IV's inability to bring [the inventors] to trial."  Mot. at 2.  IV has control over at least some inventors.  For example,

███████████████████████████████████████████

███████████████████████████████████████████

---

[1] During meet and confer, Defendants withdrew their opposition to IV's motion *in limine* No. 9: "No evidence, argument, or suggestion comparing the relative difficulty of deciding issues of infringement or validity in this case to other cases."

1

HIGHLY CONFIDENTIAL OUTSIDE ATTORNEY'S EYES ONLY

██████████████████   During discovery, IV accepted service of Defendants' request for deposition of Ms. Worrall (who lives in the United Kingdom) and IV indicated its own intent to take a trial deposition of Ms. Worrall.  Ex. 2 (10/31/2018 Email Fr. Banks to Kuncheria).  IV, however, cancelled the deposition on the basis of a medical condition of Ms. Worrall.  Defendants requested rescheduling of Ms. Worrall's deposition, but IV ignored that request.  Ex. 3 (11/14/2018 Email Fr. Patel to Daly); Ex. 4 (11/16/2018 Email Fr. Daly to Patel).  Accordingly, Defendants objected to IV calling Ms. Worrall at trial.  If the Court overrules that objection, Defendants should be permitted to comment on her lack of trial attendance and/or IV's decision not to take her trial deposition.  This rationale applies to each named inventor that is favorably disposed to IV, but which IV failed to depose or bring to trial.  Although "the law does not require that a party introduce all of the evidence that is available to him, ... [c]ounsel may comment to the jury on the failure to call a witness[.]"  *Apple, Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2012 WL 3536797, at *1 (N.D. Cal. Aug. 13, 2012) (denying request to prohibit reference to absence of inventors). Where, as here, an uncalled witness is "favorably disposed toward one of the parties," the jury may draw an inference from their absence at trial.  *United States v. Ariza-Ibarra*, 651 F.2d 2, 15 (1st Cir. 1981); *Apple, Inc.*, 2012 WL 3536797 at *1.[2]  Accordingly, Defendants should be permitted to comment on IV's failure to call Ms. Worrall and the other inventors.

3.      **No evidence, argument, or suggestion relating to fact witnesses' comparison of the asserted claims to any of Defendants' products or any prior art references.**

This motion should be denied because it improperly seeks to preclude Defendants' fact witnesses from testifying about facts within their personal knowledge that are clearly relevant to

---

[2] IV's conclusory argument that ***Defendants' employees*** should be subject to negative inferences based on the "missing witness" rule should be rejected.  *See* Mot. 2.  Indeed, IV has not shown that such employees have peculiar, non-cumulative knowledge not available from other sources, and thus applying the "missing witness" rule is inappropriate.  *United States v. Wilson*, 322 F.3d

HIGHLY CONFIDENTIAL OUTSIDE ATTORNEY'S EYES ONLY

IV's allegations of induced and willful infringement, and to Defendants' invalidity defenses.  First, both induced and willful infringement require proof of the Defendants' state of mind.  For induced infringement, IV must show that each Defendant "***knowingly*** induced infringement and possessed ***specific intent*** to encourage another's infringement."  *Enplas Display Device Corp. v. Seoul Semiconductor Co.*, 909 F.3d 398, 407 (Fed. Cir. 2018).[3]  Inducement applies only "if the defendant knew of the patent and ***knew as well that the induced acts constitute patent infringement***."  *Id.*  Similarly, willfulness focuses on the subjective "state of mind" of a defendant. *See Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1933 (2016).

Just last week, the Federal Circuit ruled that it was an abuse of discretion for a district court to exclude fact witness testimony establishing a defendant's "state of mind" in connection with induced and willful infringement.  *Omega Patents, LLC v. Calamp Corp.*, No. 2018-1309, slip op. at 17-18, 22-23 (Fed. Cir. Apr. 8, 2019) ("[W]e conclude that the district court's exclusion of Chen's testimony relating to CalAmp's state of mind prior to the alleged acts of infringement was an abuse of discretion.").  In *Omega*, the district court allowed a fact witness to testify "to his investigation into ***whether*** the asserted patent claims would be infringed and were valid" but prevented him "from stating his conclusions."  *Id.* at 22-23.  The Federal Circuit held that imposing this "erroneous limitation . . . substantially prejudiced [Defendant's] ability to present its defense for indirect infringement," *id. at* 17, and instructed that on remand the "district court should allow

---

353, 363–64 (5th Cir. 2003) ("The court can only draw a negative inference when the missing witness has information peculiarly within his knowledge, i.e. a party need not call a witness if her testimony would be cumulative.").

[3] Emphasis added unless otherwise noted.

HIGHLY CONFIDENTIAL OUTSIDE ATTORNEY'S EYES ONLY

[the witness] to testify *as to the conclusions he reached from his own independent investigation* and a summary of *the basis for that conclusion*. . . ." *id.* at 25.[4]

In view of *Omega*, IV's motion should be denied to the extent it would preclude fact witnesses, like Mr. Skärby, from testifying about their investigations into the alleged infringement and/or validity of the asserted patents; the conclusions of such investigations; and how those investigations affected a Defendant's state of mind.   Indeed, Mr. Skärby's non-infringement investigation and his conclusions from that investigation were a topic of his corporate deposition. *See* Dkt. 333, Ex. 1.

IV's attempt to exclude the testimony of Sprint employee Bryan Barbee similarly must be rejected.   In the declaration challenged by IV, Mr. Barbee stated that ███████████ ███████████████████████████████████████████████████████ Mot. Ex. 3.  These facts were within his personal knowledge as an RF Engineering Manager for Sprint. *Id.*  There is no dispute that Mr. Barbee "may testify about [his] personal knowledge of the facts," Dkt. 440, at 3, nor is there any dispute that Defendants' expert, Dr. Negus, properly can rely on these and other facts under Rule 703 for his invalidity opinions.[5]  IV's motion must be denied.

**4.     No evidence, argument, or suggestion relating to any expert's prior affiliations with IPWireless or its successors-in-interest, or any expert's personal relations with any named inventor.**

IV's motion is a disguised motion to strike Defendants' expert, Dr. Tim Wilkinson, from testifying to his current employment with General Dynamics and its predecessor, IPWireless—

---

[4] The Federal Circuit also held that the witness need not have been disclosed as an employee expert under Rule 26 to testify about his conclusions regarding infringement. *Id.*

[5] Insofar as IV believed that the statements in Mr. Barbee's declaration constitute expert opinion, then IV should have filed a *Daubert*/motion to strike.[5]  Dkt. 292.  Those motions were due on February 25, and IV's *Daubert* motion "disguised as [a] motion[] in limine" accordingly should be denied as untimely.  *Kern v. Hershberger,* No. 4:09-CV-264, 2010 WL 11531096, at *2 (E.D. Tex. Sept. 3, 2010).

HIGHLY CONFIDENTIAL OUTSIDE ATTORNEY'S EYES ONLY

employment that collectively comprises the last 19 years of his work.  *See* Ex. 5 (Wilkinson CV).

But the jury is allowed to consider an expert's experience when weighing competing expert

testimony.  *Retractable Techs., Inc. v. Abbott Labs., Inc.*, No. 5:05-CV-157 (DF), 2010 WL

11531183, at *2 (E.D. Tex. June 18, 2010) ("disputes as to the quality of an expert's experience"

are left "to the jury to consider in assigning an expert's opinion weight").  IV itself touted the

professional experience of its experts in the -577 litigation.  *See*, *e.g.*, Ex. 6, (2/5/19 AM -577 Trial

Tr. at 41:21-43:4).  Here, Dr. Wilkinson's experience is relevant because it lends credibility to the

opinions he will render at trial.  Moreover, while Dr. Wilkinson is designated as an expert, he is

also a fact witness who will testify to his personal knowledge about IPWireless's 3GPP

involvement, contributions of the named inventors, and IPWireless technology.  IV offers no

justification for excluding such factual testimony.  IV's motion should be denied.[6]

5.    **Exclude evidence relating to uncharted prior art to prove invalidity by demonstrating that uncharted prior art discloses or suggests elements of the asserted claims, including introducing uncharted prior art as an exhibit and displaying uncharted prior art as a demonstrative. Parties are permitted to use uncharted references to demonstrate the state of the art and what a person of ordinary skill would have known at the time of the invention, but as no more than a passing reference.**

IV's motion to prohibit "more than a passing reference" to prior art that is not separately

outlined in an expert's report is vague and does not clarify what the scope of permissible evidence

at trial.  Uncharted prior art may be properly introduced for at least "(1) background material

relevant to the technology at issue; (2) state of the art; and (3) establishing what one of skill in the

art would have known at the time of the invention."  *Ziilabs Inc., Ltd. v. Samsung Elecs. Co.*, No.

2:14-CV-203-JRG-RSP, 2015 WL 7303352, at *2 (E.D. Tex. Aug. 25, 2015) (denying motion to

---

[6] Defendants incorporate in full the opposition and sur-reply to IV's Motion to Strike References to Dr. Wilkinson's Affiliations with IPWireless.  *See* Dkt. 331, 398. Those pleadings also address Dr. Wilkinson's potential factual testimony.

HIGHLY CONFIDENTIAL OUTSIDE ATTORNEY'S EYES ONLY

preclude uncharted prior art); *see also ThinkOptics, Inc. v. Nintendo of Am., Inc.*, 2013 WL 5934471, at *1 n.1 (E.D. Tex. Sept. 11, 2013) (holding that uncharted prior art could be used to show, *e.g.*, "the level of ordinary skill in the art [or] background of the technology at issue"); *Better Mouse Co. LLC v. SteelSeries ApS*, No. 2:14-cv-198-RSP, 2016 WL 3611560 at *1 (E.D. Tex. Jan. 5, 2016) (allowing use of unelected prior art references to discuss state of the art). *Tech Pharmacy Servs., LLC v. Alixa Rx LLC*, No. 4:15-CV-766, 2017 WL 3318247, at *2 (E.D. Tex. Aug. 3, 2017) (permitting introduction of reference that was excluded from a party's invalidity contentions "to establish knowledge of a POSITA"). Defendants' experts should be permitted to introduce references that were discussed in their experts reports for at least these purposes. *See id.* Accordingly, IV's motion should be denied.

6.    **Exclude pejorative references to IV or NPE business model (e.g., "patent troll," "nonpracticing entity," "patent assertion entity").**

Defendants oppose this motion only to the extent it is not reciprocal. *See* Dkt. 426 at 3 (Defendants' motion *in limine* seeking reciprocal bar on pejorative language). IV not only seeks to avoid pejorative terms like "patent troll" but also neutral terms that characterize its business model, such as "non-practicing entity." Although IV's status as a non-practicing entity is relevant and is a term that IV's own former employees—including ones involved in IV's purchase of IP Wireless portfolio[7]—have used to describe IV's business, IV contends that unfair prejudice could result from using such labels out of context. IV should be required to accord the same fairness to Defendants. For example, IV should not be allowed to use T-Mobile's "un-carrier" marketing

slogan to imply that T-Mobile does not respect intellectual property law.[8]  Just as IV seeks to bar

Defendants from describing IV's business model in a manner that IV believes could carry a

negative connotation, IV should be barred from twisting a marketing slogan—or using other

pejoratives—to unfairly malign the character of T-Mobile or the other Defendants.  *See* Fed. R.

Evid. 403, 404.[9]  Given its lack of reciprocity, IV's motion should be denied.

7.     **Exclude non-infringement arguments or testimony based on comparing: (i) accused products to the prior art, (ii) preferred embodiments to either accused products or the prior art, and (iii) accused products to IPWireless's product(s) and/or prototype system(s).**

For this overbroad motion, IV offers two examples of "improper or irrelevant points of

comparison."   Neither supports the relief that IV seeks.   First, IV asserts that ▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  This is entirely proper.  *See Phillips*

*v. AWH Corp.*, 415 F.3d 1303, 1313 (Fed. Cir. 2005) (explaining that POSITAs are deemed to

read claim terms in the context of the asserted claim, and "in the context of the entire patent,

including the specification"); Ex. 9 (Wicker Non-Infringement Report ¶ 594▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ¶¶ 618-623 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮  IV's second example curiously points to *invalidity* evidence even though this

---

[8] Defendants' fear that IV will do this is not hypothetical.  IV repeatedly, and without evidence, implied during the -577 trial that T-Mobile's "un-carrier" slogan meant it did not respect intellectual property rights.  *See* Dkt. 426 at 3.  IV should not be permitted to do this again.

[9] Defendants incorporate in full motion *in limine* No. 4.  *See* Dkt. 426 at 3.

**HIGHLY CONFIDENTIAL OUTSIDE ATTORNEY'S EYES ONLY**

motion relates to "*non-infringement* arguments or testimony." [10]   Moreover, reference to the prior

art to show that Plaintiff's attempt to stretch the claims to prove infringement creates an invalidity

problem, or to show that the allegedly infringing standards were the work of others, is permissible.

*See 01 Communique Lab., Inc. v. Citrix Sys., Inc.*, 889 F.3d 735 (Fed. Cir. 2018); *see also* MIL

Response No. 10, *supra*.

8. **No evidence, argument, or suggestion relating to comparing the asserted claims or accused products to any 3GPP working group submissions, other than as specifically charted in Defendants' invalidity reports.**

IV's motion broadly seeks to exclude evidence that is relevant to both non-infringement

and invalidity, and therefore should be denied.  First, IV seeks to exclude evidence that is highly

relevant to noninfringement.  IV asserts infringement based on purported compliance with LTE

standards.  Indeed, for each asserted patent, IV's infringement expert follows the same general

template: ████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████  *See, e.g.*, Ex 10,

(Chrissan Report '357 Patent at 8-15).   3GPP working group submissions—including both

submissions that were adopted for inclusion in the standard, and submissions of IPWireless and/or

others that were rejected—go directly toward discerning the meaning of the LTE standards at the

heart of IV's infringement allegations, and cannot be excluded.

Just as the working group submissions are relevant to discerning the meaning of the

standards on which IV bases its infringement claims, so too do they inform how a POSITA would

---

[10] IV's request for exclusion of evidence regarding Section 112 invalidity is the subject of a separate motion on which the Court has ruled.  *See* Dkt. 446 at 6 (excluding certain expert testimony but finding that "allowing a comparison to the accused products appears to be an efficient approach to a genus-species written description theory").

HIGHLY CONFIDENTIAL OUTSIDE ATTORNEY'S EYES ONLY

have understood the claims of the asserted patents.  Indeed, the specifications of the patents refer to numerous 3GPP standards.  *See, e.g.*, '357 Patent at 4:62-5:3; '018 Patent at 7:27-32.  IV's motion therefore should be rejected.

Second, with respect to invalidity, this Court has recognized that the Federal Circuit's *Amgen* decision "provides that 'post-priority-date evidence to show that patent does not disclose a representative number of species of a claimed genus is proper.'"  Dkt. 466 at 6 (quoting *Amgen Inc. v. Sanofi*, 872 F.3d 1367, 1375 (Fed. Cir. 2017)).  Defendants' experts rely on contemporaneous post-priority-date 3GPP working group submissions by IPWireless containing overlapping disclosure to the original patent specifications as evidence of what the patentee actually had possession of at the time of the invention—a species—as opposed to what is claimed—a genus.  For example, to further reinforce his opinion that the '330 Patent claims lack written description, Dr. Wicker relies on ████████████████████████████████████

████████████████    For example, to further reinforce his opinion that ██████████████████

███████████████████████████████████████████████████████████████████████████

█████████████    *Compare, e.g.,* Dkt. 300, Ex. 8 at ¶ 276 █████████████████████

███████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████    *with id.* at ¶277 ████████████

███████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████

Thus, IV's attempt to exclude relevant post-priority date evidence of invalidity should be rejected.

**9.      The parties have reached an agreement on IV's Motion *In Limine* Number 9.**

9

HIGHLY CONFIDENTIAL OUTSIDE ATTORNEY'S EYES ONLY

10.   **No evidence, argument, or suggestion relating to any party's or third party's ownership of the applications that matured into the Patents-in-Suit in connection with the timing of any claim amendments made during prosecution, or in connection with amendment of any claims of the Patents-in-Suit in relation to the LTE standards.**

Defendants understand from the Court's ruling on IV's Daubert motion regarding written description (Dkt. 446) that Defendants may not argue a lack of written description by referring to the ownership of the patents-in-suit and the timing of claim amendments during the prosecution history. Defendants do not, however, understand the Court's ruling to prevent factual discussions of the prosecution histories of the patents. *Id*. at 3, note 1 and 4. Defendants also do not understand the Court's ruling to be addressing the issue of the ownership of the patents in suit as it relates to other issues in the case. ███████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████ To the extent this motion seeks to preclude factual analysis of the prosecution history, or to the extent this motion seeks exclusion of evidence related to timing of ownership of the patents for *any* purpose, Defendants oppose it as contrary to the Court's order on this issue and as unreasonably broad and unjustified.

11.   **Exclude evidence or argument relating to litigation between IV and Defendants in the District of Delaware—except as to Defendants' counterclaims and defense.**

This motion should be denied because IV is not entitled to a blanket exclusion with respect to evidence and argument relating to its prior litigation in the District of Delaware ("Delaware litigation") involving the Defendants. Defendants should be allowed to address aspects of the prior litigation between these same parties that are relevant to issues in the present case.

IV's argument that it should benefit from ████████████████████████████

███████████████████████████████████████ ignores the reality that the

**HIGHLY CONFIDENTIAL OUTSIDE ATTORNEY'S EYES ONLY**

parties' litigation history is also relevant to evidence IV may present in connection with the issues of infringement, validity, and damages.  Dkt. 437 at p. 11.  As it did in the -577 case, IV will likely present its license agreement with ████████████████████[11]  If IV is allowed to present evidence regarding the ██████ Agreement (*see* Defendants' MIL 9), Defendants would be unfairly prejudiced if unable to present evidence related to the negotiations and formation of the ██████ Agreement, which arose from litigation involving IV, Defendants, and ██████ in the District of Delaware, and was resolved by the court largely in Defendants' favor *after* ██████ reached an agreement in principle to settle its part of the case.  Moreover, the Delaware litigation and the ██████ Agreement form the basis of one of the calculations of IV's damages expert, Mr. Bratic.  Dkt. 298-2, Bratic TMU Rpt. ¶ 352.  Jury confusion is sure to arise if Mr. Bratic can discuss his damages model based on the ██████Agreement but Defendants are not allowed to discuss the Delaware litigation to provide the full context of that agreement.  If IV feels that Defendants' counterclaims necessitate it  "to explain in detail the parties' extensive litigation history" then Defendants should be allowed to present evidence of that litigation history to refute whatever evidence IV presents related to the ██████ license.

IV cites to no case law supporting a categorical prohibition on reference to prior litigation (as opposed to prior verdicts, which Defendants agree are not appropriate to reference).  To the contrary, in *Tyco Healthcare Grp. LP v. Applied Med. Res. Corp.*, No. 9:09-CV-176, 2010 WL 11469880 (E.D. Tex. Feb. 26, 2010), the court denied a request to preclude evidence relating to the existence of prior patent infringement actions between the parties. *Id.* at *2-3.  As in *Tyco*, a curative jury instruction would extinguish any potential prejudice by IV.  *See id.*

---

[11] See Defendants' opposed motion *in limine* number 9. ("No evidence, argument, or suggestion regarding any licenses entered into between ██████████████████████")

11

**HIGHLY CONFIDENTIAL OUTSIDE ATTORNEY'S EYES ONLY**

12.    **Exclude evidence or argument that IV did not offer Defendants a settlement or license prior to the institution of suit—except as to Defendants' counterclaims and defenses.**

Defendants oppose this motion because IV's failure to offer a license before suit is relevant not only to Defendants' counterclaims (as IV concedes), but also to IV's claims for willful and indirect infringement, and to damages.  On willfulness, IV asserts post-suit willfulness.[12]  To rebut that allegation, Defendants should be permitted to show that ██████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

*Halo Elecs., Inc.*, 136 S. Ct. at 1933 ("culpability is generally measured against the knowledge of the actor at the time of the challenged conduct").  Similarly, this evidence is relevant to rebut IV's allegations on the intent prong of indirect infringement.  *See Enplas Display*, 909 F.3d at 407.  On damages, IV alleges that ████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

Defendants should be permitted to elicit that fact at trial, as IV's damages far exceeding the amount IV would have accepted at a hypothetical negotiation.  *Cf. Finjan, Inc. v. Blue Coat Sys., Inc.*, 879 F. 3d 1299, 1311-12 (relevant that "[t]here is no evidence that Finjan ever actually used or proposed [its claimed royalty rate]").

Finally, ████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

---

[12] Judge Payne has recommended that IV's pre-suit willfulness claim be dismissed at summary judgment but that IV be permitted to try post-suit willfulness.  Dkt. 441.

HIGHLY CONFIDENTIAL OUTSIDE ATTORNEY'S EYES ONLY

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████ Thus

the Court should deny this motion.

13. **Exclude evidence or argument relating to (i) IV's alleged consideration of standard essentiality in connection with the acquisition of the IPWireless portfolio; (ii) negotiations and amendments to the Patent Purchase Agreement via which IV acquired the IPWireless portfolio; (iii) any terms of the Patent Purchase Agreement (or negotiations related thereto) regarding any obligation on the part of IPWireless to submit any IPR Declaration to ETSI; or (iv) economic- or business-related considerations attendant to IPR policies as a component of the standard development process.**

IV does not provide any argument to exclude this evidence, but instead merely refers to IV's *Daubert* motion regarding Defendants' expert Dr. Layne-Farrar. That motion should be denied for the reasons set forth in Defendants' *Daubert* briefing. Dkt. 337, 400. In any event, this evidence is probative of several issues in dispute for trial, namely IV's patent infringement claims and Defendants' counterclaims, and it should not be excluded. For example, IV is attempting to shirk the FRAND commitments applicable to the patents sold to IV by IPWireless. The evidence IV now seeks to exclude is relevant to whether IV is bound by those FRAND commitments, which constrain IV's damages claim and are also a predicate of Defendants' counterclaims for breach of contract and unfair competition. That evidence would show that ███████████████████████

███████████████████████████████████████████████████████████████

██████████████████████████████████ Likewise, evidence regarding

the relationship between IPR policies and the standard development process is highly relevant to IV's damages claim because it demonstrates that the standardization process itself creates value that must be apportioned out when calculating damages for FRAND-encumbered patents. IV's

**HIGHLY CONFIDENTIAL OUTSIDE ATTORNEY'S EYES ONLY**

experts opine that ███████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████

**14.     No evidence or argument relating to interpretation of the ETSI IPR Policy under French law shall be tried to the jury (as opposed to the Court).**

Defendants must be permitted to offer evidence and argument to the jury regarding the IPR Policy itself, consistent with any rulings the Court makes regarding French law, because the IPR Policy is relevant to IV's damages claim and Defendants' counterclaims, including, for example, whether IV breached the IPR Policy. *Huawei Techs. Co. v. T-Mobile US, Inc.*, No. 2:16-CV-0052-JRG-RSP, 2017 WL 3954108, at *3 (E.D. Tex. Aug. 29, 2017), *adopted*, 2017 WL 3927177 (E.D. Tex. Sept. 6, 2017). Indeed, while interpretation of a contract's terms is often a question for the court, this does not mean the jury should not see or hear about the contract in a breach of contract dispute. IV offers no reason why a different rule should apply when the contract is interpreted by the Court applying French law, rather than state or federal law. Defendants oppose this motion to the extent it seeks to preclude argument or testimony to the jury about the IPR Policy, obligations it imposes on IV, and how IV breached those obligations.

14

**HIGHLY CONFIDENTIAL OUTSIDE ATTORNEY'S EYES ONLY**

Dated:  April 16, 2019                                   Respectfully submitted,

_/s/ Brianne M. Straka_
Brianne M. Straka

Deron R. Dacus  (State Bar No.  00790553)
**THE DACUS FIRM, P.C.**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Telephone: (903) 705-1117
Facsimile: (903) 581-2543
ddacus@dacusfirm.com

David A. Nelson
Stephen A. Swedlow
Brianne M. Straka
John P. Poulos
Athena D. Dalton
**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
191 N. Wacker Dr., Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401
davenelson@quinnemanuel.com
stephenswedlow@quinnemanuel.com
briannestraka@quinnemanuel.com
johnpoulos@quinnemanuel.com
athenadalton@quinnemanuel.com

**ATTORNEYS FOR NOKIA OF AMERICA
CORPORATION**

15

HIGHLY CONFIDENTIAL OUTSIDE ATTORNEY'S EYES ONLY

Asim M. Bhansali
  State Bar No. 90001290
  E-mail:  abhansali@kblfirm.com
Kate E. Lazarus
  *Admitted Pro Hac Vice*
  E-mail:  klazarus@kblfirm.com
**KWUN BHANSALI LAZARUS LLP**
555 Montgomery Street, Suite 750
San Francisco, California, 94111
Telephone: (415) 630-2350

**ATTORNEYS FOR T-MOBILE USA, INC.
and T-MOBILE US, INC.**

By: */s/   Douglas M. Kubehl w/permission*
Douglas M. Kubehl
  Texas State Bar No. 00796909
  E-mail:   doug.kubehl@bakerbotts.com
Jeffery S. Becker
  Texas State Bar No. 24069354
  E-mail:   jeff.becker@bakerbotts.com
Johnson K. Kuncheria
  Texas State Bar No. 24070092
  Email: johnson.kuncheria@bakerbotts.com
Harrison G. Rich
  Texas State Bar No. 24083730
  E-mail:  harrison.rich@bakerbotts.com
Steven T. Jungle
  Texas State Bar No. 24083280
  E-mail:   steven.jugle@bakerbotts.com
Megan V. LaDriere
  Texas State Bar No. 24083348
  E-mail:   megan.ladriere@bakerbotts.com
Melissa L. Butler
  Texas State Bar No. 24097442
  E-mail:   melissa.butler@bakerbotts.com
**BAKER BOTTS L.L.P.**
2001 Ross Avenue
Dallas, Texas 75201
Telephone: (214) 953-6500
Facsimile: (214) 953-6503

Melissa R. Smith
  Texas State Bar No. 24001351
  E-mail:   melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile:  (903) 934-9257

**ATTORNEYS FOR T-MOBILE USA, INC.,
T-MOBILE US, INC.,
TELEFONAKTIEBOLAGET LM ERICSSON,
and ERICSSON INC.**

16

HIGHLY CONFIDENTIAL OUTSIDE ATTORNEY'S EYES ONLY

*/s/ Andriana S. Daly w/permission*
David E. Finkelson (pro hac vice)
Lead Attorney
Andriana S. Daly (pro hac vice)
Kristen M. Calleja (pro hac vice)
George B. Davis (pro hac vice)
MCGUIREWOODS LLP
800 East Canal Street
Richmond, VA 23219-3916
Telephone: 804-775-1000
Facsimile: 804-698-2016
dfinkelson@mcguirewoods.com
adaly@mcguirewoods.com
kcalleja@mcguirewoods.com
gdavis@mcguirewoods.com

Jason W. Cook (TX 24028537)
MCGUIREWOODS LLP
2000 McKinney Avenue
Suite 1400
Dallas, TX 75201
Telephone: (214) 932-6418
Facsimile: (214) 273-7483
jcook@mcguirewoods.com

Robert W. Weber (TX 21044800)
SMITH WEBER LLP
5505 Plaza Drive
PO Box 6167
Texarkana, TX 75505
Telephone: 903-223-5656
Facsimile: 903-223-5652
bweber@smithweber.com

**ATTORNEYS FOR SPRINT SPECTRUM
L.P. AND NEXTEL OPERATIONS, INC.**

HIGHLY CONFIDENTIAL OUTSIDE ATTORNEY'S EYES ONLY

Josh A. Krevitt
New York State Bar No.
2568228
**GIBSON, DUNN &**
**CRUTCHER LLP**
200 Park Avenue, 47th Floor
New York, New York 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
E-mail: GDC-T-Mobile-IV4-
94@gibsondunn.com

Stuart M. Rosenberg
**GIBSON, DUNN &**
**CRUTCHER LLP**
CA # 239926
1881 Page Mill Road
Palo Alto, CA 94304-1211
Email: GDC-T-Mobile-IV4-
94@gibsondunn.com

**ATTORNEYS FOR T-MOBILE USA,**
**INC. AND T-MOBILE US, INC.**

18

**HIGHLY CONFIDENTIAL OUTSIDE ATTORNEY'S EYES ONLY**

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on April 16, 2019, with a copy of this document via electronic mail.

*/s/  Brianne M. Straka*
Brianne M. Straka

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

The undersigned certifies that this document is authorized to be filed under seal pursuant to the protective order governing this cause.

*/s/  Brianne M. Straka*
Brianne M. Straka

## CERTIFICATE OF CONFERENCE

The parties conferred regarding the foregoing motion on April 4, 2019. No agreement could be reached.

*/s/  Brianne M. Straka*
Brianne M. Straka